1  SUSSMAN SHANK LLP
   John A. Schwimmer, SBN 109861
2  johns@sussmanshank.com
   Laurie R. Hager, SBN 212162
3  laurie@sussmanshank.com
   1000 SW Broadway, Suite 1400
4  Portland, OR  97205
   Telephone: (503) 227-1111
5  Facsimile: (503) 248-0130

6  Attorneys for Defendant Century 21 Real Estate LLC

7

8           IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12  ALPHA FACTORS, INC., a California          )   Case No. C08 01408
    Corporation dba CENTURY 21 ALPHA           )
    FACTORS, INC.; EDWARD V. ZIMBRICK,         )   CERTIFICATE OF SERVICE
13  individually,                              )
                                               )
14                Plaintiffs,                  )
                                               )
15       v.                                    )
                                               )
16  CENTURY 21 REAL ESTATE LLC, a              )
    Delaware Limited Liability Company, and    )
17  DOES 1 through 10 inclusive,               )
                                               )
18                Defendants.                  )
                                               )
19                                             )
                                               )
20                                             )

21       I certify that on March 13, 2008, I served, **via first class mail**, a full and correct

22  copy of the attached **NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO**

23  **FEDERAL COURT**, to the interested parties of record, addressed as follows:

24  //

25  //

26  //


Page 1 – CERTIFICATE OF SERVICE

1   Ronald R. Rossi
    Susan R. Reischl
2   Rossi, Hammerslough, Reischl & Chuck
    1960 The Alameda, Suite 200
3   San Jose, CA  95126

4

5   Dated:       March 13, 2008

6

7

8                                          Laurie R. Hager, OSB No. 01271

9   F:\CLIENTS\17641\021\P-CERT OF SERVICE USDC.DOC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – CERTIFICATE OF SERVICE

1   SUSSMAN SHANK LLP
    John A. Schwimmer, SBN 109861
2   johns@sussmanshank.com
    Laurie R. Hager, SBN 212162
3   laurie@sussmanshank.com
    1000 SW Broadway, Suite 1400
4   Portland, OR 97205
    Telephone: (503) 227-1111
5   Facsimile: (503) 248-0130

6   Attorneys for Defendant Century 21 Real Estate LLC

7

8            IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SANTA CLARA

10                      UNLIMITED JURISDICTION

11  ALPHA FACTORS, INC., a California          ) Case No. 108CV105709
    Corporation dba CENTURY 21 ALPHA           )
12  FACTORS, INC.; EDWARD V. ZIMBRICK,         )
    individually,                              ) NOTICE TO ADVERSE PARTIES OF
13                                             ) REMOVAL OF ACTION TO FEDERAL
                    Plaintiffs,                ) COURT
14                                             )
                                               )
15            v.                               )
                                               )
16  CENTURY 21 REAL ESTATE LLC, a              )
    Delaware Limited Liability Company, and    )
17  DOES 1 through 10 inclusive,               )
                                               )
18                  Defendants.                )
                                               )
19                                             )

20  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that on March 12, 2008, Defendant Century 21 Real

22  Estate LLC ("Century 21") filed a Notice of Removal of the above-captioned action from

23  the Superior Court for the State of California in and for the County of Santa Clara to the

24  United States District Court for the Northern District of California, San Jose Division, Case

25  Number C0801408RS. The Notice of Removal was filed pursuant to 28 U.S.C. §§ 1332

26  and 1441(b). A copy of the Notice of Removal is attached to this Notice as Exhibit A.

    Page 1 – NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL
    COURT

1    Please take further notice that a copy of this Notice, including the attached Notice of

2  Removal, was duly filed with the clerk of the court for the Superior Court for the State of

3  California in and for the County of Santa Clara which has effected this removal in

4  accordance with 28 U.S.C. § 1446(d).

5        DATED:  March 12, 2008.

6                          SUSSMAN SHANK, LLP

7

8                  By

9                      John A. Schwimmer, SBN 109861
                       Laurie R. Hager, SBN 212162
                       Attorneys for Defendant

10

11
   F:\CLIENTS\17641\021\P-NOTICE TO PLAINTIFFS OF REMOVAL OF ACTION.DOC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL
COURT

ORIGINAL

E-FILING    ADR
Filed

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA
MAR 1 2 2008

1   SUSSMAN SHANK LLP
    John A. Schwimmer, SBN 109861
2   johns@sussmanshank.com
    Laurie R. Hager, SBN 212162
3   laurie@sussmanshank.com
    1000 SW Broadway, Suite 1400
4   Portland, OR 97205
    Telephone: (503) 227-1111
5   Facsimile: (503) 248-0130

6   Attorneys for Defendant Century 21 Real Estate LLC

7

8              IN THE UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11
    ALPHA FACTORS, INC., a California           )   Case No.
12  Corporation dba CENTURY 21 ALPHA            )
    FACTORS, INC.; EDWARD V. ZIMBRICK,          )   C08  01408  RS
13  individually,                               )
                                                )   NOTICE OF REMOVAL OF ACTION
14                      Plaintiffs,             )   UNDER 28 U.S.C. §1441(b) (Diversity)
                                                )
15          v.                                  )
                                                )
16  CENTURY 21 REAL ESTATE LLC, a               )
    Delaware  Limited Liability Company, and    )
17  DOES 1 through 10 inclusive,                )
                                                )
18                      Defendants.             )
                                                )
19                                              )
                                                )
20                                              )
21

22  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23          PLEASE TAKE NOTICE that Defendant Century 21 Real Estate LLC ("Century 21")

24  hereby removes to this court the state court action described below.

25          1.      On February 13, 2008, an action was commenced in the Superior Court for

26  the State of California in and for Santa Clara County, entitled "Alpha Factors, Inc., dba

Page 1 – NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

1    Century 21 Alpha Factors, Inc., Edward V. Zimbrick v. Century 21 Real Estate LLC and

2    DOES 1 through 10, inclusive," Case No. 108CV105709. A copy of the Summons and

3    Complaint is attached hereto as Exhibit 1.

4        2.     Century 21's counsel received from Plaintiffs' counsel a copy of the

5    Summons and Complaint on February 19, 2008, and Century 21's counsel executed a

6    Notice of Acknowledgement of Receipt on March 6, 2008, pursuant to California Code of

7    Civil Procedure Section 415.30. Attached hereto as Exhibit 2 is a copy of the signed

8    Notice and Acknowledgement of Receipt. Century 21 is not aware of any other pleadings

9    filed in the state court action.

10                      **JURISDICTION**

11        3.     This action is a civil action of which this court has original jurisdiction under

12    28 U.S.C. §1332 and is one which may be removed to this court by Defendants

13    pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between

14    citizens of different states, and the matter in controversy exceeds the sum of $75,000,

15    exclusive of interest and costs. While the Complaint does not pray for any specified

16    amount of money, Plaintiffs "demand" that Century 21 restore to Plaintiffs all sums they

17    paid to Century 21 since 2002 pursuant to various agreements, and the total amount of

18    those sums exceeds $75,000.

19        4.     Century 21 is informed and believes that Plaintiff Alpha Factors, Inc. is a

20    citizen of the State of California, as it is incorporated in California and has its principal

21    place of business in California, as alleged by Plaintiffs in paragraph 5 of the Complaint.

22    Century 21 is informed and believes that Plaintiff Edward V. Zimbrick is a citizen of the

23    State of California, because he is listed with the California Secretary of State as the

24    registered agent for Plaintiff Alpha Factors, Inc. with a California address.

