1    SUSSMAN SHANK LLP
     John A. Schwimmer, SBN 109861
2    johns@sussmanshank.com
     Laurie R. Hager, SBN 212162
3    laurie@sussmanshank.com
     1000 SW Broadway, Suite 1400
4    Portland, OR  97205
     Telephone: (503) 227-1111
5    Facsimile: (503) 248-0130

6    Attorneys for Defendant Century 21 Real Estate LLC

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11   ALPHA FACTORS, INC., a California          )   Case No. C0801408 RS
     Corporation dba CENTURY 21 ALPHA           )
12   FACTORS, INC.; EDWARD V. ZIMBRICK,         )   DEFENDANT'S NOTICE OF MOTION
     individually,                              )   AND MOTION TO DISMISS FOR
13                                              )   FAILURE TO STATE A CLAIM FOR
                  Plaintiffs,                   )   RELIEF (FRCP 12(b)(6)), OR, IN THE
14                                              )   ALTERNATIVE, TO MAKE MORE
        v.                                      )   DEFINITE AND CERTAIN (FRCP
15                                              )   12(e)); MEMORANDUM OF POINTS
     CENTURY 21 REAL ESTATE LLC, a              )   AND AUTHORITIES
16   Delaware  Limited Liability Company, and   )
     DOES 1 through 10 inclusive,               )
17                                              )   Date:  May 7, 2008
                  Defendants.                   )   Time:  9:30 a.m.
18                                              )   Place: Courtroom 4

19   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20         PLEASE  TAKE  NOTICE  THAT  on  May  7,  2008,  at  9:30 a.m.,  or  as  soon

21   thereafter as counsel may be heard, in Courtroom 4, 5th Floor, of the above-entitled

22   Court, located at 280 South 1st Street,  San Jose, California  95113, Defendant Century

23   21 Real Estate LLC ("Century 21") will, and hereby does, move the Court for an order

24   dismissing each cause of action of Plaintiffs' Complaint for failure to state a claim for

25   relief or, in the alternative, requiring Plaintiffs to make their Complaint more definite and

26   certain.

Page 1 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1     This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and

2   12(e) on the grounds that each cause of action of the Complaint fails to state a claim

3   upon which relief can be granted against Century 21 or, at the very least, Plaintiffs'

4   Complaint is not definite and certain enough for Century 21 to form a response.

5     The Motion is based upon this Notice of Motion and Motion, the attached

6   Memorandum of Points and Authorities, the papers, pleadings, and records on file in

7   this action, and such further argument as may be presented by Century 21 prior to or at

8   the hearing.

9                               SUSSMAN SHANK LLP

10

11                              By _____
                                   John A. Schwimmer, SBN 109861
12                                 Laurie R. Hager, SBN 212162
                                   Attorneys for Defendant Century 21 Real
13                                           Estate, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT ......................................................... 2

III. STANDARD ON MOTION TO DISMISS ................................................................... 4

IV. DEFECTS APPLICABLE TO EACH OF PLAINTIFFS' RESCISSION
    CLAIMS ...................................................................................................................... 4

  A. The Parties' Long Standing Business Relationship Cannot be
      "Rescinded" ......................................................................................................... 4

  B. Plaintiffs Failed to Promptly Give Notice of Rescission ............................... 5

  C. Plaintiffs Fail to Identify with Specificity What Contract or
     Contracts They Seek to Rescind ................................................................... 7

V. PLAINTIFFS' FIRST CAUSE OF ACTION FOR RESCISSION BASED
   ON "FRAUD" ............................................................................................................ 7

  A. Plaintiffs Fail to Plead Fraud with Sufficient Particularity ............................ 7

  B. Plaintiffs Fail to Plead the Necessary Elements of Fraud ............................ 8

    1. Plaintiffs Fail to Plead a Misrepresentation ............................................. 8

    2. Plaintiffs Fail to Plead Proximate Cause ................................................. 9

VI. PLAINTIFF'S SECOND CAUSE OF ACTION FOR RESCISSION
   BASED ON "MUTUAL MISTAKE" ........................................................................... 9

  A. The Purported "Mistake" was not Mutual ....................................................... 9

  B. Plaintiffs Fail to Plead Mistake With Sufficient Particularity ...................... 10

  C. Plaintiffs' Own Allegations Foreclose Any Possible Mistake ..................... 10

  D. The Alleged "Mistake" Does Not Support Rescission ................................. 11

VII. PLAINTIFFS' THIRD CAUSE OF ACTION FOR RESCISSION BASED
   ON "UNILATERAL MISTAKE" ................................................................................ 12

  A. Plaintiffs Fail to Plead Mistake With Sufficient Particularity ...................... 12

Page i – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    B.    Plaintiffs Fail to Plead the Required Elements of Unilateral
2          Mistake ........................................................................................ 13
3    C.    Plaintiffs' Own Allegations Foreclose Any Possible Mistake ..................... 13
4    D.    There is No Rescindable "Mistake" ................................................. 14
5    VIII.  PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "FAILURE OF
6          CONSIDERATION" ........................................................................ 14
7    IX.  PLAINTIFFS' FIFTH CAUSE OF ACTION FOR RESCISSION BASED
8          ON "COMMERCIAL FRUSTRATION" .................................................. 15
9    X.  PLAINTIFFS' SIXTH CAUSE OF ACTION FOR RESCISSION BASED
10         ON "IMPRACTICABILITY" ................................................................ 16
11   XI.   PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR BREACH OF
12         CONTRACT ................................................................................... 17
13   A.    Plaintiffs Have Not Alleged a Contractual Obligation ................................. 17
14   B.    The Implied Covenant Cannot Contradict the Express Contract
15         Provision .................................................................................... 18
16   C.    The Implied Covenant Does Not Permit Plaintiffs to Second-
17         Guess Century 21's Business Decisions ........................................... 19
18   D.    Plaintiffs Fail to Plead Proximate Cause ........................................... 20
19   XII. PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "FRAUD" ............................ 20
20   XIII.  PLAINTIFFS' NINTH CAUSE OF ACTION FOR "NEGLIGENT
21         MISREPRESENTATION" .................................................................. 20
22   XIV.   PLAINTIFFS' TENTH CAUSE OF ACTION FOR STATUTORY
23         "UNFAIR BUSINESS PRACTICES" ................................................... 21
24   XV. PLAINTIFFS' ELEVENTH CAUSE OF ACTION FOR "VIOLATION OF
25         CORPORATIONS CODE § 31201, *ET SEQ.*" ..................................... 22
26

Page ii – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    **A.**   **Plaintiffs Fail to Plead the Misrepresentations with the**
2        **Requisite Specificity Required under FRCP 9(b)**..........................................22

3    **B.**   **Plaintiffs' Claim Under the Statute is Barred by the Statute**
4        **of Limitations**....................................................................................................23

5    **XVI. ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN**.............23

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page iii – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1  **TABLE OF AUTHORITIES**

2

3  **Cases**

4  *Abi, Inc. v. City of L.A.*, 153 Cal. App. 3d 669, 681-682 (1984) ..................................... 12

5  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) ..................................... 4

6  *Burger King v. Agad,* 941 F. Supp. 1217, 1222 (N.D. Ga. 1996) ................................... 19

7  *Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S. Dist. LEXIS 22898, *82 n.

