1    **RONALD R. ROSSI (SBN 43067)**
    **SUSAN R. REISCHL (SBN 94307)**
2    **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
    **1960 The Alameda, Suite 200**
3    **San Jose, CA 95126-1493**
    **Tel: (408) 261-4252**
4    **Fax: (408) 261-4292**

5    Attorneys for Plaintiffs, ALPHA FACTORS, INC., a California Corporation dba CENTURY 21
    ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually

6

7

8               IN THE UNTIED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

| | |
|---|---|
| 11   ALPHA FACTORS, INC., a California Corporation dba CENTURY 21 ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually, | **Case No.: C0801408 RS** |
| 12 | **FIRST AMENDED COMPLAINT FOR:** |
| 13          Plaintiffs, | 1.   **RESCISSION BASED ON FRAUD;** |
| 14       vs. | 2.   **RESCISSION BASED ON MUTUAL MISTAKE;** |
| 15   CENTURY 21 REAL ESTATE, LLC., a Delaware Limited Liability Company, and DOES 1 through 10 inclusive, | 3.   **RESCISSION BASED ON UNILATERAL MISTAKE;** |
| | 4.   **RESCISSION BASED ON FAILURE OF CONSIDERATION;** |
| | 5.   **RESCISSION BASED ON COMMERCIAL FRUSTRATION;** |
| Defendants. | 6.   **RESCISSION BASED ON IMPRACTICABILITY OF PERFORMANCE;** |
| | 7.   **BREACH OF CONTRACT;** |
| | 8.   **FRAUD;** |
| | 9.   **NEGLIGENT MISREPRESENTATION;** |
| | 10.   **UNFAIR BUSINESS PRACTICES UNDER BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;** |
| | 11.   **VIOLATION OF CORPORATIONS CODE § 31201, *ET SEQ.*** |

Plaintiffs Alpha Factors, Inc., a California Corporation dba Century 21 Alpha Factors

(hereinafter "Century 21 Alpha"), and Edward V. Zimbrick allege as follows:

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

## PRELIMINARY AND VENUE ALLEGATIONS

**A.    THE CENTURY 21 FRANCHISOR FRAUD**

1.    Defendant Century 21 Real Estate, LLC., formerly known as Century 21 Real Estate, LLC., has actively contributed to the local decline in the real estate industry and the public's disenchantment with real estate agents and brokers affiliated with the Century 21 franchise brand name as a result of its complicity with local real estate franchisees whose conduct has actively contributed to the subprime loan crisis and rising foreclosure threats.  Defendant Century 21 Real Estate, LLC. (hereinafter referred to as "defendant" and/or "Century 21"), a franchisor of real estate broker companies, promised its franchisees that it would instill and enforce ethical standards of conduct and quality control measures among all of its franchisees in order to protect and enhance the Century 21 trade name and image for the benefit of all franchisees.  Among other things, it promised franchisees it would mandate compliance with its rules and standards to assure that consumers received the high quality of service defendant Century 21 touted were associated with its reputation and brand name.

2.    While making these high-minded representations to its franchisees, defendant Century 21 selectively chose to overlook and ignore the unethical, fraudulent, and criminal activities of some of its franchisees.  Why?  Because Century 21 was reaping the high franchise fees and royalty fees produced by the questionable behavior of certain franchisees.  When other franchisees became aware that certain local franchisees were not adhering to the standards allegedly imposed by Century 21, they pressured defendant Century 21 to remedy the problems or to remove the unethical local franchisees from the greater franchise network.  Specifically, plaintiff is informed and believes and thereon alleges that other franchisees complained to defendant Century 21 Real Estate, LLC. that local franchisees Century 21 Su Casa and/or Century 21 Ruby and its principals were engaging in conduct that was ruining the reputation of all affiliated Century 21 franchisees, brokers, and real estate agents in the greater Silicon Valley area and asked them to terminate their franchises. Defendant Century 21 Real Estate, LLC chose to ignore and disregard these complaints, ultimately resulting in the tarnishing of the Century 21 logo and brand name among the public in the greater Silicon Valley area and the loss of credibility and reputation in the real estate industry to franchisees

Rossi, Hamerslough, Reinholt & Chuck 1960 The Alameda Suite 200 San Jose, CA 95126-1493 Ph (408) 261-4252 Fax (408) 261-4292

1  such as plaintiff Century 21 Alpha.

2      3.    Plaintiffs are informed and believe and thereon allege that within the last three years,

3  Century 21 was aware that Su Casa/Ruby and/or their owners had become the target of criminal

4  investigations as well as civil suits and that numerous lawsuits had been filed in federal court and/or

5  in the Santa Clara County Superior Court against these entities and/or their brokers of record and

6  affiliated real estate agents.  Plaintiffs are further informed and believe and thereon allege that

7  judgments have been entered into or settlements reached in some of these actions while others remain

8  open.  Plaintiffs are further informed and believe and thereon allege that the California Department of

9  Real Estate has an "ongoing inquiry" into Su Casa.  Plaintiffs are further informed and believe and

10  thereon allege that defendant Century 21 was aware of the various lawsuits which had been filed,

11  many of which were reported in local newspaper articles, yet continued to do nothing to terminate the

12  disreputable franchisees, although no longer collecting franchise fees or royalty fees.