25        5.     Century 21 was at the time the action was filed by Plaintiffs and is now a

26    citizen of the States of Delaware and New Jersey, in that: (1) it is a Delaware limited

Page 2 – NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

1  Century 21 Alpha Factors, Inc., Edward V. Zimbrick v. Century 21 Real Estate LLC and
2  DOES 1 through 10, inclusive," Case No. 108CV105709.  A copy of the Summons and
3  Complaint is attached hereto as Exhibit 1.

4      2.    Century 21's counsel received from Plaintiffs' counsel a copy of the
5  Summons and Complaint on February 19, 2008, and Century 21's counsel executed a
6  Notice of Acknowledgement of Receipt on March 6, 2008, pursuant to California Code of
7  Civil Procedure Section 415.30.  Attached hereto as Exhibit 2 is a copy of the signed
8  Notice and Acknowledgement of Receipt.  Century 21 is not aware of any other pleadings
9  filed in the state court action.

10                              **JURISDICTION**

11      3.    This action is a civil action of which this court has original jurisdiction under
12  28 U.S.C. §1332 and is one which may be removed to this court by Defendants
13  pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between
14  citizens of different states, and the matter in controversy exceeds the sum of $75,000,
15  exclusive of interest and costs.  While the Complaint does not pray for any specified
16  amount of money, Plaintiffs "demand" that Century 21 restore to Plaintiffs all sums they
17  paid to Century 21 since 2002 pursuant to various agreements, and the total amount of
18  those sums exceeds $75,000.

19      4.    Century 21 is informed and believes that Plaintiff Alpha Factors, Inc. is a
20  citizen of the State of California, as it is incorporated in California and has its principal
21  place of business in California, as alleged by Plaintiffs in paragraph 5 of the Complaint.
22  Century 21 is informed and believes that Plaintiff Edward V. Zimbrick is a citizen of the
23  State of California, because he is listed with the California Secretary of State as the
24  registered agent for Plaintiff Alpha Factors, Inc. with a California address.

25      5.    Century 21 was at the time the action was filed by Plaintiffs and is now a
26  citizen of the States of Delaware and New Jersey, in that: (1) it is a Delaware limited

Page 2 – NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

Tonkon Torp LLP
ATTORNEYS AT LAW
1600 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1   liability company, with its principal place of business in New Jersey; (2) its sole member

2   is Realogy Services Group LLC, which is a Delaware limited liability company, with its

3   principal place of business in New Jersey; (3) the sole member of Realogy Services

4   Group LLC is Realogy Corporation, which is a Delaware corporation, with its principal

5   place of business in New Jersey.   No other defendants are identified in the Complaint.

6   Century 21 is not a citizen of the State of California, which is the state in which the

7   action is pending.

8        6.     All of the Plaintiffs are citizens of different states from Century 21, and

9   there is complete diversity.

10                          **INTRADISTRICT ASSIGNMENT**

11        7.     This action must be removed to the San Jose Division, pursuant to ND CA

12   Rule 3-2(e), because it arose in Santa Clara County.

13        DATED: March 11, 2008.

14                          SUSSMAN SHANK, LLP

15

16                     By

17                          John A. Schwimmer, SBN 109861
                            Laurie R. Hager, SBN 212162
                            Attorneys for Defendants

18

19   F:\CLIENTS\17641\021\P-NOTICE OF REMOVAL OF ACTION.DOC

20

21

22

23

24

25

26

Page 3 – NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CENTURY 21 REAL ESTATE, LLC., a Delaware Limited
Liability Company, and DOES 1 through 10 inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

FEB 13 P 4: 04

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALPHA FACTORS, INC., a California Corporation dba
CENTURY 21 ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK,
individually

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street

San Jose, CA  95113
UNLIMITED JURISDICTION

CASE NUMBER:
*(Número del Caso)* **8 C V 1 0 5 7 0 9**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RONALD R. ROSSI, ESQ. (SBN 43067)     408-261-4252     408-261-4292
SUSAN R. REISCHL, ESQ. (SBN 94307)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
SAN JOSE, CA 95126

DATE:                                     Clerk, by _____ **KIRI TORRE**, Deputy
*(Fecha)* **FEB 13 2008**                 *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

EX ___
PAGE ___ OF 23

RONALD R. ROSSI (SBN 43067)
SUSAN R. REISCHL (SBN 94307)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
Telephone: (408) 261-4252
FAX: (408) 261-4292

ENDORSED

'08 FEB 13 P 4: 05

Attorneys for Plaintiffs, ALPHA FACTORS, INC., a California Corporation dba CENTURY 21
ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| ALPHA FACTORS, INC., a California Corporation dba CENTURY 21 ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>CENTURY 21 REAL ESTATE, LLC., a Delaware Limited Liability Company, and DOES 1 through 10 inclusive,<br><br>                    Defendants. | **UNLIMITED JURISDICTION. AMOUNT IN CONTROVERSY EXCEEDS $25,000**<br><br>Case No.: **1 0 8 C V 1 0 5 7 0 9**<br><br>**COMPLAINT FOR:**<br>1.  **RESCISSION BASED ON FRAUD;**<br>2.  **RESCISSION BASED ON MUTUAL MISTAKE;**<br>3.  **RESCISSION BASED ON UNILATERAL MISTAKE;**<br>4.  **RESCISSION BASED ON FAILURE OF CONSIDERATION;**<br>5.  **RESCISSION BASED ON COMMERCIAL FRUSTRATION;**<br>6.  **RESCISSION BASED ON IMPRACTICABILITY OF PERFORMANCE;**<br>7.  **BREACH OF CONTRACT;**<br>8.  **FRAUD;**<br>9.  **NEGLIGENT MISREPRESENTATION;**<br>10. **UNFAIR BUSINESS PRACTICES UNDER BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;**<br>11. **VIOLATION OF CORPORATIONS CODE § 31201, *ET SEQ.*** |

Plaintiffs Alpha Factors, Inc., a California Corporation dba Century 21 Alpha Factors

EX_____

PAGE ___ OF ___

COMPLAINT

1 | (hereinafter "Century 21 Alpha"), and Edward V. Zimbrick allege as follows:

2 | ## PRELIMINARY AND VENUE ALLEGATIONS

3 | ### A.   THE CENTURY 21 FRANCHISOR FRAUD

4 | 1.      Defendant Century 21 Real Estate, LLC., formerly known as Century 21 Real Estate,

5 | LLC., has actively contributed to the local decline in the real estate industry and the public's

6 | disenchantment with real estate agents and brokers affiliated with the Century 21 franchise brand

7 | name as a result of its complicity with local real estate franchisees whose conduct has actively

8 | contributed to the subprime loan crisis and rising foreclosure threats. Defendant Century 21 Real

9 | Estate, LLC. (hereinafter referred to as "defendant" and/or "Century 21"), a franchisor of real estate

10 | broker companies, promised its franchisees that it would instill and enforce ethical standards of

11 | conduct and quality control measures among all of its franchisees in order to protect and enhance the

12 | Century 21 trade name and image for the benefit of all franchisees. Among other things, it promised

13 | franchisees it would mandate compliance with its rules and standards to assure that consumers

14 | received the high quality of service defendant Century 21 touted was associated with its reputation

15 | and brand name.