8      98 (C.D. Cal. 2000) ........................................................................................ 22

9  *Carma Developers (California), Inc. v. Marathon Dev. Cal.*, 2 Cal. 4th 342,

10      374 (1992) ..................................................................................................... 18

11  *Clanton v. Clanton*, 52 Cal. App. 2d 550, 556 (1942) ..................................... 6

12  *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297-99 (5th Cir.

13      1997) ............................................................................................................ 19

14  *Contra Costa County Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65 (1960) ...................... 7

15  *Crofoot Lumber*, 163 Cal. App. 2d 324, 333 (1958) ..................................... 14

16  *Cutter Laboratories, Inc. v. Twining*, 221 Cal. App. 2d 302, 317 (1963) .................... 6, 15

17  *Estrada v. Alvarez*, 38 Cal. 2d 386, 391 (1952) ............................................. 6

18  *Fanucchi & Limi Farms v. United Agri Products,* 414 F.3d 1075, 1088 (9th Cir.

19      2005) .......................................................................................................... 8, 9

20  *Federal Deposit Ins. Corp. v. Air Florida System, Inc.*, 822 F.2d 833, 840 (9th

21      Cir. 1987) ...................................................................................................... 14

22  *Flagship West, LLC v. Excel Realty Partners, L.P.*, 2005 U.S. Dist. LEXIS

23      29623, *8 (E. D. Cal. 2005) ............................................................................. 14

24  *In re Sizzler Restaurants International, Inc.*, 225 B.R. 466 (Bktcy. C. D. Cal.

25      1998) ............................................................................................................ 19

26

Page iv – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1  *Joshua Tree Townsite Co. v. Joshua Tree Land Co.*, 100 Cal.App.2d 590,

2      596.................................................................................................................5

3  *Lazar v. Superior Court of Los Angeles County*, 12 Cal. 4th 631, 638 (1996)................8

4  *Leeper v. Beltrami*, 53 Cal. 2d 195, 211-212 (1959).......................................................5

5  *McCalden v. California Library Ass'n*, 919 F.2d 538, 542 (9th Cir. 1990) .....................17

6  *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d

7      1087, 1096 (9th Cir. 2003) ...........................................................................5

8  *Merced County Mutual Fire Insurance Company v. The State of California*,

9      233 Cal. App. 3d 765, 772 (1991) ..............................................................13

10 *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989).........................9

11 *Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141* (C. D. Cal.

12     2003)...................................................................................................10, 12

13 *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).........................................8, 10, 13

14 *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209

15     (1986) ...........................................................................................................4

16 *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1315 (N.D. Cal.

17     1997).......................................................................................................7, 21, 22

18 *Spahn v. Guild Industries Corp.*, 94 Cal. App. 3d 143, 158 (1979)................................22

19 *Sutter Youth Organization, Inc. v. Borsen*, 214 Cal. App. 2d 676, 680 (1963)................9

20 *Tarmann v. State Farm Mutual Automobile Insurance Co.*, 2 Cal. App. 4th 153,

21     158 (1991)...............................................................................................20, 21

22 *Vasco v. Mobil Oil Corp., 698 F. Supp. 102, 104 (D.Md. 1988)*......................................19

23 *Vaughn v. General Foods Corp., 797 F.2d 1403, 1413 (7th Cir. 1986)* .........................19

24 *Vess v. Ciba Geigy Corp. USA,* 317 F.3d 1097, 1106-08 (9th Cir. 2003) .........................8

25 *Walsh v. W. Valley Mission Cmty. College Dist.*, 66 Cal. App. 4th 1532, 1545

26     (1998) ...........................................................................................................17

Page v – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

*Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1239 (N. D. Cal. 1998) .................... 10, 13

*Wyler v. Feuer*, 85 Cal. App. 3d 392, 403-4 (1978) ........................................ 14

**Statutes**

Cal. Bus. and Prof. Code § 17200, *et. seq.* ................................................... 21

Cal. Civ. Code § 1576 .............................................................................. 11

Cal. Civ. Code § 1577 .............................................................................. 12

Cal. Civ. Code § 1578 .............................................................................. 11

Cal. Civ. Code § 1689 ..................................................................... 7, 9, 13, 14

Cal. Civ. Code § 1689(b) ............................................................................ 7

Cal. Civ. Code § 1691(b) ............................................................................ 4

Cal. Corp. Code § 31304 ........................................................................... 23

**Treatises**

Corbin on Contracts § 1104, p. 464 ............................................................... 15

Restatement 2d of Contracts, § 261, comment d ............................................... 17

Restatement 2d of Contracts, § 265, comment a ............................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2                      **I. INTRODUCTION**

3          Defendant Century 21 Real Estate LLC ("Century 21") is a franchisor of one of

4    the world's largest residential real estate sales organizations.  Century 21 franchises

5    more than 8,000 independently owned and operated real estate offices that have more

6    than 142,000 sales professionals in 56 countries and territories.  Out of such a large

7    franchise system, Plaintiffs' Complaint focuses on the alleged misconduct of only <u>two</u>

8    franchisees.

9          Plaintiffs Alpha Factors, Inc. dba Century 21 Alpha Factors ("Alpha") and Edward

10   V. Zimbrick (collectively "Plaintiffs") nevertheless assert 11 causes of action against

11   Century 21 based on Century 21's alleged failure to enforce standards set forth in

12   franchise agreements between Century 21 and two other franchisees to which Plaintiffs

13   were not a party.  Plaintiffs have not alleged any contractual obligation, nor can they cite

14   any legal authority, that imposes a duty owed by Century 21 to Plaintiffs with respect to

15   how Century 21 chooses to handle its relationships with other franchisees.

16         Based on this non-existent duty, Plaintiffs seek to rescind their relationship with

17   Century 21, which allegedly goes back 15 years.  It is simply not possible to "unwind" a

18   15-year relationship, especially where Plaintiffs have reaped the benefit of the

19   Century 21 marks and franchise system for such a long time.  Moreover, Plaintiffs knew

20   about the issues of which they now complain since at least July 2006, and their

21   rescission claims are barred because they did not give notice of rescission promptly, as

22   required by Cal. Civ. Code § 1691.

23         Plaintiffs' allegations fail to satisfy the basic pleading requirements of the FRCP.

24   Their claims based on fraud and mistake must be pled with specificity under Federal

25   Rule of Civil Procedure 9(b), yet Plaintiffs fail to identify the identity of any Century 21

26

Page 1 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1   representative that allegedly made false representations or the specific content of any

2   such communication.

3       Moreover, Plaintiffs' claims that Century 21 promised to terminate defaulting

4   franchisees are expressly contradicted by their own pleading.    In the Complaint,

5   Plaintiffs admit that the Century 21 Policy Manual states that, when a franchisee

6   breaches the Policy Manual, the franchise agreement may be terminated "at

7   Franchisor's option." (Complaint, ¶ 24.)  This admission that Century 21 has the option

8   to choose whether or not to terminate a defaulting franchisee destroys the fundamental

9   premise underlying each of Plaintiffs' causes of action.