13      4.    In fact, plaintiffs are informed and believe and thereon allege that defendant Century

14  21 Real Estate, LLC., in or about July, 2006, filed a Complaint against Century 21 Su Casa and

15  Century 21 Ruby, as well as its principals Bic D. Pho and David McCain, and their affiliated

16  corporate entity Vision Quest 21 arising out of seven separate franchise agreements said parties had,

17  collectively, entered into with defendant Century 21 Real Estate, LLC beginning in 1996.  As set

18  forth in that action, filed in Santa Clara County, defendant Century 21 Real Estate, LLC had not only

19  entered into franchise agreements with these franchisees, but had also loaned them monies keeping

20  their questionable business practices afloat.  Plaintiffs are informed and believe and thereon allege

21  that defendant Century 21 Real Estate, LLC allowed Su Casa, Ruby, and/or their principals to run up

22  obligations in excess of $1 million in fees while allowing them to continue conducting business as

23  Century 21 franchises.  Although Su Casa, Ruby and/or their owners were allegedly seriously in

24  default to defendant Century 21 Real Estate, LLC, it did absolutely nothing to terminate their

25  activities and/or their franchises, and instead simply sued for the monies owed, and not for rescission,

26  termination or cancellation of the respective franchise agreements.  Plaintiffs are informed and

27  believe and thereon allege that said defendant's conduct, in failing to terminate the disreputable

28  franchisees as part of its legal action, demonstrates Century 21 Real Estate, LLC's intent to avoid its

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  obligation to enforce the standards of conduct it sets for its franchisees.  Said conduct by Century 21

2  Real Estate, LLC constitutes a breach of its obligations to maintain and increase the value of the

3  Century 21 mark so that Alpha Factors, Inc., and the other Century 21 Real Estate, LLC franchisees

4  could realize the full benefit of the Century 21 brand name.

5  **B.    THE PARTIES**

6      5.    Alpha Factors, Inc. is a California Corporation doing business as Century 21 Alpha

7  Factors with its principal place of business in the County of Santa Clara, State of California.  Plaintiff

8  Alpha Factors is a duly licensed real estate broker.

9      6.    Plaintiff Edward V. Zimbrick is the Guarantor of the Franchise Agreement described

10  hereinafter.  Plaintiff Edward Zimbrick is also the President of Alpha Factors.

11      7.    Plaintiffs are informed and believe and thereon allege that Century 21 Real Estate,

12  LLC. is a Delaware Limited Liability Company formerly known as Century 21 Real Estate

13  Corporation and a licensed real estate broker doing business in the County of Santa Clara, California

14  (hereinafter "Century 21" or "Franchisor").

15      8.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate,

16  associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, and therefore

17  sue said defendants by such fictitious names pursuant to the Code of Civil Procedure §474.  Plaintiffs

18  will pray leave of Court to amend this Complaint to allege their true names and capacities when the

19  same have been ascertained.

20      9.    Plaintiffs are informed and believe and thereon allege that each of the fictitiously

21  named defendants is responsible in some manner for the occurrences herein alleged and that

22  plaintiffs' injuries and damages were proximately caused thereby.  As used herein, the word

23  "defendants" shall mean the named defendants as set forth above and defendants DOES 1 through 10,

24  and each of them.

25      10.    At all times mentioned herein, defendants, and each of them, were the agents,

26  servants, employees, or alter egos of their co-defendants, and each of them, and were joint venturers

27  with, or co-partners with, or sureties for their co-defendants, and each of them, and were at all times

28  mentioned herein acting within the course and scope of said agency, employment, and/or other

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                                                          4

1  relationship.

2      11.    The Franchise Agreement and Guaranty Agreements described hereinafter were

3  entered into and/or were to be performed in the County of Santa Clara, California.

4                                    **FIRST CAUSE OF ACTION**
       **(Rescission Based On Fraud Against Defendant Century 21 Real Estate, LLC.)**
5

6      12.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 11 as

7  though set forth in full herein.

8      13.    Prior to September, 1993, plaintiff Century 21 Alpha was seeking to become affiliated

9  with a strong, well-known, and reputable franchisor of real estate brokers in order to enhance its

10  business opportunities and attract real estate agents and clients to its business as a result of its

11  affiliation with a recognized and locally, regionally, and nationally known real estate brand.  One of

12  the real estate franchisors Century 21 Alpha was considering was defendant Century 21.  Plaintiff

13  Century 21 Alpha knew that part of the value to Century 21 Alpha of being associated with a strong,

14  nationally known franchisor was the instant credibility it would gain with the public as a result of its

15  affiliation with same.  Century 21 Alpha was aware that since many members of the public, including

16  many buyers and sellers of real property, do not understand that franchise offices are not all owned

17  by one company but are, instead, separate franchisees, when the credibility of any one franchisee in a

18  national chain becomes impaired, so does that of other franchisees.  As a result, plaintiff Century 21

19  Alpha was only interested in becoming a franchisee of a real estate franchisor who had wide

20  recognition and who also maintained and enforced its standards as to all franchisees of its brand.

21      14.    Prior to September, 1993, franchisor/defendant Century 21, through its agents,

22  employees, representatives, and in its marketing materials represented to Century 21 Alpha that its

23  Century 21 brand name enjoyed tremendous name recognition with the public, was one of the most,

24  if not the most, recognized brands in real estate in the country, and that its brand name was instantly

25  recognized by consumers in the real estate industry.  Additionally, defendant Century 21's agents,

26  employees, representatives and marketing materials represented, *inter alia*, (1) that its franchise

27  system was designed to enable real estate offices to compete more effectively in the real estate sales

28  market, (2) that it required all franchisees to adhere to minimum standards in order to enhance the

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                                                    5

1  reputation and goodwill associated with the service mark "Century 21," (3) that franchisees were

2  obligated to carry out certain obligations in order to enhance that service mark for the benefit of all

3  franchisees, (4) that it offered extensive agent training and recognition programs in order to ensure

4  that its franchisees maintained and adhered to the mandatory standards imposed by defendant

5  Century 21, and (5) that it aggressively and diligently monitored all franchisees to ensure their

6  adherence to Century 21's standards in order to maintain and increase the value of the Century 21

7  name for all current or prospective franchisees.