16 | 2.      While making these high-minded representations to its franchisees, defendant Century

17 | 21 selectively chose to overlook and ignore the unethical, fraudulent, and criminal activities of some

18 | of its franchisees. Why? Because Century 21 was reaping the high franchise fees and royalty fees

19 | produced by the questionable behavior of certain franchisees. When other franchisees became aware

20 | that certain local franchisees were not adhering to the standards allegedly imposed by Century 21,

21 | they pressured defendant Century 21 to remedy the problems or to remove the unethical local

22 | franchisees from the greater franchise network. Specifically, plaintiff is informed and believes and

23 | thereon alleges that other franchisees complained to defendant Century 21 Real Estate, LLC. that

24 | local franchisees Century 21 Su Casa and/or Century 21 Ruby and its principals were engaging in

25 | conduct that was ruining the reputation of all affiliated Century 21 franchisees, brokers, and real

26 | estate agents in the greater Silicon Valley area and asked them to terminate their franchises.

27 | Defendant Century 21 Real Estate, LLC. chose to ignore and disregard these complaints, ultimately

28 | resulting in the tarnishing of the Century 21 logo and brand name among the public and the loss of

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____ 1

PAGE 3 OF 23

COMPLAINT

2

Case 5:08-cv-01408-RS   Document 3   Filed 03/12/2008   Page 7 of 27

1    credibility and reputation in the real estate industry to franchisees such as plaintiff Century 21 Alpha.

2          3.     Plaintiffs are informed and believe and thereon allege that within the last three years,

3    Century 21 was aware that Su Casa/Ruby and/or their owners had become the target of criminal

4    investigations as well as civil suits and that numerous lawsuits had been filed in federal court and/or

5    in the Santa Clara County Superior Court against these entities and/or their brokers of record and

6    affiliated real estate agents. Plaintiffs are further informed and believe and thereon allege that

7    judgments have been entered into or settlements reached in some of these actions while others remain

8    open. Plaintiffs are further informed and believe and thereon allege that the California Department of

9    Real Estate has an "ongoing inquiry" into Su Casa. Plaintiffs are further informed and believe and

10   thereon allege that defendant Century 21 was aware of the various lawsuits which had been filed,

11   many of which were reported in local newspaper articles, yet continued to do nothing to terminate the

12   disreputable franchisees, although no longer collecting franchise fees or royalty fees.

13         4.     In fact, plaintiffs are informed and believe and thereon allege that defendant Century

14   21 Real Estate, LLC., in or about July, 2006, filed a Complaint against Century 21 Su Casa and

15   Century 21 Ruby, as well as its principals Bic D. Pho and David McCain, and their affiliated

16   corporate entity Vision Quest 21 arising out of seven separate franchise agreements said parties had,

17   collectively, entered into with defendant Century 21 Real Estate, LLC. beginning in 1996. As set

18   forth in that action, filed in Santa Clara County, defendant Century 21 Real Estate, LLC. had not only

19   entered into franchise agreements with these franchisees, but had also loaned them monies keeping

20   their questionable business practices afloat. Plaintiffs are informed and believe and thereon allege

21   that defendant Century 21 Real Estate, LLC. allowed Su Casa, Ruby, and/or their principals to run up

22   obligations in excess of $1 million in fees while allowing them to continue conducting business as

23   Century 21 franchises. Although Su Casa, Ruby and/or their owners were allegedly seriously in

24   default to defendant Century 21 Real Estate, LLC., it did absolutely nothing to terminate their

25   activities and/or their franchises, and instead simply sued for the monies owed, and not for rescission,

26   termination or cancellation of the respective franchise agreements. Plaintiffs are informed and

27   believe and thereon allege that said defendant's conduct, in failing to terminate the disreputable

28   franchisees as part of its legal action, is a further example of its violation of plaintiff Alpha Factor,

Rosal, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX_____ 1

PAGE___4___OF___23___

1 │ Inc.'s franchise agreement with said defendant as set forth hereinafter and its promises to plaintiff.

2 │ **B.    THE PARTIES**

3 │ 5.    Alpha Factors, Inc. is a California Corporation dba Century 21 Alpha Factors with its

4 │ principal place of business in the County of Santa Clara, State of California. Plaintiff Alpha Factors

5 │ is a duly licensed real estate broker.

6 │ 6.    Plaintiff Edward V. Zimbrick is the Guarantor of the Franchise Agreement described

7 │ hereinafter. Plaintiff Edward Zimbrick is also the President of Alpha Factors.

8 │ 7.    Plaintiffs are informed and believe and thereon allege that Century 21 Real Estate,

9 │ LLC. is a Delaware Limited Liability Company formerly known as Century 21 Real Estate

10 │ Corporation and a licensed real estate broker doing business in the County of Santa Clara, California

11 │ (hereinafter "Century 21" or "Franchisor").

12 │ 8.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate,

13 │ associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, and therefore

14 │ sue said defendants by such fictitious names pursuant to the Code of Civil Procedure §474. Plaintiffs

15 │ will pray leave of Court to amend this Complaint to allege their true names and capacities when the

16 │ same have been ascertained.

17 │ 9.    Plaintiffs are informed and believe and thereon allege that each of the fictitiously

18 │ named defendants is responsible in some manner for the occurrences herein alleged and that

19 │ plaintiffs' injuries and damages were proximately caused thereby. As used herein, the word

20 │ "defendants" shall mean the named defendants as set forth above and defendants DOES 1 through 10,

21 │ and each of them.

22 │ 10.    At all times mentioned herein, defendants, and each of them, were the agents,

23 │ servants, employees, or alter egos of their co-defendants, and each of them, and were joint venturers

24 │ with, or co-partners with, or sureties for their co-defendants, and each of them, and were at all times

25 │ mentioned herein acting within the course and scope of said agency, employment, and/or other

26 │ relationship.

Louzi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

27 │ 11.    The Franchise Agreement and Guaranty Agreements described hereinafter were

28 │ entered into and/or were to be performed in the County of Santa Clara, California.

EX ____1____

PAGE __5__ OF _23_ 4

COMPLAINT

**FIRST CAUSE OF ACTION**
(Rescission Based On Fraud Against Defendant Century 21 Real Estate, LLC.)

12.   Plaintiffs incorporate by reference the allegations of paragraphs 1 through 11 as though set forth in full herein.

13.   Prior to September, 1993, plaintiff Century 21 Alpha was seeking to become affiliated with a strong, well-known, and reputable franchisor of real estate brokers in order to enhance its business opportunities and attract real estate agents and clients to its business as a result of its affiliation with a recognized and locally, regionally, and nationally known real estate brand.  One of the real estate franchisors Century 21 Alpha was considering was defendant Century 21.  Plaintiff Century 21 Alpha knew that part of the value to Century 21 Alpha of being associated with a strong, nationally known franchisor was the instant credibility it would gain with the public as a result of its affiliation with same.  Century 21 Alpha was aware that since many members of the public, including many buyers and sellers of real property, do not understand that franchise offices are not all owned by one company but are, instead, separate franchisees, when the credibility of any one franchisee in a national chain becomes impaired, so does that of other franchisees.  As a result, plaintiff Century 21 Alpha was only interested in becoming a franchisee of a real estate franchisor who had wide recognition and who also maintained and enforced its standards as to all franchisees of its brand.