10       All of these defects require that this Court dismiss each of the causes of action of

11  Plaintiffs' Complaint, without leave to amend.

12

13                  **II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

14       Plaintiffs allege that Alpha first became a Century 21 franchisee pursuant to a

15  contract dated September 8, 1992, and then renewed the franchise agreement on

16  September 8, 2002. (Complaint, ¶¶ 17, 19.)[1]  Plaintiffs do not attach to the Complaint

17  any of the pertinent agreements, and without citing to any particular contractual

18  provision, allege that Century 21 promised "that all of its franchisees were required to

19  adhere to its stringent standards," and that it "required all of its franchisees to [maintain

20  minimum standards]."   (Complaint, ¶¶ 16, 20.)  Plaintiffs then seek to contort these

21  _____

22  [1] While the court is obligated to accept as true Plaintiffs' allegations on this motion to
23  dismiss, these allegations have no resemblance to reality.  Alpha first became a
    Century 21 franchisee in 1977.  There is no franchise agreement dated September 8,
24  2002.  Alpha is a party to five separate franchise agreements with Century 21, signed at
    different times, and each agreement relates to a different franchise location.   As
25  discussed below, it is impossible to tell from the Complaint precisely which agreement
26  or agreements Plaintiffs intend to place at issue by the Complaint.

Page 2 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    vague assertions into an obligation that Century 21 must terminate other franchisees
2    who allegedly breached franchise agreements to which Plaintiffs were not a party.
3    (Complaint, ¶¶ 3, 34, 37.)  Yet Plaintiffs also allege that Century 21 expressly advised
4    them that, if a franchisee fails to comply with the requirements of Century 21's Policy
5    and Procedure Manual, such failure is grounds to terminate the franchise agreement "at
6    Franchisor's option." (Complaint, ¶ 24.)

7        Plaintiffs allege that two other Century 21 franchisees ("Other Franchisees")
8    engaged in bad conduct. (Complaint, ¶ 2.)  Plaintiffs admit that Century 21 sued these
9    Other Franchisees. (Complaint, ¶ 4.)  But Plaintiffs allege they are entitled to recover
10   damages simply because Century 21 did not terminate the Other Franchisees sooner
11   than Plaintiffs would have liked. (Complaint, ¶ 4.)[2]

12       By this lawsuit, Plaintiffs seek to second guess Century 21's business decisions
13   about how to handle alleged problems with the Other Franchisees.  Plaintiffs claim that
14   Century 21's business decision not to terminate the Other Franchisees earlier tarnished
15   the Century 21 mark. (Complaint, ¶¶ 2-4.)  Yet, Plaintiffs have continued to use and
16   profit from the Century 21 marks, which is likely why Plaintiffs fail to allege any specific
17   damages caused by Century 21's conduct.    Instead, Plaintiffs merely allege
18   unsupported, speculative future harm. (Complaint, ¶ 42.)[3]

19   //

20   //

21   _____

22   [2] Plaintiffs allege that Century 21 did not terminate the Other Franchisees because it
23   was collecting significant fees from them (Complaint, ¶ 2), but then Plaintiffs admit that
     Century 21 sued the Other Franchisees for failure to pay such fees (Complaint, ¶ 4).
24
25   [3] Plaintiffs also fail to inform the Court that, as recently as February 6, 2007, eight
     months after Century 21 had sued the Other Franchisees, Plaintiffs signed a broad
26   release of all known and unknown claims they might have against Century 21.

Page 3 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1          **III.  STANDARD ON MOTION TO DISMISS**

2          To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a plaintiff's

3     obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

4     and conclusions, and a formulaic recitation of the elements of a cause of action will not

5     do.  Factual allegations must be enough to raise a right to relief above the speculative

6     level, on the assumption that all the allegations in the complaint are true (even if

7     doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007);

8     *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a

9     motion to dismiss, courts "are not bound to accept as true a legal conclusion couched

10    as a factual allegation").  On claims governed by the heightened pleading standard of

11    Federal Rule of Civil Procedure 9(b), claims based on misrepresentation or mistake

12    must be alleged with specificity to avoid an FRCP 12(b)(6) dismissal.

13

14    **IV.  DEFECTS APPLICABLE TO EACH OF PLAINTIFFS' RESCISSION CLAIMS**

15

16    **A.      The Parties' Long Standing Business Relationship Cannot be "Rescinded"**

17          Rescission is only permitted if Plaintiffs can promptly restore the value they

18    received under their agreements with Century 21.  Cal. Civ. Code § 1691(b).  Plaintiffs

19    allege they entered into agreements with Century 21 in 1993 and 2002 (and the

20    relationship actually dates back to 1977).  (Complaint, ¶¶ 17 and 19.)  That means for at

21    least 15 years, Plaintiffs have received the benefit of the value of the use of the Century

22    21 mark and franchise system.  (Complaint, ¶¶ 1, 2, 13-6, 18, and 32.)  It is simply not

23    possible to unwind a business relationship that has been ongoing for 15 years.

24          For instance, Plaintiffs allege they received from Century 21 "instant credibility

25    …with the public" by being "associated with a strong, nationally known franchisor."

26    (Complaint, ¶ 13.)  Plaintiffs received from Century 21 training in "policies, procedures

Page 4 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1  and techniques designed to enable [Plaintiffs] to compete more effectively in the real
2  estate market," as well as "selling and merchandising methods and techniques."
3  (Complaint, ¶ 18.)  Plaintiffs received "unparalleled broker services in support…world-
4  class marketing programs that stimulate preference and generate leads for the system
5  members….one of the largest referral networks in the world."  (Complaint, ¶ 32.)
6  Plaintiffs have no conceivable way to restore to Century 21 the value they received from
7  Century 21 for so many years.  See *McKesson HBOC, Inc. v. New York State Common*
8  *Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003) (court refused to allow claimant to
9  bring a claim for rescission of a merger agreement, explaining that "it is nearly
10  impossible to imagine that the Merger Agreement could be rescinded at this late stage,
11  four years after it was signed, and after thousands of McKesson and HBOC
12  shareholders have traded their stock in various ways; unscrambling this particular egg is
13  virtually impossible."); *Joshua Tree Townsite Co. v. Joshua Tree Land Co.*, 100
14  Cal.App.2d 590, 596 (1950) ("Rescission is not allowable where the party demanding it
15  cannot or does not restore the other party to the condition he would have been in but for
16  the contract.").

17      Since Plaintiffs cannot restore to Century 21 the value they received under their
18  agreements, Plaintiffs are not entitled to rescission under any legal theory.  Accordingly,
19  all of their claims seeking rescission (First, Second, Third, Fourth, Fifth, and Sixth
20  Causes of Action) should be dismissed for failure to state a claim.