8      15.    At all times, plaintiff Century 21 Alpha's representatives advised defendant Century

9  21 that it was seeking only to be affiliated with such a franchisor as represented by defendant Century

10  21 in order to be competitive in the real estate market and in order to successfully run a real estate

11  office attracting both agents and clients.

12      16.    At all times prior to entering into the September, 1993 Franchise Agreement described

13  hereinafter, defendant Century 21's agents, employees, representatives and marketing materials

14  provided assurances that Century 21 Alpha understood to mean that all of its franchisees were

15  required to adhere to Century 21's stringent standards so as to enhance the reputations and

16  opportunities of all franchisees affiliated with the Century 21 name and that if Century 21 Alpha

17  became a franchisee, it would enjoy the protection and security measures imposed by defendant

18  Century 21 upon all of its franchisees implemented to assure compliance with their various franchise

19  agreements. Dr. Richard McKenna, a Century 21 representative, stated to plaintiff and other

20  individuals in attendance at a Century 21 Management Academy session that franchisees that did not

21  adhere to Century 21's policies and procedures would be terminated.  While conducting Century 21's

22  management development course, Michael Devlin and Dave Wellbeloved, both Century 21

23  instructors for the Century 21 Northern California Region, advised plaintiff and other franchisees that

24  failure to follow Century 21's Policy and Procedure manual would result in termination of the

25  franchisee.

26      17.    Based on the representations and assurances of defendant Century 21 as set forth

27  above, on or about September 8, 1993, plaintiff Century 21 Alpha was induced to execute a written

28  Franchise Agreement with defendant Century 21, and plaintiff Edward V. Zimbrick was induced to

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1    execute a written Guaranty of same.

2        18.    The actual terms and conditions of the September 1993 Franchise Agreement

3    reinforced and contractually provided that defendant Century 21 would, in fact, adhere to all of the

4    representations and assurances described above regarding its imposition of ethical and other quality

5    standards upon all of its respective franchisees.  In the Recital portion of said Franchise Agreement,

6    Century 21 stated that it had developed "a system for the promotion and assistance of independently

7    owned and operated real estate brokerage offices, including policies, procedures and techniques

8    designed to enable such offices to compete more effectively in the real estate sales market[.]"

9    Century 21 agreed, in the September Franchise Agreement, to impart to Century 21 Alpha as its

10   franchisee its real estate brokerage, selling and promotional merchandizing methods and techniques

11   associated with the Century 21 System, and to maintain a staff to give assistance and service to

12   Century 21 Alpha as one of its franchisees.  Century 21 also agreed, pursuant to the terms and

13   conditions of the September, 1993 Franchise Agreement, that said defendant would operate a sales

14   training program on a periodic basis for the various Century 21 franchisees and their sales personnel.

15   The September, 1993 Franchise Agreement further provided that each franchisee was required to

16   adhere to the standards set forth in the Century 21 Policy and Procedure Manual, including the ethical

17   and operational standards set forth therein.

18       19.    Thereafter, when the original term of the September, 1993 Franchise Agreement was

19   due to expire, Century 21 Alpha was considering whether it should continue to maintain its franchise

20   affiliation with Century 21.  On or before September 8, 2002, in order to induce Century 21 Alpha to

21   execute a new Franchise Agreement and to induce Edward Zimbrick to execute a new Guaranty,

22   defendant Century 21's representative, Richard Bromley once again made the same representations

23   and assurances previously set forth.  Said representations and assurances were also made through

24   defendant Century 21's marketing materials that were provided to prospective franchisees.

25       20.    At all times, it was Century 21 Alpha's understanding that, based on the

26   representations made and the terms and conditions of the 1993 Franchise Agreement that not only

27   would defendant Century 21 require Century 21 Alpha to maintain these minimum standards, but that

28   it also required all of its franchisees to do so in order to enhance the reputation and business success

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

---

1   of all franchisees using the Century 21 brand.

2       21.     As a direct result of these renewed assurances and representations, and the ratification

3   of the assurances previously made, and in reliance on same, on or about September 8, 2002, Century

4   21 Alpha executed 5 new written Century 21 Real Estate Franchise Agreements for its branch offices

5   with defendant Century 21, and on or about that same date plaintiff Edward Zimbrick executed

6   written Guaranties of payment and performance of the 2002 Franchise Agreements.

7       22.     Further, based on the representations of Century 21 previously set forth, Century 21

8   Alpha agreed contractually, *inter alia*, to pay the franchise fees and royalty fees specified in the 2002

9   Franchise Agreements as well as to perform the other duties and obligations set forth therein.  Among

10  other things, pursuant to Paragraph 11(C), Century 21 Alpha acknowledged that it was obligated to

11  adhere to the minimum standards associated with the Century 21 system to enhance the reputation

12  and goodwill associated with its service mark.

13      23.     The terms and conditions of the September, 2002 Franchise Agreements again

14  provided that Century 21 had "developed a system for the promotion and assistance of independently

15  owned and operated real estate brokerage offices, including policies, procedures and techniques

16  designed to enable such office to compete more effectively in the real estate market[.]"  It also

17  provided that defendant Century 21 further agreed to "impart to franchisee its real estate brokerage,

18  selling, promotional and merchandizing methods and techniques associated with the CENTURY 21

19  System, and shall maintain a staff to give assistance and service to franchisee."  Century 21 further

20  agreed that it would operate a sales training program on a periodic basis for Century 21 franchisees

21  and their sales personnel.

22      24.     Pursuant to the 2002 Franchise Agreements, defendant Century 21 imposed a

23  condition that its franchisees abide by the terms of its Policy and Procedure Manual.  The Policy and

24  Procedure Manual required that

25          "Franchisees shall abide by the terms of this Policy and Procedure
            Manual, and supervise their employees and sales associates to
26          assure compliance with its terms. For this reason, CENTURY 21
            Franchisees are contractually bound by the mandatory provisions
27          of the Manual... their failure to comply with these provisions is
            grounds for termination of the Franchise Agreement, at
28          Franchisor's option."