14.   Prior to September, 1993, franchisor/defendant Century 21, through its agents, employees, and representatives, represented to Century 21 Alpha that its Century 21 brand name enjoyed tremendous name recognition with the public, was one of the most, if not the most, recognized brands in real estate in the country, and that its brand name was instantly recognized by consumers in the real estate industry.  Additionally, defendant Century 21's agents, employees, and representatives represented, *inter alia*, (1) that its franchise system was designed to enable real estate offices to compete more effectively in the real estate sales market, (2) that it required all franchisees to adhere to minimum standards in order to enhance the reputation and goodwill associated with the service mark "Century 21," (3) that franchisees were obligated to carry out certain obligations in order to enhance that service mark for the benefit of all franchisees, (4) that it offered extensive agent training and recognition programs in order to ensure that its franchisees maintained and adhered to

EX_____ 1
PAGE 6 OF 23

COMPLAINT                                                                5

1   the mandatory standards imposed by defendant Century 21, and (5) that it aggressively and diligently

2   monitored all franchisees to ensure their adherence to Century 21's standards in order to maintain and

3   increase the value of the Century 21 name for all current or prospective franchisees.

4        15.    At all times, plaintiff Century 21 Alpha's representatives advised defendant Century

5   21 that it was seeking only to be affiliated with such a franchisor as represented by defendant Century

6   21 in order to be competitive in the real estate market and in order to successfully run a real estate

7   office attracting both agents and clients.

8        16.    At all times prior to entering into the September, 1993 Franchise Agreement described

9   hereinafter, defendant Century 21's agents, employees and/or representatives orally assured Century

10  21 Alpha that all of its franchisees were required to adhere to its stringent standards so as to enhance

11  the reputations and opportunities of all franchisees affiliated with the Century 21 name and that if

12  Century 21 Alpha became a franchisee, it would enjoy the protection and security measures imposed

13  by defendant Century 21 upon all of its franchisees implemented to assure compliance with their

14  various franchise agreements.

15       17.    Based on the representations and assurances of defendant Century 21 as set forth

16  above, on or about September 8, 1993, plaintiff Century 21 Alpha was induced to execute a written

17  Franchise Agreement with defendant Century 21, and plaintiff Edward V. Zimbrick was induced to

18  execute a written Guaranty of same.

19       18.    The actual terms and conditions of the September 1993 Franchise Agreement

20  reinforced and contractually provided that defendant Century 21 would, in fact, adhere to all of the

21  representations and assurances described above regarding its imposition of ethical and other quality

22  standards upon all of its respective franchisees. In the Recital portion of said Franchise Agreement,

23  Century 21 stated that it had developed "a system for the promotion and assistance of independently

24  owned and operated real estate brokerage offices, including policies, procedures and techniques

25  designed to enable such offices to compete more effectively in the real estate sales market[.]"

26  Century 21 agreed, in the September Franchise Agreement, to impart to Century 21 Alpha as its

27  franchisee its real estate brokerage, selling and promotional merchandizing methods and techniques

28  associated with the Century 21 System, and to maintain a staff to give assistance and service to

Lozzi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____1_____

PAGE _7_ OF _23_

6

1  Century 21 Alpha as one of its franchisees. Century 21 also agreed, pursuant to the terms and
2  conditions of the September, 1993 Franchise Agreement, that said defendant would operate a sales
3  training program on a periodic basis for the various Century 21 franchisees and their sales personnel.
4  The September, 1993 Franchise Agreement further provided that each franchisee was required to
5  adhere to the standards set forth in the Century 21 Policy and Procedure Manual, including the ethical
6  and operational standards set forth therein.

7      19.    Thereafter, when the original term of the September, 1993 Franchise Agreement was
8  due to expire, Century 21 Alpha was considering whether it should continue to maintain its franchise
9  affiliation with Century 21. On or before September 8, 2002, in order to induce Century 21 Alpha to
10  execute a new Franchise Agreement and to induce Edward Zimbrick to execute a new Guaranty,
11  defendant Century 21's representatives once again made the same representations and assurances
12  previously set forth.

13      20.    At all times, it was Century 21 Alpha's understanding that, based on the
14  representations made and the terms and conditions of the 1993 Franchise Agreement that not only
15  would defendant Century 21 require Century 21 Alpha to maintain these minimum standards, but that
16  it also required all of its franchisees to do so in order to enhance the reputation and business success
17  of all franchisees using the Century 21 brand.

18      21.    As a direct result of these renewed assurances and representations, and the ratification
19  of the assurances previously made, and in reliance on same, on or about September 8, 2002, Century
20  21 Alpha executed a new written Century 21 Real Estate Franchise Agreement with defendant
21  Century 21 and on or about that same date plaintiff Edward Zimbrick executed a written Guaranty of
22  payment and performance of the 2002 Franchise Agreement.

23      22.    Further, based on the representations of Century 21 previously set forth, Century 21
24  Alpha agreed contractually, *inter alia*, to pay the franchise fees and royalty fees specified in the 2002
25  Franchise Agreement as well as to perform the other duties and obligations set forth therein. Among
26  other things, pursuant to Paragraph 11(C), Century 21 Alpha acknowledged that it was obligated to
27  adhere to the minimum standards associated with the Century 21 system to enhance the reputation
28  and goodwill associated with its service mark.

EX_____|_____
PAGE 8 OF 23

COMPLAINT                                                                 7

23.     The terms and conditions of the September, 2002 Franchise Agreement again provided that Century 21 had "developed a system for the promotion and assistance of independently owned and operated real estate brokerage offices, including policies, procedures and techniques designed to enable such office to compete more effectively in the real estate market[.]" It also provided that defendant Century 21 further agreed to "impart to franchisee its real estate brokerage, selling, promotional and merchandizing methods and techniques associated with the CENTURY 21 System, and shall maintain a staff to give assistance and service to franchisee." Century 21 further agreed that it would operate a sales training program on a periodic basis for Century 21 franchisees and their sales personnel.

24.     Pursuant to the 2002 Franchise Agreement, defendant Century 21 imposed a condition that its franchisees abide by the terms of its Policy and Procedure Manual. The Policy and Procedure Manual required that

> "Franchisees shall abide by the terms of this Policy and Procedure Manual, and supervise their employees and sales associates to assure compliance with its terms. For this reason, CENTURY 21 Franchisees are contractually bound by the mandatory provisions of the Manual... their failure to comply with these provisions is grounds for termination of the Franchise Agreement, at Franchisor's option."

25.     The Policy and Procedure Manual also specifically represented that

> "The CENTURY 21® System currently enjoys tremendous name recognition with the public. The information in this Franchise Identity System section is part of your Franchise Agreement requirements. Often referred to as "The Logo Book," the Franchise Identity System is used to continue to project a uniform identification system for CENTURY 21 Franchisees that is instantly recognized by the consumer. Deviations from these standards and formats weaken our collective image. Therefore, changes may not be made without the written consent of Franchisor."

> *          *          *          *          *

> "CENTURY 21® is the most recognized name in real estate."

26.     Pursuant to the Policy and Procedure Manual, defendant Century 21 represented that it imposed upon all of its franchisees "certain mandatory provisions which must be followed in order to

Lozzi, Hamerslough, Reischl & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 Ph (408) 261-4252 Fax (408) 261-4292

EX_____1

COMPLAINT                                                                                          8

1 protect and enhance the CENTURY 21 trade name and image. Compliance with these mandatory

2 provisions will assure that consumers continue to receive the high quality of service associated with

3 the Service Mark 'CENTURY 21.'"

4      27.     As provided in the Policy and Procedure Manual, Century 21 represented that "The

5 wearing of the Gold Jacket and other Career Apparel enhances consumer awareness" of the Century

6 21 brand.