21

22  **B.    Plaintiffs Failed to Promptly Give Notice of Rescission**

23      To be entitled to rescission, a claimant must give notice of rescission "promptly
24  upon discovering the facts which entitle him to rescind…"  Cal. Civ. Code § 1691
25  (emphasis added).   Otherwise, the claim for rescission is barred.  *Leeper v. Beltrami*,
26  53 Cal. 2d 195, 211-212 (1959) (demurrer can be sustained where there has been a

Page 5 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    two-year delay before plaintiffs attempted to rescind, resulting in a waiver of the right to

2    rescind); *Cutter Laboratories, Inc. v. Twining*, 221 Cal. App. 2d 302, 317 (1963)

3    (promptness is a condition of rescission, and failure to take prompt action constitutes a

4    waiver of any right to rescind).

5         "[D]iligence is mandatory and a condition of the right to rescind, and if it appears

6    that there has been inaction which, if unexcused, would amount in law to plaintiff's

7    sleeping on his rights, the complaint must state sufficient facts to show that

8    notwithstanding the elapse of time there was diligence under the facts pleaded."

9    *Clanton v. Clanton*, 52 Cal. App. 2d 550, 556 (1942); *Estrada v. Alvarez*, 38 Cal. 2d

10   386, 391 (1952) (diligence is a condition of the right to rescind, and many cases have

11   held that delays of less than a year are fatal to the right to rescind).

12        Here, Plaintiffs allege that they were informed about criminal investigations, civil

13   lawsuits, and numerous lawsuits filed in federal and state court against the Other

14   Franchisees within the past <u>three years</u>.  Complaint, ¶ 3.  Plaintiffs further allege that

15   Century 21 brought a lawsuit against the Other Franchisees in July 2006.  (Complaint,

16   ¶ 4.)  Plaintiffs also allege that Century 21 "ignored" complaints about the Other

17   Franchisees and failed to terminate them in the July 2006 lawsuit.  (Complaint, ¶¶ 2, 4.)

18        Plaintiffs thus admit they knew or should have known of the facts on which they

19   base their rescission claims as long as 3 years ago and, at the very latest, by July 2006,

20   which is 18 months before they gave notice of rescission in February 2008.

21   (Complaint, ¶¶ 2-4 and 40.)  Plaintiffs' allegations reflect on the face of the Complaint

22   that they did not promptly give notice of rescission, and therefore all of their rescission

23   claims are barred.

24   //

25   //

26   //

Page 6 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    **C.    Plaintiffs Fail to Identify with Specificity What Contract or Contracts They**
2    **Seek to Rescind**

3    Plaintiffs allege that their franchise relationship with Century 21 began in 1993

4    and refer to another franchise agreement in September 2002.  (Complaint, ¶17, 19.)  In

5    fact, Plaintiffs are parties to <u>five separate franchise agreements</u> with Century 21 for five

6    different locations, and their first contract with Century 21 dates back to 1977!  Plaintiffs

7    have not specifically identified which agreement or agreements they seek to rescind.

8    Therefore, each of the claims for rescission should be dismissed.

9

10    **V. PLAINTIFFS' FIRST CAUSE OF ACTION FOR RESCISSION BASED ON**
      **"FRAUD"**

11

12    **A.    Plaintiffs Fail to Plead Fraud with Sufficient Particularity**

13    In order to obtain rescission, Plaintiffs must sufficiently state a claim against

14    Century 21 for the underlying fraud.  See Cal. Civ. Code § 1689(b); *Contra Costa*

15    *County Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65 (1960) (no right to rescind without

16    proving all the elements of the underlying fraud claim).

17    Federal Rule of Civil Procedure 9(b) states, in pertinent part: "In alleging fraud or

18    mistake, a party must state with particularity the circumstances constituting fraud or

19    mistake."  One district court explained this requirement:  "To satisfy this heightened

20    pleading requirement, the complaint must 'state the time, place, <u>and specific content of</u>

21    <u>the false representations as well as the identities of the parties to the</u>

22    <u>misrepresentation</u>.' The Ninth Circuit has stated that 'allegations of fraud [must be]

23    specific enough to give defendants notice of the particular misconduct which is alleged

24    to constitute the fraud charged so that they can defend against the charge and not just

25    deny that they have done anything wrong.'" *Silicon Knights v. Crystal Dynamics*, 983 F.

26    Supp. 1303, 1315 (N.D. Cal. 1997) (emphasis added; citations omitted); *Neubronner v.*

Page 7 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    *Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Vess v. Ciba Geigy Corp. USA,* 317 F.3d 1097,

2    1106-08 (9th Cir. 2003) (failure to allege fraud with sufficient specificity is grounds for

3    dismissal: "Averments of fraud must be accompanied by the who, what, when, where,

4    and how of the misconduct charged.")

5        Plaintiffs fail to identify who at Century 21 made any of the alleged

6    misrepresentations. They repeatedly assert only that unnamed "agents, employees

7    and/or representatives" of Century 21 made alleged statements. (Complaint, ¶¶ 14, 16,

8    19.) Plaintiffs also fail to identify the specific contents of the alleged misrepresentations.

9    Plaintiffs' allegations do not come close to satisfying the heightened requirements for

10   pleading fraud against Century 21.

11

12   **B.    Plaintiffs Fail to Plead the Necessary Elements of Fraud**

13       To state a claim for fraud, Plaintiffs must allege with particularity each of the

14   following elements: (a) misrepresentation (false representation, concealment, or

15   nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to

16   induce reliance; (d) justifiable reliance; and (e) resulting damage. *Lazar v. Superior*

17   *Court of Los Angeles County*, 12 Cal. 4th 631, 638 (1996).

18

19       **1.    Plaintiffs Fail to Plead a Misrepresentation**

20       Plaintiffs have not alleged that Century 21 made any misrepresentation. They

21   allege only that Century 21 made certain promises and failed to keep the promises.

22   (Complaint, ¶¶34, 38). Mere non-performance of a contract does not give rise to a fraud

23   claim. *Fanucchi & Limi Farms v. United Agri Products,* 414 F.3d 1075, 1088 (9th Cir.

24   2005).

25       A claim for breach of a promise can support a fraud claim only if Plaintiffs allege

26   that, at the time the promise was made, Century 21 had no intention to perform.

Page 8 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    *Fanucchi, supra,* at 1088.  The Complaint contains no such allegation.  It simply states,

2    "Century 21 has failed and refused to hold other franchisees to the high standards it

3    allegedly claimed that it required…"  (Complaint, ¶ 34.)  Thus, Plaintiffs have not alleged

4    any actionable misrepresentation.

5

6    **2.    Plaintiffs Fail to Plead Proximate Cause**

7    Plaintiffs make conclusory allegations that Century 21's failure to enforce its

8    standards against the Other Franchisees was the proximate cause of Plaintiffs' damage.

9    (Complaint, ¶ 36.)  These allegations are insufficient.  "Mere conclusory allegations of

10   fraud are insufficient" to state a claim for fraud.  *Moore v. Kayport Package Express*,

11   885 F.2d 531, 540 (9th Cir. 1989).

12   In fact, Plaintiffs admit that they have been harmed by the misconduct of the

13   Other Franchisees.  (Complaint, ¶¶ 2, 3, 34, and 36.)  To adequately plead proximate

14   cause, Plaintiffs must, but cannot, allege facts that show that Century 21 could have

15   prevented the harm allegedly caused by the misconduct of the Other Franchisees.