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

25.     The Policy and Procedure Manual also specifically represented that

> "The CENTURY 21® System currently enjoys tremendous name recognition with the public. The information in this Franchise Identity System section is part of your Franchise Agreement requirements. Often referred to as "The Logo Book," the Franchise Identity System is used to continue to project a uniform identification system for CENTURY 21 Franchisees that is instantly recognized by the consumer. Deviations from these standards and formats weaken our collective image. Therefore, changes may not be made without the written consent of Franchisor."

*          *          *          *          *

> "CENTURY 21® is the most recognized name in real estate."

26.     Pursuant to the Policy and Procedure Manual, defendant Century 21 represented that it imposed upon all of its franchisees "certain mandatory provisions which must be followed in order to protect and enhance the CENTURY 21 trade name and image. Compliance with these mandatory provisions will assure that consumers continue to receive the high quality of service associated with the Service Mark 'CENTURY 21.'"

27.     As provided in the Policy and Procedure Manual, Century 21 represented that "The wearing of the Gold Jacket and other Career Apparel enhances consumer awareness" of the Century 21 brand.

28.     In its Policy and Procedure Manual, Century 21 required that "An attitude of cooperation shall be maintained among CENTURY 21® Franchisees. When a Franchisee has been notified of a potential problem with another CENTURY 21 Franchisee, the other Franchisee shall be contacted promptly. Together, these Franchisees shall attempt to reach an amicable solution."

29.     The Policy and Procedure Manual further provided that "Each Franchisee is encouraged to promote and participate in Franchisor activities, such as training programs, sales rallies, International Conventions and special events, and to encourage Office Personnel to take an active part in such activities."

30.     The Policy and Procedure Manual continued to reiterate defendant Century 21's mantra that Century 21 demanded that its franchisees comply with a "high quality of service." In order to assure same, the Policy and Procedure Manual provided as follows:  "To help assure the

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT

9

1  continuing delivery of high quality service by Franchisees, upon the closing (settlement) of each

2  transaction which Franchisee has handled for either a buyer or seller ("a client"), Franchisor may

3  contact Franchisee's client (or a sampling of clients), to obtain ratings of the service and performance

4  of Franchisee and Franchisee's Sales Associates in the transaction."

5        31.    The Policy and Procedure Manual required, *inter alia*, that "The Franchisee shall

6  maintain the highest standards in advertising placed by the Office."

7        32.    From time to time during the term of the September, 2002 Franchise Agreements,

8  plaintiff Century 21 Alpha was provided with promotional, marketing and other materials from

9  defendant Century 21 reiterating, *inter alia*, that nationally it had a strong reputation; that it was at the

10  top of the market; that it was considered one of the "most trusted" real estate organizations among the

11  public; that, since 1999, according to an independent research firm, it was one of the most recognized

12  names in real estate; that a leading surveyor had verified that consumer preference for the Century 21

13  brand was the leading indicator of future business results; that its "Gold Jacket" was one of the most

14  recognized icons in the real estate industry; that it maintained award-winning training programs that

15  led the industry; that it provided unparalleled broker services in support; that it provided world-class

16  marketing programs that stimulate preference and generate leads for the system members; that it was

17  on the cutting edge of technology for lead management and tracking; that it had one of the largest

18  referral networks in the world; and that its strong brand was able to command a higher market share

19  than its competitors and/or higher profit margins on the same market share, that its franchisees were

20  "professional champions," and that it was the "preeminent brand in the real estate industry."

21        33.    Without the representations and assurances on the part of defendant Century 21

22  previously set forth, Century 21 Alpha would never have entered into the Real Estate Franchise

23  Agreements of September, 2002 and fulfilled all of the duties and conditions set forth in those

24  Agreements, and Edward Zimbrick would not have executed the Guaranties of same.

25        34.    The representations made by defendant Century 21 were, in fact, false. Within the last

26  three years prior to filing this Complaint, Century 21 has failed and refused to hold other franchisees

27  in Santa Clara County and the greater Silicon Valley to the high standards it allegedly claimed that it

28  required and has failed to ensure that other franchisees acted in such a manner as to promote the

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                                          10

1   credibility of the Century 21 logo and brand name to the benefit of all franchisees, including Century

2   21 Alpha.  Plaintiffs are informed and believe and thereon allege that within the last three years,

3   defendant Century 21 became aware of numerous problems associated with local real estate

4   franchisees of Century 21 known as Century 21 Su Casa and/or Century 21 Ruby.  Apparently, for

5   some time during the last three years, Century 21 became aware of the failure of these franchisees

6   and their owners to adhere to the Century 21 standards.  Among other things, Su Casa and Ruby were

7   apparently engaged in various fraudulent activities, as set forth hereinafter, which defendant Century

8   21 failed to discovery, monitor, or remedy.  Plaintiffs are informed and believe and thereon allege

9   that other franchisees apparently pressured defendant Century 21 to enforce its standards with respect

10  to Su Casa and/or Ruby and/or to remove them from the franchise network.  However, Century 21

11  failed to sever its business relationship with these franchisees and/or their owners and instead allowed

12  them to continue to utilize the Century 21 brand name to the detriment of Century 21 Alpha.

13  Accordingly, Century 21 failed to effectively enforce its allegedly high standards and protect its

14  service marks resulting in harm to plaintiff Century 21 Alpha.