7      28.     In its Policy and Procedure Manual, Century 21 required that "An attitude of

8 cooperation shall be maintained among CENTURY 21® Franchisees. When a Franchisee has been

9 notified of a potential problem with another CENTURY 21 Franchisee, the other Franchisee shall be

10 contacted promptly. Together, these Franchisees shall attempt to reach an amicable solution."

11      29.     The Policy and Procedure Manual further provided that "Each Franchisee is

12 encouraged to promote and participate in Franchisor activities, such as training programs, sales

13 rallies, International Conventions and special events, and to encourage Office Personnel to take an

14 active part in such activities."

15      30.     The Policy and Procedure Manual continued to reiterate defendant Century 21's

16 mantra that Century 21 demanded that its franchisees comply with a "high quality of service." In

17 order to assure same, the Policy and Procedure Manual provided as follows: "To help assure the

18 continuing delivery of high quality service by Franchisees, upon the closing (settlement) of each

19 transaction which Franchisee has handled for either a buyer or seller ("a client"), Franchisor may

20 contact Franchisee's client (or a sampling of clients), to obtain ratings of the service and performance

21 of Franchisee and Franchisee's Sales Associates in the transaction."

22      31.     The Policy and Procedure Manual required, *inter alia*, that "The Franchisee shall

23 maintain the highest standards in advertising placed by the Office."

24      32.     From time to time during the term of the September, 2002 Franchise Agreement,

25 plaintiff Century 21 Alpha was provided with promotional, marketing and other materials from

26 defendant Century 21 reiterating, *inter alia*, that nationally it had a strong reputation; that it was at the

27 top of the market; that it was considered one of the "most trusted" real estate organizations among the

28 public; that, since 1999, according to an independent research firm, it was one of the most recognized

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX_____1_____
PAGE 10 OF 23

1  names in real estate; that a leading surveyor had verified that consumer preference for the Century 21

2  brand was the leading indicator of future business results; that its "Gold Jacket" was one of the most

3  recognized icons in the real estate industry; that it maintained award-winning training programs that

4  led the industry; that it provided unparalleled broker services in support; that it provided world-class

5  marketing programs that stimulate preference and generate leads for the system members; that it was

6  on the cutting edge of technology for lead management and tracking; that it had one of the largest

7  referral networks in the world; and that its strong brand was able to command a higher market share

8  than its competitors and/or higher profit margins on the same market share, that its franchisees were

9  "professional champions," and that it was the "preeminent brand in the real estate industry."

10      33.    Without the representations and assurances on the part of defendant Century 21

11  previously set forth, Century 21 Alpha would never have entered into the Real Estate Franchise

12  Agreement of September, 2002 and fulfilled all of the duties and conditions set forth in that

13  Agreement, and Edward Zimbrick would not have executed a Guaranty of same.

14      34.    The representations made by defendant Century 21 were, in fact, false. Within the last

15  three years prior to filing this Complaint, Century 21 has failed and refused to hold other franchisees

16  to the high standards it allegedly claimed that it required and has failed to ensure that other

17  franchisees acted in such a manner as to promote the credibility of the Century 21 logo and brand

18  name to the benefit of all franchisees, including Century 21 Alpha. Plaintiffs are informed and

19  believe and thereon allege that within the last three years, defendant Century 21 became aware of

20  numerous problems associated with local real estate franchisees of Century 21 known as Century 21

21  Su Casa and/or Century 21 Ruby. Apparently, for some time during the last three years, Century 21

22  became aware of the failure of these franchisees and their owners to adhere to the Century 21

23  standards. Among other things, Su Casa and Ruby were apparently engaged in various fraudulent

24  activities, as set forth hereinafter, which defendant Century 21 failed to discovery, monitor, or

25  remedy. Plaintiffs are informed and believe and thereon allege that other franchisees apparently

26  pressured defendant Century 21 to enforce its standards with respect to Su Casa and/or Ruby and/or

27  to remove them from the franchise network. However, Century 21 failed to sever its business

28  relationship with these franchisees and/or their owners and instead allowed them to continue to utilize

Tozzi, Hannesbough,
Reischl & Chock
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX_____/_____

PAGE  11  OF  23

COMPLAINT                                                    10

1   the Century 21 brand name to the detriment of Century 21 Alpha.

2       35.    Plaintiffs are informed and believe and thereon allege that during the last three years,

3   Century 21 became aware that Su Casa and/or Ruby were engaged in the following fraudulent real

4   estate and/or loan activities:

5            (a)    Soliciting unqualified clients to purchase homes and/or obtain loans;

6            (b)    Obtaining funding for financially unqualified clients from sub-prime lenders
7                   who offered "stated" or "no income" verification loans at higher interest rates
                    than conventional loans;

8            (c)    Submitting false information on loan applications and supporting documents to
9                   lenders;

10           (d)    Utilizing third parties with higher credit scores as "straw buyers" and
11                  misrepresenting to lenders that the third parties would occupy the homes in
                    order to generate fees;

12
             (e)    Paying third parties, not the actual buyers, to qualify for loans;
13

14           (f)    Inflating clients' incomes and bank account balances; falsifying employment,
                    rent and credit information; misrepresenting citizenship; altering social
15                  security cards and bank statements; and misrepresenting clients' tax returns;

16           (g)    When lenders called to check references, impersonating employers, landlords
17                  and creditors to falsely verify information; and

18           (h)    Obtaining millions of dollars in loan commissions and real estate commissions
                    from their fraudulent loan activities.
19

20      36.    As a direct and proximate result of Century 21's failure to enforce its franchise

21  standards as against Su Casa and/or Ruby, plaintiffs have been damaged.  Among other things,

22  plaintiffs have been forced to pay franchise and royalty fees to defendant Century 21 for a brand

23  name which has become stigmatized and which has lost credibility among members of the public and

24  within the local real estate industry.  Plaintiffs are informed and believe and thereon allege that for all

25  intents and purposes, within the County of Santa Clara and the greater Silicon Valley area, the value

26  of the Century 21 brand name has been significantly discredited and in fact destroyed, resulting in a

27  loss of plaintiff Alpha Factors' good will and reputation in the real estate industry and its attendant

28  loss of clientele and market share.  Among other things, part of the value to plaintiffs from being

associated with the Century 21 logo and brand name was the instant credibility it formerly gained

Iossi, Hamerlough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1492
Ph (408) 261-4252
Fax (408) 261-4292

EX _____ |

1    with the public as a result of its affiliation with same and its ability to attract talented, knowledgeable,

2    and successful real estate agents. Plaintiff Century 21 Alpha is informed and believes and thereon

3    alleges that real estate agents have severed their affiliation with plaintiff and that it has failed to

4    attract new real estate agents as a result of the stigmatized Century 21 brand name. Further, said

5    plaintiff has suffered loss of income both through the loss of its agents and through the loss of buyers

6    and sellers who formerly utilized and/or would have utilized the services of plaintiff if Century 21's

7    brand name had not been besmirched. Among other things, said plaintiff has lost substantial monies

8    over the years as well as anticipated profits while being forced to pay excessive fees and royalties to

9    defendant.

10        37.    Plaintiffs are informed and believe and thereon allege that defendant Century 21

11   decided to turn a "blind eye and deaf ear" to the actions of Su Casa/Ruby and/or their owners while

12   reaping royalty and franchise fees from franchisees such as Century 21 Alpha.