16

17   **VI. PLAINTIFF'S SECOND CAUSE OF ACTION FOR RESCISSION BASED ON**
     **"MUTUAL MISTAKE"**

18

19   **A.    The Purported "Mistake" was not Mutual**

20   "By mutual mistake is meant *a situation where both parties share the same*

21   *misconception* …."  *Sutter Youth Organization, Inc. v. Borsen*, 214 Cal. App. 2d 676,

22   680 (1963).  To be entitled to rescission based on mutual mistake, Plaintiffs here must

23   allege with specificity facts showing that Century 21 shared Plaintiffs' unreasonable,

24   purported mistaken belief that Century 21 had an obligation to terminate franchisees

25   who failed to adhere to Century 21's standards.  Cal. Civ. Code § 1689(b).

26

Page 9 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    Instead, Plaintiffs allege that Century 21 had a _different_ belief about its

2    obligations under the franchise agreement.  Complaint, ¶ 46.  Where Plaintiffs allege

3    that the parties had different "beliefs," there is obviously no mutual mistake here.

4

5    **B.    Plaintiffs Fail to Plead Mistake With Sufficient Particularity**

6    A claim of "mistake" must meet the heightened pleading standard of FRCP 9(b),

7    which requires that Plaintiffs "state with particularity the circumstances constituting fraud

8    or mistake."  FRCP 9(b).

9    Plaintiffs plead the mutual mistake based on information and belief, without

10   providing any factual support to the allegations.  (Complaint, ¶ 46.)  These types of

11   conclusory allegations are insufficient.  _Neubronner v. Milken_, 6 F.3d 666, 672 (9th Cir.

12   1993) (to satisfy the heightened pleading standard of Federal Rule of Procedure 9(b), "a

13   plaintiff who makes allegations on information and belief must state the factual basis for

14   the belief.");  _Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141_ (C. D. Cal.

15   2003);  _Wenger v. Lumisys, Inc._, 2 F. Supp. 2d 1231, 1239 (N. D. Cal. 1998).  As with

16   their fraud claim, Plaintiffs' general and conclusory allegations concerning the

17   circumstances constituting mistake are insufficient, and the second cause of action

18   should be dismissed.

19

20   **C.    Plaintiffs' Own Allegations Foreclose Any Possible Mistake**

21   When Plaintiffs entered into the franchise agreement with Century 21, Plaintiffs

22   knew what Century 21 could do if any franchisee, including the Other Franchisees,

23   breached a franchise agreement.  Plaintiffs expressly allege that Century 21's Policy

24   and Procedure Manual made clear that, in such instance, Century 21 has the _option_ to

25   terminate or not terminate such a franchisee.  (Complaint, ¶ 24.) Plaintiffs' Complaint

26   includes the following excerpt from the Policy and Procedure Manual:

Page 10 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1         "Franchisees shall abide by the terms of the Policy and Procedure Manual

2         … For this reason, CENTURY 21 Franchisees are contractually bound by

3         the mandatory provisions of the Manual … their failure to comply with

4         these provisions is grounds for termination <u>at Franchisor's option</u>."

5  (Complaint, ¶ 24; emphasis added.)

6         Plaintiffs thus were fully aware that Century 21 had the option, not the obligation,

7  to terminate the Other Franchisees for violating Century 21's standards.    This

8  knowledge expressly belies Plaintiffs' allegations that it believed Century 21 was

9  required to terminate defaulting franchisees.  (Complaint, ¶¶ 24, 46.)

10

11       **D.**    **The Alleged "Mistake" Does Not Support Rescission**

12         The purported "mistake" on which Plaintiffs base their rescission claim is that,

13  when they entered into the franchise agreement, they believed that Century 21 had a

14  contractual obligation to Plaintiffs to terminate the Other Franchisees for breaches of

15  franchise agreements to which Plaintiffs were not a party.  (Complaint, ¶ 46.).  This

16  purported "mistake" cannot support rescission.

17         A mistake that can give rise to a right to rescind an agreement is either a mistake

18  of law or a mistake of fact.  Cal. Civ. Code § 1576.

19         A mistake of law is  "1. A misapprehension of the law by all parties, all supposing

20  that they knew and understood it, and all making substantially the same mistake as to

21  the law; or, 2. A misapprehension of the law by one party, of which the others are aware

22  at the time of contracting, but which they do not rectify."  Cal. Civ. Code § 1578.

23  Plaintiffs do not even attempt to allege a mistake of law.

24         Plaintiffs do not allege a cognizable mistake of fact either.  "A mistake of fact is a

25  mistake, not caused by the neglect of a legal duty on the part of the person making the

26  mistake, and consisting in: 1. An unconscious ignorance or forgetfulness of a fact <u>past</u>

Page 11 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1   or present, material to the contract; or 2. Belief in the present existence of a thing

2   material to the contract, which does not exist, or in the past existence of such a thing,

3   which has not existed." Cal. Civ. Code § 1577 (emphasis added). Plaintiffs only allege

4   that they misunderstood what Century 21 would do in the future if another franchisee

5   breached a franchise agreement. (Complaint, ¶ 46.) This allegation does not involve a

6   mistake about any fact or thing that occurred prior to or at the time of entering into the

7   contract. (Complaint, ¶ 46.)

8        There is simply no authority that supports Plaintiffs' assertion that a mistake

9   about the interpretation of a party's future contractual obligation is grounds for

10  rescission. If that were the case, every breach of contract claim involving a dispute

11  about the interpretation of a contract provision would support rescission. Moreover,

12  Plaintiffs' assertion contradicts judicial policy that seeks to enforce, rather than forfeit,

13  contracts. *Abi, Inc. v. City of L.A.*, 153 Cal. App. 3d 669, 681-682 (1984) (the public

14  policy of California militates strongly against forfeiture of the contractual rights and

15  provisions, and a contract or law providing for forfeiture must be strictly interpreted

16  against the party for whose benefit it is created.) This Court should dismiss Plaintiffs'

17  Second Cause of Action for rescission based on a "mutual mistake."

18

19  **VII. PLAINTIFFS' THIRD CAUSE OF ACTION FOR RESCISSION BASED ON**
    **"UNILATERAL MISTAKE"**

20

21  **A.    Plaintiffs Fail to Plead Mistake With Sufficient Particularity**

22       Plaintiffs are not entitled to rescission based on unilateral mistake because they

23  fail to plead the circumstances constituting the purported mistake with sufficient

24  particularity to meet the heightened pleading standard of Federal Rule of Civil

25  Procedure 9(b). Complaint, ¶¶ 54, 55; *Neilson v. Union Bank of Cal., N.A.,* 290 F.

26

Page 12 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    *Supp. 2d 1101, 1141* (C. D. Cal. 2003); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231,

2    1239 (N. D. Cal. 1998); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

3

4    **B.    Plaintiffs Fail to Plead the Required Elements of Unilateral Mistake**

5    To be entitled to rescission under California law for a unilateral mistake, the party

6    seeking rescission must allege with specificity both that the unilateral mistake is known

7    to the other contracting party <u>and</u> is encouraged or fostered by that party.   Cal. Civ.