15       35.     Plaintiffs are informed and believe and thereon allege that during the last three years,

16  Century 21 became aware that Su Casa and/or Ruby were engaged in the following fraudulent real

17  estate and/or loan activities:

18       (a)    Soliciting unqualified clients to purchase homes and/or obtain loans;

19       (b)    Obtaining funding for financially unqualified clients from sub-prime lenders
20              who offered "stated" or "no income" verification loans at higher interest rates
                than conventional loans;

21
22       (c)    Submitting false information on loan applications and supporting documents to
                lenders;

23       (d)    Utilizing third parties with higher credit scores as "straw buyers" and
24              misrepresenting to lenders that the third parties would occupy the homes in
                order to generate fees;

25       (e)    Paying third parties, not the actual buyers, to qualify for loans;

26
27       (f)    Inflating clients' incomes and bank account balances; falsifying employment,
                rent and credit information; misrepresenting citizenship; altering social
28              security cards and bank statements; and misrepresenting clients' tax returns;

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

(g)  When lenders called to check references, impersonating employers, landlords and creditors to falsely verify information; and

(h)  Obtaining millions of dollars in loan commissions and real estate commissions from their fraudulent loan activities.

36.  As a direct and proximate result of Century 21's failure to enforce its franchise standards as against Su Casa and/or Ruby, plaintiffs have been damaged.  Among other things, plaintiffs have been forced to pay franchise and royalty fees to defendant Century 21 for a brand name which has become stigmatized and which has lost credibility among members of the public and within the local real estate industry.  Plaintiffs are informed and believe and thereon allege that for all intents and purposes, within the County of Santa Clara and the greater Silicon Valley area, the value of the Century 21 brand name has been significantly discredited and in fact destroyed, resulting in a loss of plaintiff Alpha Factors' good will and reputation in the real estate industry and its attendant loss of clientele and market share.  Among other things, part of the value to plaintiffs from being associated with the Century 21 logo and brand name was the instant credibility it formerly gained with the public as a result of its affiliation with same and its ability to attract talented, knowledgeable, and successful real estate agents.  Plaintiff Century 21 Alpha is informed and believes and thereon alleges that real estate agents have severed their affiliation with plaintiff and that it has failed to attract new real estate agents as a result of the stigmatized Century 21 brand name.  Further, said plaintiff has suffered loss of income both through the loss of its agents and through the loss of buyers and sellers who formerly utilized and/or would have utilized the services of plaintiff if Century 21's brand name had not been besmirched.  Among other things, said plaintiff has lost substantial monies over the years as well as anticipated profits while being forced to pay excessive fees and royalties to defendant.

37.  Plaintiffs are informed and believe and thereon allege that defendant Century 21 decided to turn a "blind eye and deaf ear" to the actions of Su Casa/Ruby and/or their owners while reaping royalty and franchise fees from franchisees such as Century 21 Alpha.

38.  At the time the representations were made to plaintiff Century 21 Alpha by Century 21 regarding its enforcement and protection of the Century 21 brand name, and at the time plaintiff entered into the 1993 Franchise Agreement and the 2002 Franchise Agreements and plaintiff

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  Zimbrick entered into the Guaranties of these Franchise Agreements, plaintiffs did not know the

2  representations were false and believed them to be true. Plaintiffs' reliance was reasonable since,

3  among other things, they continued to receive marketing material, announcements, promotional

4  material, and other documents, communications, and information from Century 21 about the value of

5  the Century 21 brand name and its insistence on all franchisees adhering to its franchisor standards.

6      39.     The representations and assurances made by defendant Century 21 franchisor were

7  made knowingly and with the intent to induce plaintiffs to rely on them and to enter into the

8  Franchise Agreements previously described as well as the Guaranties previously set forth in order to

9  obtain defendant Century 21 Real Estate, LLC.'s financial advantage.

10     40.     On or about February 5, 2008, plaintiffs, through their counsel of record, advised

11  defendant Century 21 in writing that they were rescinding the 2002 Franchise Agreements and the

12  2002 Guaranties.

13     41.     Plaintiffs intend service of the Summons and Complaint in this action as further notice

14  of rescission of the 2002 Franchise Agreements and 2002 Guaranties and hereby demand that

15  defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs,

16  including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21

17  Alpha.

18     42.     Plaintiffs will suffer substantial harm and injury under the Franchise Agreements and

19  Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit of the

20  bargain they would have gained in the form of reputation, market share, and the ability to attract real

21  estate agents and buyers and sellers of real estate as a franchisee associated with a reputable

22  franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor

23  who has lost credibility because of its impugned and impaired reputation in Santa Clara County and

24  the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

25     43.     As a direct and proximate result of the actions and inaction of defendant Century 21 as

26  set forth above, plaintiff Century 21 Alpha is entitled to restitution of the consideration it has paid to

27  defendant Century 21, including but not limited to franchise fees and royalty fees, as well as to

28  consequential damages.

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

44.    Contained within the 2002 Franchise Agreements previously described is a provision for attorney's fees. As a result of the fraud committed by defendant Century 21, plaintiffs were forced to hire an attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their attorney's fees and costs in an amount to be determined by this Court.

**SECOND CAUSE OF ACTION**
**(Rescission Based On Mutual Mistake Against Defendant Century 21 Real Estate, LLC.)**

45.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 44 as though set forth in full herein.

46.    Plaintiffs are informed and believe and thereon allege that at the time they entered into the 2002 Franchise Agreements and the 2002 Guaranties previously set forth that plaintiffs were under the mistaken belief that throughout the term of the 2002 Franchise Agreements, defendant Century 21 would require all franchisees to adhere to the high standards allegedly imposed by defendant Century 21 and require them to remedy any problems or, if unremedied, would remove any franchisees who violated the Century 21 standards from the franchise network. Plaintiffs are informed and believe and thereon allege that defendant Century 21 was under the different belief that, at all times, at its own discretion, it could chose to enforce or not enforce its standards of conduct on all of its franchisees and, instead, could impose such standards on certain franchisees while not enforcing same as to other franchisees depending on the impact on the franchisees' revenue potential.