13        38.    At the time the representations were made to plaintiff Century 21 Alpha by Century 21

14   regarding its enforcement and protection of the Century 21 brand name, and at the time plaintiff

15   entered into the 1993 Franchise Agreement and the 2002 Franchise Agreement and plaintiff Zimbrick

16   entered into the Guaranty of both Franchise Agreements, plaintiffs did not know the representations

17   were false and believed them to be true. Plaintiffs' reliance was reasonable since, among other

18   things, they continued to receive marketing material, announcements, promotional material, and other

19   documents, communications, and information from Century 21 about the value of the Century 21

20   brand name and its insistence on all franchisees adhering to its franchisor standards.

21        39.    The representations and assurances made by defendant Century 21 franchisor were

22   made knowingly and with the intent to induce plaintiffs to rely on them and to enter into the

23   Franchise Agreements previously described as well as both Guaranties previously set forth in order to

24   obtain defendant Century 21 Real Estate, LLC.'s financial advantage.

25        40.    On or about February 5, 2008, plaintiffs, through their counsel of record, advised

26   defendant Century 21 in writing that they were rescinding the 2002 Franchise Agreement and the

27   2002 Guaranty.

28        41.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

Lossi, Hunnxtlough,
Reiichl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX_____ 1

PAGE 13 OF 23

1   of rescission of the 2002 Franchise Agreement and 2002 Guaranty and hereby demand that defendant

2   Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including

3   but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

4         42.     Plaintiffs will suffer substantial harm and injury under the Franchise Agreement and

5   Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of the

6   bargain they would have gained in the form of reputation, market share, and the ability to attract real

7   estate agents and buyers and sellers of real estate as a franchisee associated with a reputable

8   franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor

9   who has lost credibility because of its impugned and impaired reputation which is now associated

10  with plaintiff Century 21 Alpha.

11        43.     As a direct and proximate result of the conduct of defendant Century 21 as set forth

12  above, plaintiff Century 21 Alpha is entitled to restitution of the consideration it has paid to defendant

13  Century 21, including but not limited to franchise fees and royalty fees, as well as to consequential

14  damages.

15        44.     Contained within the 2002 Franchise Agreement previously described is a provision

16  for attorney's fees. As a result of the fraud committed by defendant Century 21, plaintiffs were

17  forced to hire an attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to

18  recoupment of their attorney's fees and costs in an amount to be determined by this Court.

19                        **SECOND CAUSE OF ACTION**

       **(Rescission Based On Mutual Mistake Against Defendant Century 21 Real Estate, LLC.)**

20

21        45.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 44 as

    though set forth in full herein.

22

23        46.     Plaintiffs are informed and believe and thereon allege that at the time they entered into

    the 2002 Franchise Agreement and the 2002 Guaranty previously set forth that plaintiffs were under

24

25  the mistaken belief that throughout the term of the 2002 Franchise Agreement, defendant Century 21

    would require all franchisees to adhere to the high standards allegedly imposed by defendant Century

26  21 and require them to remedy any problems or, if unremedied, would remove any franchisees who

27  violated the Century 21 standards from the franchise network. Plaintiffs are informed and believe

28  and thereon allege that defendant Century 21 was under the different belief that, at all times, at its

Lori, Hanselough,
Reichsl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____ 1

1  own discretion, it could chose to enforce or not enforce its standards of conduct on all of its

2  franchisees and, instead, could impose such standards on certain franchisees while not enforcing

3  same as to other franchisees.

4        47.    Plaintiffs contend that they are entitled to rescission based on this mutual mistake.

5        48.    Plaintiffs will suffer substantial harm and injury under the Franchise Agreement and

6  Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of the

7  bargain they would have gained in the form of reputation, market share, and the ability to attract real

8  estate agents and buyers and sellers of real estate as a franchisee associated with a reputable

9  franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor

10  who has lost credibility because of its impugned and impaired reputation which is now associated

11  with plaintiff Century 21 Alpha.

12        49.    On or about February 5, 2008, plaintiffs, through their counsel of record, advised

13  defendant Century 21 in writing that they were rescinding the 2002 Franchise Agreement and the

14  2002 Guaranty.

15        50.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

16  of rescission of the Franchise Agreement and Guaranty and hereby demand that defendant Century

17  21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including but not

18  limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

19        51.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

20  above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21,

21  including but not limited to franchise fees and royalty fees, as well as to consequential damages.

22        52.    Contained within the Franchise Agreement previously described is a provision for

23  attorney's fees. As a result of the mutual mistake, plaintiffs were forced to hire an attorney and incur

24  attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their attorney's fees and

25  costs in an amount to be determined by this Court.

26  / / /

27  / / /

28

Corti, Hamerslough
Reitelt & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____ 1
PAGE 12 OF 23

### THIRD CAUSE OF ACTION
**(Rescission Based On Unilateral Mistake Against Defendant Century 21 Real Estate, LLC.)**

53.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 52 as though set forth in full herein.

54.    Alternatively, at the time plaintiffs entered into the 2002 Franchise Agreement and 2002 Guaranty previously set forth, plaintiffs were under the mistaken belief that Century 21 would enforce all of its standards equally as to all of its local franchisees.

55.    At all times, plaintiffs are informed and believe and thereon allege that defendant Century 21 knew plaintiffs were under such unilateral mistake, which was encouraged or fostered by defendant Century 21. At all times, defendant Century 21 remained silent and did not disabuse plaintiffs and their representatives of this mistaken belief.

56.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreement and 2002 Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of the bargain they would have gained in the form of reputation, market share, and the ability to attract real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor who has lost credibility because of its impugned and impaired reputation which is now associated with plaintiff Century 21 Alpha.

57.    Plaintiffs intend service of the Summons and Complaint in this action as further notice of rescission of the Franchise Agreement and Guaranty and hereby demand that defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

58.    As a direct and proximate result of the conduct of defendant Century 21 as set forth above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21, including but not limited to franchise fees and royalty fees, as well as to consequential damages.

59.    Contained within the 2002 Franchise Agreement previously described is a provision for attorney's fees. As a result of the unilateral mistake, plaintiffs were forced to hire an attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their attorney's fees and costs in an amount to be determined by this Court.

EX_____ 1

PAGE 16 OF 23

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1

## FOURTH CAUSE OF ACTION
### (Rescission Based On Failure Of Consideration Against Defendant
Century 21 Real Estate, LLC.)

2

3    60.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 59 as

4    though set forth in full herein.

5    61.    Defendant Century 21's conduct in tarnishing the reputation of the Century 21 brand

6    name among the real estate industry and the public constitutes a failure of consideration which has

7    rendered useless the value of the Century 21 brand name to plaintiff Century 21 Alpha.

8    62.    Said failure of consideration has arisen, in whole or in part, through the fault of

9    defendant Century 21. The failure of consideration is material to plaintiff Century 21 Alpha's usage

10    of the Century 21 brand name.

11    63.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreement

12    and 2002 Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of

13    the bargain they would have gained in the form of reputation, market share, and the ability to attract

14    real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable

15    franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor

16    who has lost credibility because of its impugned and impaired reputation which is now associated

17    with plaintiff Century 21 Alpha.

18    64.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

19    of rescission of the 2002 Franchise Agreement and 2002 Guaranty and hereby demand that defendant

20    Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including

21    but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

22    65.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

23    above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21,

24    including but not limited to franchise fees and royalty fees, as well as to consequential damages.