8    Code § 1689(b); *Merced County Mutual Fire Insurance Company v. The State of*

9    *California,* 233 Cal. App. 3d 765, 772 (1991).

10    Plaintiffs allege that their purported belief that Century 21 would terminate other

11    franchisees that failed to adhere to the Century 21 standards is a "unilateral mistake"

12    that supports rescission.   (Complaint, ¶ 54.)   Plaintiffs do not allege, however, that

13    Century 21 knew that Plaintiffs had such a mistaken belief.   Further, Plaintiffs only

14    allege on information and belief that Century 21 encouraged or fostered such mistaken

15    belief, without pleading any factual support for these allegations, which must be done

16    with specificity under Federal Rule of Civil Procedure 9(b).   (Complaint, ¶ 55.)

17    Accordingly, Plaintiffs fail to state any claim of unilateral mistake that could justify

18    rescission.

19

20    **C.    Plaintiffs' Own Allegations Foreclose Any Possible Mistake**

21    Plaintiffs admit they knew that Century 21 had the option (and not the obligation)

22    to terminate the Other Franchisees for violation of the Policy Manual. (Complaint, ¶ 24.)

23    This admission forecloses Plaintiffs' allegation that it reasonably believed Century 21

24    was required to terminate defaulting franchisees. (Complaint, ¶¶ 24, 46.)   Accordingly,

25    there is no possible "mistake" to support rescission.

26    //

Page 13 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

**D.    There is No Rescindable "Mistake"**

As discussed above in Section VI(D), Plaintiffs do not allege a cognizable "mistake" that would permit rescission of the franchise agreement and guaranty.  Cal. Civ. Code §§ 1577, 1578, and 1689; *see* Complaint ¶¶ 54, 55.)

## VIII.  PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "FAILURE OF CONSIDERATION"

California Civil Code § 1689(b) states that a party to a contract may rescind the contract "(2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. (3) If the consideration for the obligation of the rescinding party <u>becomes entirely void</u> from any cause. (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, <u>fails in a material respect</u> from any cause." (Emphasis added.)

"Read together, these provisions are interpreted to mean that <u>a contract may be rescinded if there is either a total failure of consideration or a partial but material failure of consideration</u>." *Flagship West, LLC v. Excel Realty Partners, L.P.*, 2005 U.S. Dist. LEXIS 29623, *8 (E. D. Cal. 2005) (citations omitted; emphasis added).

Rescission is only warranted for breaches that are material. *Flagship West, supra*, at *8.  A breach resulting in a partial failure of consideration is material if the breach goes to the essence of the contract.  *Federal Deposit Ins. Corp. v. Air Florida System, Inc.*, 822 F.2d 833, 840 (9th Cir. 1987) ("[A] partial failure of consideration justifies rescission only if the failure is material, or goes to the essence of the contract."); *Wyler v. Feuer*, 85 Cal. App. 3d 392, 403-4 (1978) ("Case law has uniformly held that a failure of consideration must be material, 'or go to the essence' of the contract before rescission is appropriate."); *Crofoot Lumber*, 163 Cal. App. 2d 324, 333 (1958) ("The injured party . . . can not maintain an action for restitution of what he has given the

Page 14 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1   defendant unless the defendant's non-performance is so material that it is held to go to
2   the essence. . . .") (quoting Corbin on Contracts § 1104, p. 464).

3       Here, Plaintiffs do not, and cannot, allege that Century 21's failure to terminate
4   franchise agreements with the two Other Franchisees, agreements to which Plaintiffs
5   were not even parties, is a material breach that goes to the essence of Plaintiffs'
6   franchise agreement.    To do so, Plaintiffs would have to allege facts showing that
7   Plaintiffs received no value under their agreements with Century 21.    Plaintiffs'
8   conclusory allegation that Century 21's conduct "rendered useless the value of the
9   Century 21 brand name" (Complaint, ¶¶ 61, 17, 19) is absurd given the breadth of the
10  Century 21 franchise system and Plaintiffs' extensive use of the Century 21 marks and
11  system.   Century 21's alleged failure to terminate the two Other Franchisees simply
12  cannot, as a matter of law and common sense, destroy the essence of a contractual
13  relationship Plaintiffs admit has been ongoing for at least 15 years.

14

15      **IX.  PLAINTIFFS' FIFTH CAUSE OF ACTION FOR RESCISSION BASED ON
            "COMMERCIAL FRUSTRATION"**

16

17      "Commercial frustration" or "frustration of purpose" applies if "performance
18  remains possible, but the *fundamental reason of both parties* for entering into the
19  contract has been frustrated by an unanticipated supervening circumstance, thus
20  destroying substantially the value of performance by the party standing on the contract."
21  *Cutter Laboratories, Inc., v. Charles M. Twining*, 221 Cal. App. 2d 302, 314-15 (1963)
22  (emphasis in original).

23      Frustration of purpose arises "when a change in circumstances makes one
24  party's performance virtually worthless to the other, frustrating his purpose in making the
25  contract. ... First, the purpose that is frustrated must have been a principal purpose of
26  that party in making the contract. It is not enough that he had in mind some specific

Page 15 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1   object without which he would not have made the contract. The object must be so
2   completely the basis of the contract that, as both parties understand, without it the
3   transaction would make little sense. Second, the frustration must be substantial.  It is
4   not enough that the transaction has become less profitable for the affected party or
5   even that he will sustain a loss. The frustration must be so severe that it is not fairly to
6   *be regarded as within the risks that he assumed under the contract.* Third, the non-
7   occurrence of the frustrating event must have been a basic assumption on which the
8   contract was made." Restatement 2d of Contracts, § 265, comment a.

9        For the same reason Plaintiffs cannot allege a claim for failure of consideration,
10  the facts do not support a claim for commercial frustration.  The misconduct of two
11  Other Franchisees is simply insufficient, as a matter of law, to destroy the value and
12  purpose of the alleged 15-year contractual relationship.

13       Moreover, there has been no "change in circumstances."  As Plaintiffs admit in
14  their Complaint, Century 21 has always had the option to choose whether or not to
15  terminate a defaulting franchisee.  (Complaint, ¶ 24.)

16

17  ## X.  PLAINTIFFS' SIXTH CAUSE OF ACTION FOR RESCISSION BASED ON "IMPRACTICABILITY"

18

19       For performance under a contract to be impracticable, the claimant must show
20  that "extreme and unreasonable difficulty, expense, injury, or loss to one of the parties
21  will be involved… However, 'impracticability' means more than 'impracticality.' A mere
22  change in the degree of difficulty or expense due to such causes as increased wages,
23  prices of raw materials, or costs of construction, unless well beyond the normal range,
24  does not amount to impracticability since it is this sort of risk that a fixed-price contract
25  is intended to cover. Furthermore, a party is expected to use reasonable efforts to
26  surmount obstacles to performance, and a performance is impracticable only if it is so in

Page 16 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    spite of such efforts." Restatement 2d of Contracts, § 261, comment d (citation

2    omitted); McCalden v. California Library Ass'n, 919 F.2d 538, 542 (9th Cir. 1990) (a

3    party invoking impracticability, also known as impossibility, must show that he used

4    reasonable efforts to surmount the obstacles which prevented performance).