47.    Plaintiffs contend that they are entitled to rescission based on this mutual mistake.

48.    Plaintiffs will suffer substantial harm and injury under the Franchise Agreements and Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit of the bargain they would have gained in the form of reputation, market share, and the ability to attract real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor who has lost credibility because of its impugned and impaired reputation in Santa Clara County and the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

49.    On or about February 5, 2008, plaintiffs, through their counsel of record, advised defendant Century 21 in writing that they were rescinding the 2002 Franchise Agreements and the 2002 Guaranties.

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                                                14

50.    Plaintiffs intend service of the Summons and Complaint in this action as further notice of rescission of the Franchise Agreements and Guaranties and hereby demand that defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

51.    As a direct and proximate result of the conduct of defendant Century 21 as set forth above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21, including but not limited to franchise fees and royalty fees, as well as to consequential damages.

52.    Contained within the Franchise Agreements previously described is a provision for attorney's fees. As a result of the mutual mistake, plaintiffs were forced to hire an attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their attorney's fees and costs in an amount to be determined by this Court.

## THIRD CAUSE OF ACTION
### (Rescission Based On Unilateral Mistake Against Defendant Century 21 Real Estate, LLC.)

53.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 52 as though set forth in full herein.

54.    Alternatively, at the time plaintiffs entered into the 2002 Franchise Agreements and 2002 Guaranties previously set forth, plaintiffs were under the mistaken belief that Century 21 would enforce all of its standards equally as to all of its local franchisees.

55.    At all times, plaintiffs are informed and believe and thereon allege that defendant Century 21 knew plaintiffs were under such unilateral mistake, which was encouraged or fostered by defendant Century 21 through its marketing and promotional materials. At all times, defendant Century 21 remained silent and did not disabuse plaintiffs and their representatives of this mistaken belief.

56.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreements and 2002 Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit of the bargain they would have gained in the form of reputation, market share, and the ability to attract real estate agents and buyers and sellers of real estate as a franchisee associated with a reputable franchisor. They also will be forced to continue to conduct business as a franchisee of a franchisor who has lost credibility because of its impugned and impaired reputation in Santa Clara

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  County and the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

2      57.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

3  of rescission of the Franchise Agreements and Guaranties and hereby demand that defendant Century

4  21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs, including but not

5  limited to the franchise fees, royalty fees, and other monies paid by Century 21 Alpha.

6      58.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

7  above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21,

8  including but not limited to franchise fees and royalty fees, as well as to consequential damages.

9      59.    Contained within the 2002 Franchise Agreements previously described is a provision

10  for attorney's fees.  As a result of the unilateral mistake, plaintiffs were forced to hire an attorney and

11  incur attorney's fees and costs.  As a result, plaintiffs are entitled to recoupment of their attorney's

12  fees and costs in an amount to be determined by this Court.

13                    **FOURTH CAUSE OF ACTION**
       **(Rescission Based On Failure Of Consideration Against Defendant**
14                    **Century 21 Real Estate, LLC.)**

15      60.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 59 as

16  though set forth in full herein.

17      61.    Defendant Century 21's conduct in tarnishing the reputation of the Century 21 brand

18  name among the real estate industry and the public in Santa Clara County and the greater Silicon

19  Valley constitutes a failure of consideration which has rendered useless the value of the Century 21

20  brand name to plaintiff Century 21 Alpha.

21      62.    Said failure of consideration has arisen, in whole or in part, through the fault of

22  defendant Century 21.  The failure of consideration is material to plaintiff Century 21 Alpha's usage

23  of the Century 21 brand name.

24      63.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreements

25  and 2002 Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit

26  of the bargain they would have gained in the form of reputation, market share, and the ability to

27  attract real estate agents and buyers and sellers of real estate as a franchisee associated with a

28  reputable franchisor.  They also will be forced to continue to conduct business as a franchisee of a

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                          16

1    franchisor who has lost credibility because of its impugned and impaired reputation in Santa Clara

2    County and the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

3        64.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

4    of rescission of the 2002 Franchise Agreements and 2002 Guaranties and hereby demand that

5    defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs,

6    including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21

7    Alpha.

8        65.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

9    above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21,

10   including but not limited to franchise fees and royalty fees, as well as to consequential damages.

11       66.    Contained within the 2002 Franchise Agreements previously described is a provision

12   for attorney's fees. As a result of the failure of consideration, plaintiffs were forced to hire an

13   attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their

14   attorney's fees and costs in an amount to be determined by this Court.

15                       **FIFTH CAUSE OF ACTION**

16   **(Rescission Based On Commercial Frustration Against**
                  **Defendant Century 21 Real Estate, LLC.)**

17       67.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 66 as

18   though set forth in full herein.

19       68.    As a direct and proximate result of the conduct of defendant Century 21 previously set

20   forth, the expected value of the performance to plaintiff Century 21 Alpha and its fundamental reason

21   for entering into the 2002 Franchise Agreements and for plaintiff Zimbrick's execution of the 2002

22   Guaranties thereof – its association with a strong, nationally known franchisor who had instant

23   credibility with the public and the real estate industry – has been frustrated as a result of an

24   unanticipated superseding circumstance, namely, Century 21's determination that, in its sole

25   discretion, it would not uniformly enforce its standards as to its Santa Clara County and greater

26   Silicon Valley franchisees, including Century 21 Su Casa and Century 21 Ruby.

27       69.    The purpose of plaintiff Century 21 Alpha's use of and affiliation with the Century 21

28   brand name was within the contemplation of both plaintiff and defendant Century 21 at the time of

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1    the execution of the 2002 Franchise Agreements and the 2002 Guaranties.