25    66.    Contained within the 2002 Franchise Agreement previously described is a provision

26    for attorney's fees. As a result of the failure of consideration, plaintiffs were forced to hire an

27    attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their

28    attorney's fees and costs in an amount to be determined by this Court.

Neal, Hamerslough,
Reinfeld & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____1

PAGE 17 OF 23

## FIFTH CAUSE OF ACTION
### (Rescission Based On Commercial Frustration Against Defendant Century 21 Real Estate, LLC.)

67.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 66 as though set forth in full herein.

68.    As a direct and proximate result of the conduct of defendant Century 21 previously set forth, the expected value of the performance to plaintiff Century 21 Alpha and its fundamental reason for entering into the 2002 Franchise Agreement and for plaintiff Zimbrick's execution of the 2002 Guaranty thereof – its association with a strong, nationally known franchisor who had instant credibility with the public and the real estate industry – has been frustrated as a result of an unanticipated superseding circumstance, namely, Century 21's determination that, in its sole discretion, it could selectively enforce or not enforce its standards as to its various franchisees.

69.    The purpose of plaintiff Century 21 Alpha's use of and affiliation with the Century 21 brand name was within the contemplation of both plaintiff and defendant Century 21 at the time of the execution of the 2002 Franchise Agreement and the 2002 Guaranty.

70.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreement and 2002 Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of the bargain they would have gained in the form of reputation, market share, and the ability to attract real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor who has lost credibility because of its impugned and impaired reputation which is now associated with plaintiff Century 21 Alpha.

71.    Plaintiffs intend service of the Summons and Complaint in this action as further notice of rescission of the 2002 Franchise Agreement and 2002 Guaranty and hereby demand that defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

72.    As a direct and proximate result of the conduct of defendant Century 21 as set forth above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21 including but not limited to franchise fees and royalty fees.

EX _____ 1
PAGE 18 OF 23

COMPLAINT                                                                                      17

1    73.    Contained within the Franchise Agreement previously described is a provision for

2  attorney's fees. As a result of the commercial frustration fostered by defendant Century 21, plaintiffs

3  were forced to hire an attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled

4  to recoupment of their attorney's fees and costs in an amount to be determined by this Court.

5

6                              **SIXTH CAUSE OF ACTION**
   **(Rescission Based On Impracticability of Performance Against Defendant Century 21 Real**
7                                      **Estate, LLC.)**

8    74.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 73 as

9  though set forth in full herein.

10   75.    Defendant Century 21's conduct in selectively enforcing its franchisor standards and

11  in ignoring the conduct of local franchisees in violation of same has entirely destroyed the purpose

12  that both Century 21 Alpha and defendant Century 21 had in mind at the time they executed the 2002

13  Franchise Agreement and the Guaranty thereof.

14   76.    Reasonable efforts were used by plaintiff Century 21 Alpha to surmount the obstacles

15  that prevented performance. However, further performance on the part of plaintiff Century 21 Alpha

16  has been rendered excessive and unreasonable in that, *inter alia*, it is impossible for it to successfully

17  compete as a real estate broker while affiliated with a brand name which has acquired a negative

18  reputation in the real estate industry and among buyers and sellers of real property.

19   77.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreement

20  and 2002 Guaranty if they are not rescinded in that plaintiffs will have been deprived of the benefit of

21  the bargain they would have gained in the form of reputation, market share, and the ability to attract

22  real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable

23  franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor

24  who has lost credibility because of its impugned and impaired reputation which is now associated

25  with plaintiff Century 21 Alpha.

26   78.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

27  of rescission of the 2002 Franchise Agreement and 2002 Guaranty and hereby demand that defendant

28  Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including

Iozzi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX____1
PAGE 19 OF 23

COMPLAINT                                                                            18

1 │ but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

2 │       79.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

3 │ above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21

4 │ including but not limited to franchise fees and royalty fees, as well as to consequential damages.

5 │       80.    Contained within the Franchise Agreement previously described is a provision for

6 │ attorney's fees. As a result of the impracticability of performance, plaintiffs were forced to hire an

7 │ attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their

8 │ attorney's fees and costs in an amount to be determined by this Court.

9 │ **SEVENTH CAUSE OF ACTION**
10 │ **(Breach Of Contract Against Defendant Century 21 Real Estate, LLC.)**

11 │       81.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 80 as

12 │ though set forth in full herein.

13 │       82.    The conduct of defendant Century 21 constitutes a breach of the implied covenant of

14 │ good faith and fair dealing set forth in the 2002 Franchise Agreement and the 2002 Guaranty which

15 │ provides that defendant Century 21 shall not do anything which would deprive plaintiff Century 21

16 │ Alpha of the benefits of the Franchise Agreement, including its right to competitively operate its

17 │ business in the local real estate market, and plaintiff Zimbrick's right not to guarantee the

18 │ performance of a Franchise Agreement which has virtually no benefit to plaintiff Century 21 Alpha.

19 │       83.    Plaintiffs Century 21 Alpha and Zimbrick have performed each and every obligation

20 │ required on their part to be performed pursuant to the 2002 Franchise Agreement and the 2002

21 │ Guaranty described above with the exception of those excused as a result of the conduct of defendant

22 │ Century 21 Alpha.

23 │       84.    As a direct and proximate result of said defendant's breaches of contract, plaintiffs

24 │ have been damaged in excess of the jurisdiction of this Court plus interest thereon.

25 │       85.    Contained within the 2002 Franchise Agreement previously described is a provision

26 │ for attorney's fees. As a result of the breach of the Franchise Agreement by defendant Century 21,

27 │ plaintiffs were forced to hire an attorney and incur attorney's fees and costs. Pursuant to the 2002

28 │ Franchise Agreement, plaintiffs are entitled to recoupment of their attorney's fees and costs in an

Lossi, Hamerslough, Reischl & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 Ph (408) 261-4252 Fax (408) 261-4292

EX _____ 1
~~PAGE~~ 20 OF 23

1    amount to be determined by this Court.

2        86.     Under California Code of Civil of Civil Procedure, plaintiffs are entitled to pre-

3    judgment interest as allowed by law.

4

### EIGHTH CAUSE OF ACTION
**(Fraud Against Defendant Century 21 Real Estate, LLC.)**

5

6        87.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 86 as

7    though set forth in full herein.

8        88.     As a direct and proximate result of the fraud of defendant Century 21, as previously

9    set forth, plaintiffs have been damaged as set forth above.

10       89.     Said defendants' acts were committed maliciously and intentionally in that at all times

11    while holding itself out as a franchisor who enforced its standards of conduct as to all of its

12    franchisees, said defendant recklessly, oppressively, and with fraud, malice, and misconduct towards

13    plaintiff Century 21 Alpha ignored the conduct of other franchisees in violation of their respective

14    franchise agreement and Century 21's standards of conduct, thereby justifying an award of punitive

15    damages.

16       90.     Further, said defendant's fraud has forced plaintiffs to retain counsel to obtain the

17    benefits said plaintiffs should have obtained under the 2002 Franchise Agreement and 2002 Guaranty

18    and to recoup the damages they have suffered as a result justifying an award of reasonable attorney's

19    fees.

20

### NINTH CAUSE OF ACTION
**(Negligent Misrepresentation Against Defendant Century 21 Real Estate, LLC.)**

21

22       91.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 90 as

though set forth in full herein.

23

24       92.     When defendant Century 21 made the representations previously set forth with respect

to the enforcement of its standards as to all of its franchisees, it had no reasonable grounds and was

25    aware that it did not have reasonable grounds for making or believing the representations to be true.