5    For the same reason Plaintiffs cannot allege a claim for failure of consideration or

6    frustration of purpose, the facts do not support a claim for impracticability. Plaintiffs

7    have not alleged, and cannot allege, that the cost of Plaintiffs' performance under the

8    franchise agreement (and guaranty) are substantially and unreasonably higher than the

9    benefits Plaintiffs received under the franchise agreement (and guaranty) simply

10   because Century 21 did not terminate the franchise agreements of the two Other

11   Franchisees sooner than they did. This cause of action should be dismissed.

12

13   **XI. PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

14

15   **A.     Plaintiffs Have Not Alleged a Contractual Obligation**

16   In order to state a claim for breach of contract, Plaintiffs must allege a contractual

17   duty. Walsh v. W. Valley Mission Cmty. College Dist., 66 Cal. App. 4th 1532, 1545

18   (1998) (elements for a breach of contract claim are (1) a contract, (2) plaintiff's

19   performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to

20   plaintiff).

21   Plaintiffs allege that Century 21's failure to terminate the Other Franchisees

22   caused harm to Plaintiffs. (Complaint, ¶¶ 18, 20, 22, 24.) Yet, Plaintiffs conspicuously

23   fail to allege that Century 21 owed Plaintiffs any express contractual obligation to

24   terminate the Other Franchisees.

25   To the contrary, Plaintiffs allege that the Policy Manual made clear that

26   Century 21 had the option to terminate a defaulting franchisee. (Complaint, ¶ 24.)

Page 17 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    Thus, Plaintiffs have  not alleged a cognizable contractual duty, and their claim for

2    breach of contract should be dismissed.

3

4    **B.    The Implied Covenant Cannot Contradict the Express Contract Provision**

5            The implied covenant of good faith and fair dealing cannot prevail over the

6    express terms of a contract.  As the California Supreme Court has held,

7            "[A]s a general matter, implied terms should never be read to vary express

8            terms. 'The general rule [regarding the covenant of good faith] is plainly

9            subject to the exception that the parties may, by express provisions of the

10           contract, grant the right to engage in the very acts and conduct which

11           would otherwise have been forbidden by an implied covenant of good faith

12           and fair dealing. ... [¶] This is in accord with the general principle that, in

13           interpreting a contract "an implication ... should not be made when the

14           contrary is indicated in clear and express words." ... [¶] <u>As to acts and</u>

15           <u>conduct authorized by the express provisions of the contract, no covenant</u>

16           <u>of good faith and fair dealing can be implied which forbids such acts and</u>

17           <u>conduct</u>. And if defendants were given the right to do what they did by the

18           express provisions of the contract there can be no breach.'"

19   *Carma Developers (California), Inc. v. Marathon Dev. Cal.*, 2 Cal. 4th 342, 374 (1992).

20           Here, the express provisions of the Policy and Procedure Manual state that

21   Century 21 has the "option" to terminate a franchisee who defaults.  (Complaint, ¶ 24.)

22   Accordingly, Plaintiffs cannot allege that Century 21 had an implied obligation to

23   terminate the Other Franchisees, as that allegation <u>contradicts</u> the express contractual

24   provision that gives Century 21 the option.  (Complaint, ¶ 82.)  Since an obligation

25   cannot be implied where there is an express provision, Plaintiffs' claim for breach of the

26   implied covenant of good faith and fair dealing should be dismissed.

Page 18 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1  **C.    The Implied Covenant Does Not Permit Plaintiffs to Second-Guess Century
       21's Business Decisions**

2

3      The root of Plaintiffs' claim is that they disagree with Century 21's decision about

4  how to handle the defaults of the Other Franchisees.  Plaintiffs cannot assert a breach

5  of contract claim based on this type of second-guessing of Century 21's business

6  judgment.

7      The implied covenant of good faith and fair dealing cannot be used to "second-

8  guess" a franchisor's decision-making process if made in good faith.  *In re Sizzler*

9  *Restaurants International, Inc.*, 225 B.R. 466 (Bktcy. C. D. Cal. 1998); *Burger King v.*

10 *Agad,* 941 F. Supp. 1217, 1222 (N.D. Ga. 1996) (implied covenant of good faith and fair

11 dealing cannot be used to second-guess franchisor's legitimate business decisions);

12 *Vasco v. Mobil Oil Corp.,* 698 F. Supp. 102, 104 (D.Md. 1988) ("'Good faith' has been

13 uniformly interpreted as meaning subjective good faith, that is, an honest evaluation of

14 the franchisor's economic decisions.")

15     Even if these decisions have a detrimental effect on the franchisees' businesses,

16 a court should not second-guess the franchisor's good faith business decisions. *Sizzler,*

17 *supra*, at 474; s*ee also Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297-99

18 (5th Cir. 1997) (no breach of the implied covenant of good faith and fair dealing despite

19 the fact that franchisor's national marketing strategy and concept made individual

20 franchisee less competitive and resulted in loss of business); *Vaughn v. General Foods*

21 *Corp.,* 797 F.2d 1403, 1413 (7th Cir. 1986) (no protection against dissatisfaction of

22 franchisee with the degree of success it achieved as a result of franchisor's attempts to

23 create a viable franchise system).

24 //

25 //

26 //

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    **D.    Plaintiffs Fail to Plead Proximate Cause**

2    Plaintiffs allege that they have been harmed by the misconduct of the Other

3    Franchisees. (Complaint, ¶ 4.) Plaintiffs must, but cannot, allege facts that show that

4    Century 21's enforcement of the franchise standards would have prevented the harm

5    allegedly already caused by the Other Franchisees. Plaintiffs' failure to sufficiently

6    allege proximate cause is fatal to their breach of contract claim.

7

8                **XII. PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "FRAUD"**

9    For all the same reasons Plaintiffs are not entitled to rescission based on fraud

10   under their First Cause of Action, Plaintiffs' claim for damages for fraud fails as well.

11   See Section V, above.

12

13          **XIII. PLAINTIFFS' NINTH CAUSE OF ACTION FOR "NEGLIGENT**
                            **MISREPRESENTATION"**
14

15   Plaintiffs claim that Century 21 negligently promised what it would do in

     performance of the franchise agreement. (Complaint, ¶ 92.) There is no such thing as a
16
     negligent misrepresentation claim based on a false promise. The California Court of
17
     Appeal has held "[t]o be actionable, a negligent misrepresentation must ordinarily be as
18
     to past or existing material facts. '[P]redictions as to future events, or statements as to
19
     future action by some third party, are deemed opinions, and not actionable fraud.'"
20
     *Tarmann v. State Farm Mutual Automobile Insurance Co.*, 2 Cal. App. 4th 153, 158
21
     (1991).
22
     The *Tarmann* court explained why there is no such thing as a negligent false
23
     promise:
24
            "To maintain an action for deceit based on a false promise, one must
25
            specifically allege and prove, among other things, that the promisor did not
26

Page 20 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111

1    intend to perform at the time he or she made the promise and that it was

2    intended to deceive or induce the promisee to do or not do a particular

3    thing.    Given this requirement, an action based on a false promise is

4    simply a type of *intentional* misrepresentation, i.e., actual fraud. The

5    specific intent requirement also precludes pleading a false promise claim

6    as a negligent misrepresentation, i.e., 'The assertion, as a fact, of that

7    which is not true, by one who has no reasonable ground for believing it to

8    be true.' Simply put, making a promise with an honest but unreasonable

9    intent to perform is wholly different from making one with no intent to

10    perform and, therefore, does not constitute a false promise. Moreover, <u>we</u>

11    <u>decline to establish a new type of actionable deceit: the negligent false</u>

12    <u>promise</u>."