2        70.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreements

3    and 2002 Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit

4    of the bargain they would have gained in the form of reputation, market share, and the ability to

5    attract real estate agents and buyers and sellers of real estate as a franchisee associated with a

6    reputable franchisor.  They also will be forced to continue to conduct business as a franchisee of a

7    franchisor who has lost credibility because of its impugned and impaired reputation in Santa Clara

8    County and the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

9        71.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

10    of rescission of the 2002 Franchise Agreements and 2002 Guaranties and hereby demand that

11    defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs

12    including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21

13    Alpha.

14        72.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

15    above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21

16    including but not limited to franchise fees and royalty fees.

17        73.    Contained within the Franchise Agreements previously described is a provision for

18    attorney's fees.  As a result of the commercial frustration fostered by defendant Century 21, plaintiffs

19    were forced to hire an attorney and incur attorney's fees and costs.  As a result, plaintiffs are entitled

20    to recoupment of their attorney's fees and costs in an amount to be determined by this Court.

21

22                               **SIXTH CAUSE OF ACTION**
**(Rescission Based On Impracticability of Performance Against Defendant Century 21 Real Estate, LLC.)**

23

24        74.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 73 as

25    though set forth in full herein.

26        75.    Defendant Century 21's conduct in selectively enforcing its franchisor standards and

27    in ignoring the conduct of local franchisees in violation of same has entirely destroyed the purpose

28    that both Century 21 Alpha and defendant Century 21 had in mind at the time they executed the 2002

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  Franchise Agreements and the Guaranties thereof.

2      76.    Reasonable efforts were used by plaintiff Century 21 Alpha to surmount the obstacles

3  that prevented performance. However, further performance on the part of plaintiff Century 21 Alpha

4  has been rendered excessive and unreasonable in that, *inter alia*, it is impossible for it to successfully

5  compete as a real estate broker while affiliated with a brand name which has acquired a negative

6  reputation in the real estate industry and among buyers and sellers of real property in Santa Clara

7  County and the greater Silicon Valley.

8      77.    Plaintiffs will suffer substantial harm and injury under the 2002 Franchise Agreements

9  and 2002 Guaranties if they are not rescinded in that plaintiffs will have been deprived of the benefit

10  of the bargain they would have gained in the form of reputation, market share, and the ability to

11  attract real estate agents and buyers and sellers of real estate as a franchisee associated with a

12  reputable franchisor. They also will be forced to continue to conduct business as a franchisee of a

13  franchisor who has lost credibility because of its impugned and impaired reputation in Santa Clara

14  County and the greater Silicon Valley which is now associated with plaintiff Century 21 Alpha.

15      78.    Plaintiffs intend service of the Summons and Complaint in this action as further notice

16  of rescission of the 2002 Franchise Agreements and 2002 Guaranties and hereby demand that

17  defendant Century 21 Real Estate, LLC. restore to them all consideration furnished by said plaintiffs,

18  including but not limited to the franchise fees, royalty fees, and other monies paid by Century 21

19  Alpha.

20      79.    As a direct and proximate result of the conduct of defendant Century 21 as set forth

21  above, plaintiff is entitled to restitution of the consideration it has paid to defendant Century 21

22  including but not limited to franchise fees and royalty fees, as well as to consequential damages.

23      80.    Contained within the Franchise Agreements previously described is a provision for

24  attorney's fees. As a result of the impracticability of performance, plaintiffs were forced to hire an

25  attorney and incur attorney's fees and costs. As a result, plaintiffs are entitled to recoupment of their

26  attorney's fees and costs in an amount to be determined by this Court.

27  ///

28  ///

Rossi, Hamerslough,
Reiseld & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1

## SEVENTH CAUSE OF ACTION
### (Breach Of Contract Against Defendant Century 21 Real Estate, LLC.)

2

3     81.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 80 as

4  though set forth in full herein.

5     82.    The conduct of defendant Century 21 constitutes a breach of the implied covenant of

6  good faith and fair dealing set forth in the 2002 Franchise Agreements and the 2002 Guaranties

7  which provides that defendant Century 21 shall not do anything which would deprive plaintiff

8  Century 21 Alpha of the benefits of the Franchise Agreements, including its right to competitively

9  operate its business in the local real estate market, and plaintiff Zimbrick's right not to guarantee the

10  performance of Franchise Agreements that have virtually no benefit to plaintiff Century 21 Alpha.

11     83.    Plaintiffs Century 21 Alpha and Zimbrick have performed each and every obligation

12  required on their part to be performed pursuant to the 2002 Franchise Agreements and the 2002

13  Guaranties described above with the exception of those excused as a result of the conduct of

14  defendant Century 21 Alpha.

15     84.    As a direct and proximate result of said defendant's breaches of said contracts,

16  plaintiffs have been damaged in excess of the jurisdiction of this Court plus interest thereon.

17     85.    Contained within the 2002 Franchise Agreements previously described is a provision

18  for attorney's fees. As a result of the breach of the Franchise Agreements by defendant Century 21,

19  plaintiffs were forced to hire an attorney and incur attorney's fees and costs. Pursuant to the 2002

20  Franchise Agreements, plaintiffs are entitled to recoupment of their attorney's fees and costs in an

21  amount to be determined by this Court.

22     86.    Under California Code of Civil of Civil Procedure, plaintiffs are entitled to pre-

23  judgment interest as allowed by law.

## EIGHTH CAUSE OF ACTION
### (Fraud Against Defendant Century 21 Real Estate, LLC.)

24

25

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

26     87.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 86 as

27  though set forth in full herein.

28     88.    As a direct and proximate result of the fraud of defendant Century 21, as previously

---

FIRST AMENDED COMPLAINT                                                                20

1  set forth, plaintiffs have been damaged as set forth above.