26       93.     At the time of making these representations, said defendant concealed its lack of

27    information and consequent inability to make the alleged representations accurately. These

28    representations were made by said defendant with the intent to induce plaintiff Century 21 Alpha to

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX___1

1   execute the 2002 Franchise Agreement and plaintiff Zimbrick to execute the 2002 Guaranty.

2          94.    Plaintiffs, at the time said representations were made, and at the time they took the

3   actions previously set forth, were ignorant of said defendant's lack of information and belief and the

4   inaccuracies of its representations and believed them to be true.  In reliance on these representations,

5   plaintiff Century 21 Alpha executed the 2002 Franchise Agreement and paid monies to defendant

6   Century 21 for franchise and royalty fees and plaintiff Zimbrick executed the Guaranty as previously

7   set forth.  If said plaintiffs had known the actual and true facts, they would not have taken such

8   actions.  Plaintiffs' reliance was justified in that said defendant held itself out as a nationally known

9   reputable franchisor of real estate broker businesses whose brand name enjoyed tremendous name

10  recognition with the public and the real estate industries, who was one of the most, if not the most,

11  recognized brands in real estate in the country, and whose brand name was instantly recognized by

12  consumers in the real estate industry.

13         95.    As a direct and proximate result of said defendant's negligent misrepresentations and

14  the facts herein alleged, plaintiffs have been damaged as previously set forth.

15         96.    Additionally, plaintiffs are entitled to recover attorney's fees as previously set forth.

16                         **TENTH CAUSE OF ACTION**
    **(Unfair Business Practices Under Business & Professions Code § 17200 *et seq*. Against**
17                      **Defendant Century 21 Real Estate, LLC.)**

18         97.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 96 as

19  though set forth in full herein.

20         98.    Defendant Century 21's actions constitute an unfair business practice pursuant to §

21  17200 *et seq*. of California's Business & Professions Code entitling plaintiffs to restitution and

22  injunctive relief.  Said defendants' wrongful conduct, unless and until enjoined and restrained by

23  order of this Court, will cause and continue to cause great and irreparable injury to plaintiffs, as said

24  defendant will continue to fail to enforce the standards of conduct as to all franchisees while

25  continuing to demand that plaintiff Century 21 Alpha remain associated with the impugned and

26  besmirched Century 21 landmark and continue to pay franchise and royalty fees.

27  ///

28  ///

Lossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX_____ 1
PAGE 22 OF 23

# ELEVENTH CAUSE OF ACTION
## (Violation of Corporations Code § 31201 *et seq.* Against Defendant Century 21 Real Estate, LLC.)

99.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 98 as though set forth in full herein.

100.    Plaintiffs are informed and believe and thereon allege that defendant Century 21's conduct, as set forth above, is in violation of Corporations Code § 31201 *et seq.* which provides that it is unlawful for any person to offer or sell franchises in this state by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact. As a direct and proximate result of same, plaintiffs are entitled to rescission, restitution, and injunctive relief as previously set forth.

WHEREFORE, plaintiffs pray as follows:

1.      For general damages in an amount in excess of the jurisdiction of this court plus interest at the legal rate;

2.      For special damages in an amount according to proof;

3.      For pre-judgment interest;

4.      For punitive and exemplary damages in an amount according to proof;

5.      For attorney's fees and costs incurred herein;

6.      For a temporary restraining order, preliminary injunction, and permanent injunction enjoining defendant Century 21 and its agents, servants, employees and all persons acting under, in concert with, or for them from failing to enforce their standards of conduct against all franchisees; and

7.      For such other and further relief as the court may deem just and proper.

DATED:   February 13, 2008              ROSSI, HAMERSLOUGH, REISCHL & CHUCK

                                        By _____
                                           RONALD R. ROSSI, ESQ.
                                           Attorneys for Plaintiffs

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

EX _____

PAGE 23 OF 23

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RONALD R. ROSSI, ESQ. (SBN 43067)<br>SUSAN R. REISCHL, ESQ. (SBN 94307)<br>ROSSI, HAMERSLOUGH, REISCHL & CHUCK<br>1960 THE ALAMEDA, STE. 200<br>SAN JOSE, CA 95126<br>TELEPHONE NO.: 408-261-4252   FAX NO. *(Optional):*   408-261-4292<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs Alpha Factors, Inc., et al. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara |
|---|
| STREET ADDRESS: 191 North First Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose, CA   95113 |
| BRANCH NAME: UNLIMITED JURISDICTION |

| PLAINTIFF/PETITIONER: ALPHA FACTORS, INC., a California<br>Corporation dba CENTURY 21 ALPHA FACTORS, INC.; EDWARD<br>V. ZIMBRICK, individually |
|---|
| DEFENDANT/RESPONDENT: CENTURY 21 REAL ESTATE, LLC., a<br>Delaware Limited Liability Company, and DOES 1 through<br>10 inclusive |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>108CV105709 |
|---|---|

TO *(insert name of party being served):* <u>Century 21 Real Estate, LLC., a Delaware Limited Liability Company</u>
<u>c/o John A. Schwimmer, Esq.</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:   2-15-08

SUSAN R. REISCHL, ESQ.
(TYPE OR PRINT NAME)                                    ► _____
                                                           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* ADR Notice to Litigants and Blank Case Management Statement

*(To be completed by recipient):*
Date this form is signed:  March 6, 2008

JOHN A. SCHWIMMER, ESQ.                             ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                          Attorneys for Dfdnt Century 21 Real Estate, LLC
                                                                                                Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

1    Alpha Factors, Inc. v. Century 21 Real Estate LLC, Case No. 108CV105709

2                             **PROOF OF SERVICE**

3        I am employed in Multnomah County, Oregon. I am over the age of 18 and not a party to
this lawsuit. My business address is 1000 SW Broadway, #1400, Portland, OR 97205.

4

5        On the date listed below, I served the foregoing documents described as:

6    **NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL
COURT**

7    on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope
and addressed as follows:

8

9            Ronald R. Rossi
            Susan R. Reischl

10           Rossi, Hammerslough, Reischl & Chuck
            1960 The Alameda, Suite 200

11          San Jose, CA 95126

12    ☐ By Personal Delivery. I delivered such envelope by hand to the offices of the

13        addressee(s).

14    ☒ By Mail. I caused such envelope with postage thereon fully prepaid to be placed in the
US Mail at Portland, Oregon. I am familiar with the firm's practice of collection and

15        processing correspondence for mailing. Under that practice, it would be deposited with
the US Postal Service on that same day with postage thereon fully prepaid at Portland,

16        Oregon, in the ordinary course of business.

17    ☐ By Facsimile Transmission. I caused such documents to be transmitted to the
addressee(s) facsimile number(s) as noted herein. The facsimile machine used complies

18        with Rule 2003 and no error was reported by the machine.

19    ☐ By United Parcel Service/Overnight Courier. I caused such envelope to be deposited
with the overnight courier delivery service, with delivery charges fully prepaid at

20        Portland, Oregon.

21        I SWEAR UNDER PENALTY OF PERJURY under the laws of the United States of

22    America that the foregoing is true and correct to the best of my knowledge, information, and

23    belief. Executed on Thursday, March 13, 2008, at Portland, Oregon.

24                                          Karen D. Muir

25                                       As Legal Assistant to Laurie R. Hager

26    F:\CLIENTS\17641\021\P-CERT MASTER STATE COURT.DOC

PROOF OF SERVICE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130