13  *Tarmann, supra*, at 159 (citations omitted) (underline emphasis added; italics in

14  original).

15

16      **XIV.  PLAINTIFFS' TENTH CAUSE OF ACTION FOR STATUTORY "UNFAIR BUSINESS PRACTICES"**

17

18    Plaintiffs include a claim seeking restitution and an injunction for unfair business

19  practices under California Business and Professions Code § 17200, *et. seq.*, which

20  provides, in pertinent part:  "As used in this chapter, unfair competition shall mean and

21  include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive,

22  untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with

23  Section 17500) of Part 3 of Division 7 of the Business and Professions Code."   A

24  plaintiff alleging unfair business practices under the unfair competition statutes "must

25  state with reasonable particularity the facts supporting the statutory elements of the

26  violation." *Silicon Knights, supra*, at 1316.

Page 21 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    As this cause of action is based entirely on the preceding causes of action, it is

2    defective for all the reasons set forth above. *Silicon Knights, supra,* at 1316.

3    Plaintiffs' allegations are also wholly conclusory.   They do not specify what

4    alleged conduct by Century 21 violates the statute or how.   (Complaint, ¶¶ 97, 98.)

5    Plaintiffs also do not allege what conduct of Century 21 they want the court to enjoin.

6    Without an allegation of which conduct Plaintiffs seek to enjoin, there is necessarily no

7    allegation of how granting the unspecified injunction would prevent Plaintiffs' harm.

8

9    ### XV.  PLAINTIFFS' ELEVENTH CAUSE OF ACTION FOR "VIOLATION OF CORPORATIONS CODE § 31201, *ET SEQ.*"

10

11   **A.    Plaintiffs Fail to Plead the Misrepresentations with the Requisite Specificity Required under FRCP 9(b)**

12

13   "It is unlawful for any person to offer or sell a franchise in this state by means of

14   any written or oral communication not enumerated in Section 31200 which includes an

15   untrue statement of a material fact or omits to state a material fact necessary in order to

16   make the statements made, in the light of the circumstances under which they were

17   made, not misleading."   Cal. Corp. Code § 31201.   A claim under this statute is a

18   statutory claim based on fraudulent misrepresentation. *Spahn v. Guild Industries Corp.*,

19   94 Cal. App. 3d 143, 158 (1979).

20   Accordingly, the pleading requirements of Federal Rule of Civil Procedure 9(b)

21   apply to claims under this statute. *Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S.

22   Dist. LEXIS 22898, *82 n. 98 (C.D. Cal. 2000) ("plaintiffs' pleading of the § 31200 claim

23   was governed by Federal Rule of Civil Procedure 9(b)'s requirement that 'the

24   circumstances constituting [the] fraud . . . be stated with particularity'.")   For the same

25   reasons Plaintiffs' First and Eighth Causes of Action for fraud fail, their Eleventh Cause

26   of Action also fails.

Page 22 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    **B.    Plaintiffs' Claim Under the Statute is Barred by the Statute of Limitations**

2    A claim under Cal. Corp. Code § 31201, *et. seq.,* must be brought "before the

3    expiration of two years after the violation upon which it is based, expiration of one year

4    after the discovery by the plaintiff of the facts constituting such violation, or 90 days after

5    delivery to the franchisee of a written notice disclosing any violation of Section 31201 or

6    31202 which notice shall be approved as to form by the commissioner, <u>whichever shall

7    first expire</u>." Cal. Corp. Code § 31304. (Emphasis added.)

8    Here, Plaintiffs allege that they were informed that criminal investigations, civil

9    lawsuits, and numerous lawsuits were filed in federal and state court against the Other

10   Franchisees over the past three years. (Complaint, ¶ 3.) Plaintiffs further allege that

11   Century 21 brought a lawsuit against the Other Franchisees in July 2006. (Complaint,

12   ¶ 4.)

13   Plaintiffs' own pleadings thus reveal that they discovered or reasonably should

14   have discovered the purported violation of Cal. Corp. Code § 31201, *et. seq.* by July

15   2006. (Complaint, ¶¶ 2-4.) Since Plaintiffs did not bring their action against Century 21

16   for violation of the statute until February 2008, Plaintiffs' claim is barred by the one-year

17   statute of limitations. Cal. Corp. Code § 31304.

18

19   **XVI. ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN**

20   Plaintiffs had five different franchise agreements with Century 21 for five different

21   offices. Plaintiffs allege a relationship dating back to 1993 (Complaint, ¶ 17), with one

22   other franchise agreement in 2002 (Complaint, ¶ 19). All of Plaintiffs' claims are based

23   on these unidentified agreements.

24   Because it is unclear which franchise agreement or agreements are the basis of

25   Plaintiffs' claims, Plaintiffs' entire Complaint is too vague and ambiguous for Century 21

26   to respond. Accordingly, pursuant to Federal Rule of Civil Procedure 12(e), Plaintiffs

Page 23 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1  should be required to make more definite and certain which franchise agreements are

2  the basis of their claims.

3       DATED:  March 26, 2008.

4                     SUSSMAN SHANK, LLP

5                     By

6                     John A. Schwimmer, SBN 109861
                      Laurie R. Hager, SBN 212162
                      Attorneys for Defendant

7

8  F:\CLIENTS\17641\021\P-MOTION TO DISMISS.DOC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 24 – DEFENDANT CENTURY 21 REAL ESTATE LLC'S MOTION TO DISMISS
AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN

1    <u>CERTIFICATE OF SERVICE</u>

2    I certify that on March 26, 2008, I served, **via UPS Overnight Delivery**, a full and

3    correct copy of the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION TO**

4    **DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6)), OR, IN**

5    **THE ALTERNATIVE, TO MAKE MORE DEFINITE AND CERTAIN (FRCP 12(e));**

6    **MEMORANDUM OF POINTS AND AUTHORITIES**, to the interested parties of record,

7    addressed as follows:

8         Ronald R. Rossi
          Susan R. Reischl
9         Rossi, Hammerslough, Reischl & Chuck
          1960 The Alameda, Suite 200
10        San Jose, CA 95126

11

12    Dated:        March 26, 2008

13

14

15    Laurie R. Hager, OSB No. 01271

16    F:\CLIENTS\17641\021\CERTMASTER.DOC

17

18

19

20

21

22

23

24

25

26

Page 1 - CERTIFICATE OF SERVICE