2      89.    Said defendants' acts were committed maliciously and intentionally in that at all times

3  while holding itself out as a franchisor who enforced its standards of conduct as to all of its

4  franchisees, said defendant recklessly, oppressively, and with fraud, malice, and misconduct towards

5  plaintiff Century 21 Alpha ignored the conduct of other franchisees in violation of their respective

6  franchise agreements and Century 21's standards of conduct, thereby justifying an award of punitive

7  damages.

8      90.    Further, said defendant's fraud has forced plaintiffs to retain counsel to obtain the

9  benefits said plaintiffs should have obtained under the 2002 Franchise Agreements and 2002

10  Guaranties and to recoup the damages they have suffered as a result justifying an award of reasonable

11  attorney's fees.

## NINTH CAUSE OF ACTION
**(Negligent Misrepresentation Against Defendant Century 21 Real Estate, LLC.)**

12

13      91.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 90 as

14  though set forth in full herein.

15      92.    When defendant Century 21 made the representations previously set forth with respect

16  to the enforcement of its standards as to all of its franchisees, it had no reasonable grounds and was

17  aware that it did not have reasonable grounds for making or believing the representations to be true.

18      93.    At the time of making these representations, said defendant concealed its lack of

19  information and consequent inability to make the alleged representations accurately.  These

20  representations were made by said defendant with the intent to induce plaintiff Century 21 Alpha to

21  execute the 2002 Franchise Agreements and plaintiff Zimbrick to execute the 2002 Guaranties.

22      94.    Plaintiffs, at the time said representations were made, and at the time they took the

23  actions previously set forth, were ignorant of said defendant's lack of information and belief and the

24  inaccuracies of its representations and believed them to be true.  In reliance on these representations,

25  plaintiff Century 21 Alpha executed the 2002 Franchise Agreements and paid monies to defendant

26  Century 21 for franchise and royalty fees and plaintiff Zimbrick executed the Guaranties as

27  previously set forth.  If said plaintiffs had known the actual and true facts, they would not have taken

28  such actions.  Plaintiffs' reliance was justified in that said defendant held itself out as a nationally

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

known reputable franchisor of real estate broker businesses whose brand name enjoyed tremendous name recognition with the public and the real estate industries, who was one of the most, if not the most, recognized brands in real estate in the country, and whose brand name was instantly recognized by consumers in the real estate industry.

95.    As a direct and proximate result of said defendant's negligent misrepresentations and the facts herein alleged, plaintiffs have been damaged as previously set forth.

96.    Additionally, plaintiffs are entitled to recover attorney's fees as previously set forth.

## TENTH CAUSE OF ACTION
**(Unfair Business Practices Under Business & Professions Code § 17200 *et seq.* Against Defendant Century 21 Real Estate, LLC.)**

97.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 96 as though set forth in full herein.

98.    Defendant Century 21's actions constitute an unfair business practice pursuant to § 17200 *et seq.* of California's Business & Professions Code entitling plaintiffs to restitution and injunctive relief.  Said defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause and continue to cause great and irreparable injury to plaintiffs, as said defendant will continue to fail to enforce the standards of conduct as to all franchisees while continuing to demand that plaintiff Century 21 Alpha remain associated with the impugned and besmirched Century 21 landmark and continue to pay franchise and royalty fees.

## ELEVENTH CAUSE OF ACTION
**(Violation of Corporations Code § 31201 *et seq.* Against Defendant Century 21 Real Estate, LLC.)**

99.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 98 as though set forth in full herein.

100.    Plaintiffs are informed and believe and thereon allege that defendant Century 21's conduct, as set forth above, is in violation of Corporations Code § 31201 *et seq.* which provides that it is unlawful for any person to offer or sell franchises in this state by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact. As a direct and proximate result of same, plaintiffs are entitled to rescission, restitution, and injunctive relief as previously set forth.

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1     WHEREFORE, plaintiffs pray as follows:

2     1.     For general damages in an amount in excess of the jurisdiction of this court plus

3 interest at the legal rate;

4     2.     For special damages in an amount according to proof;

5     3.     For pre-judgment interest;

6     4.     For punitive and exemplary damages in an amount according to proof;

7     5.     For attorney's fees and costs incurred herein;

8     6.     For a temporary restraining order, preliminary injunction, and permanent injunction

9 enjoining defendant Century 21 and its agents, servants, employees and all persons acting under, in

10 concert with, or for them from failing to enforce their standards of conduct against all franchisees;

11 and

12     7.     For such other and further relief as the court may deem just and proper.

13 DATED:  May ___ 6 , 2008                    ROSSI, HAMERSLOUGH, REISCHL & CHUCK

14

15                                             By _____
                                                 RONALD R. ROSSI, ESQ.
16                                               Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

FIRST AMENDED COMPLAINT                                                              23

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

     I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1960 The Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the documents described below:

FIRST AMENDED COMPLAINT

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

     John A. Schwimmer, Esq.
     Sussman Shank LLP
     1000 SW Broadway, Suite 1400
     Portland OR 97205
     Tel: (503) 227-1111
     Fax: (503) 248-0130

     Attorneys for Defendant Century 21
     Real Estate LLC

[X]    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[ ]    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]    (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s). The transmission was reported as complete and without error. A copy of the Facsimile Transmission Cover Sheet is attached hereto. A copy of the transmission report, which was properly issued by the transmitting facsimile machine, will be attached hereto after transmission.

[ ]    (BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully prepaid to be placed in the Federal Express office at San Jose, California.

[X]    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on May _6_ 2008 at San Jose, California.

_____
YVONNE I. FOLEY

S:\CL\R\R07474\PLEADINGS\FAC.doc

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292