1  John A. Schwimmer (State Bar No. 109861)
   johns@sussmanshank.com
2  Laurie R. Hager, (State Bar No. 212162)
   laurie@sussmanshank.com
3  SUSSMAN SHANK LLP
   1000 SW Broadway, Suite 1400
4  Portland, OR  97205-3089
   Telephone   (503) 227-1111
5  Facsimile     (503) 248-0130

6  Attorneys for Defendant Century 21 Real Estate LLC

7

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12

13  ALPHA FACTORS, INC., a          CASE NO.  C0801408 RS
14  California corporation dba CENTURY
    21 ALPHA FACTORS, INC.;         **DEFENDANT'S NOTICE OF**
15  EDWARD V. ZIMBRICK,             **MOTION AND MOTION TO**
                                    **DISMISS FIRST AMENDED**
16  individually,                   **COMPLAINT FOR FAILURE TO**
                                    **STATE A CLAIM FOR RELIEF**
17          Plaintiff,              **(FRCP 12(b)(6)); MEMORANDUM**
                                    **OF POINTS AND AUTHORITIES**
18       v.

19                                  Date:  July 9, 2008
    CENTURY 21 REAL ESTATE LLC,
20  a Delaware limited liability company,  Time:  9:30 a.m.
    and DOES 1 through 10 inclusive,
21                                  Place: Courtroom 4
            Defendant.
22

23

24

25       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

26       PLEASE TAKE NOTICE THAT on July 9, 2008, at 9:30 a.m., or as soon

27  thereafter as counsel may be heard, in Courtroom 4, 5th Floor, of the above-entitled

28  Court, located at 280 South 1st Street,  San Jose, California  95113, Defendant

1   Century 21 Real Estate LLC ("Century 21") will, and hereby does, move the Court

2   for an order dismissing each cause of action of Plaintiffs' First Amended Complaint

3   for failure to state a claim for relief.

4        This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on

5   the grounds that each cause of action of the First Amended Complaint fails to state a

6   claim upon which relief can be granted against Century 21.

7        The Motion is based upon this Notice of Motion and Motion, the attached

8   Memorandum of Points and Authorities, the papers, pleadings, and records on file in

9   this action, and such further argument as may be presented by Century 21 prior to or

10  at the hearing.

11

12                          SUSSMAN SHANK LLP

13

14            By  */s/ John A. Schwimmer*
                  John A. Schwimmer
15                Laurie R. Hager
                  Attorneys for Defendant Century 21 Real Estate LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION.............................................................................1

II.     ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT ....2

III.    STANDARD ON MOTION TO DISMISS .......................................3

IV.     DEFECTS APPLICABLE TO EACH OF PLAINTIFFS' RESCISSION
        CLAIMS ...................................................................................4

   A.   The Parties' Long Standing Business Relationship Cannot be
        "Rescinded".............................................................................4

   B.   Plaintiffs Failed to Promptly Give Notice of Rescission ...........5

   C.   Plaintiffs Fail to Identify with Specificity What Contract or Contracts
        They Seek to Rescind .................................................................6

V.      PLAINTIFFS' FIRST CAUSE OF ACTION FOR RESCISSION BASED
        ON "FRAUD" .............................................................................7

   A.   Plaintiffs Fail to Plead the Necessary Elements of Fraud..........7

     1.   Plaintiffs Fail to Plead a Misrepresentation or Justifiable Reliance ......7

     2.   Plaintiffs Fail to Plead Proximate Cause ...........................8

   B.   Plaintiffs Fail to Plead Fraud with Sufficient Particularity .......9

VI.     PLAINTIFF'S SECOND CAUSE OF ACTION FOR RESCISSION
        BASED ON "MUTUAL MISTAKE" ............................................10

   A.   The Purported "Mistake" was not Mutual ...............................10

   B.   Plaintiffs' Own Allegations Foreclose Any Possible Mistake...................10

   C.   The Alleged "Mistake" Does Not Support Rescission...............11

   D.   Plaintiffs Fail to Plead Mistake With Sufficient Particularity ...............12

VII.    PLAINTIFFS' THIRD CAUSE OF ACTION FOR RESCISSION BASED
        ON "UNILATERAL MISTAKE" .................................................13

   A.   Plaintiffs Fail to Plead the Required Elements of Unilateral Mistake ....13

   B.   Plaintiffs' Own Allegations Foreclose Any Possible Mistake...................14

   C.   There is No Rescindable "Mistake" ........................................14

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

D. **Plaintiffs Fail to Plead Mistake With Sufficient Particularity**.................14

VIII. **PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "FAILURE OF CONSIDERATION"**..........................................................................14

IX. **PLAINTIFFS' FIFTH CAUSE OF ACTION FOR RESCISSION BASED ON "COMMERCIAL FRUSTRATION"**.................................................16

X. **PLAINTIFFS' SIXTH CAUSE OF ACTION FOR RESCISSION BASED ON "IMPRACTICABILITY"**..........................................................17

XI. **PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT**.......................................................................................18

A. **Plaintiffs Have Not Alleged a Contractual Obligation**...........................18

B. **The Implied Covenant Cannot Contradict the Express Contract Provision**.............................................................................................18

C. **The Implied Covenant Does Not Permit Plaintiffs to Second-Guess Century 21's Business Decisions**..............................................................19

D. **Plaintiffs Fail to Plead Proximate Cause**...............................................20

XII. **PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "FRAUD"**.............20

XIII. **PLAINTIFFS' NINTH CAUSE OF ACTION FOR "NEGLIGENT MISREPRESENTATION"**............................................................................21

XIV. **PLAINTIFFS' TENTH CAUSE OF ACTION FOR STATUTORY "UNFAIR BUSINESS PRACTICES"**.............................................................22

XV. **PLAINTIFFS' ELEVENTH CAUSE OF ACTION FOR "VIOLATION OF CORPORATIONS CODE § 31201, *ET SEQ.*"**.....................................22

A. **Plaintiffs' Claim Under the Statute is Barred by the Statute of Limitations**..........................................................................................22

B. **Plaintiffs Fail to Plead the Misrepresentations with the Requisite Specificity Required under FRCP 9(b)**....................................................23

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) ..4

*Burger King v. Agad*, 941 F. Supp. 1217, 1222 (N.D. Ga. 1996) ...............................19

*Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S. Dist. LEXIS 22898, *82 n. 98
(C.D. Cal. 2000)......................................................................................................23

*Carma Developers (California), Inc. v. Marathon Dev. Cal.*, 2 Cal. 4th 342, 374
(1992) .....................................................................................................................19

*Clanton v. Clanton*, 52 Cal. App. 2d 550, 556 (1942) ...................................................6

*Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297-99 (5th Cir. 1997) ......20

*Contra Costa County Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65 (1960) .................7

*Crofoot Lumber*, 163 Cal. App. 2d 324, 333 (1958) ....................................................15

*Cutter Laboratories, Inc. v. Twining*, 221 Cal. App. 2d 302, 317 (1963)...............6, 16

*Estrada v. Alvarez*, 38 Cal. 2d 386, 391 (1952) ...........................................................6

*Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075, 1088 (9th Cir. 2005)
....................................................................................................................................7, 8

*Federal Deposit Ins. Corp. v. Air Florida System, Inc.*, 822 F.2d 833, 840 (9th Cir.
1987) ......................................................................................................................15

*Flagship West, LLC v. Excel Realty Partners, L.P.*, 2005 U.S. Dist. LEXIS 29623, *8
(E. D. Cal. 2005) ....................................................................................................15

*Hedging Concepts v. First Alliance Mortgage Corp.*, 41 Cal. App.4[th] 1410, 1421-22
(1996) ................................................................................................................12, 14

*In re Sizzler Restaurants International, Inc.*, 225 B.R. 466 (Bktcy. C. D. Cal. 1998)
....................................................................................................................................19, 20

*Joshua Tree Townsite Co. v. Joshua Tree Land Co.*, 100 Cal.App.2d 590, 596 ..........5

*Lazar v. Superior Court of Los Angeles County*, 12 Cal. 4th 631, 638 (1996) .............7

*Leeper v. Beltrami*, 53 Cal. 2d 195, 211-212 (1959)....................................................5

*McCalden v. California Library Ass'n*, 919 F.2d 538, 542 (9th Cir. 1990) ...............17

*McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc*., 339 F.3d 1087, 1096 (9th Cir. 2003)...................................................................................................5

*Merced County Mutual Fire Insurance Company v. The State of California,* 233 Cal. App. 3d 765, 772 (1991) ..................................................................................13

*Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989)....................8

*Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141* (C. D. Cal. 2003)13, 14

*Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)....................................9, 13, 14

*Papenfus v. Webb Products Co.*, 24 Cal.App.2d 559, 563-64 (1938)..........................5

*Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997) .9, 22

*Spahn v. Guild Industries Corp*., 94 Cal. App. 3d 143, 158 (1979)...........................23

*Sutter Youth Organization, Inc. v. Borsen*, 214 Cal. App. 2d 676, 680 (1963) ..........10

*Tarmann v. State Farm Mutual Automobile Insurance Co.*, 2 Cal. App. 4th 153, 158 (1991) .....................................................................................................................21

*Vasco v. Mobil Oil Corp.,* 698 F. Supp. 102, 104 (D.Md. 1988) ...............................19

*Vaughn v. General Foods Corp.,* 797 F.2d 1403, 1413 (7th Cir. 1986) ....................20

*Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106-08 (9th Cir. 2003).....................9

*Walsh v. W. Valley Mission Cmty. College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998) .................................................................................................................................18

*Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1239 (N. D. Cal. 1998) ................13, 14

*Wyler v. Feuer*, 85 Cal. App. 3d 392, 403-4 (1978)...................................................15

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et. seq*..................................................................22

Cal. Civ. Code § 1576....................................................................................................11

Cal. Civ. Code § 1577....................................................................................................11

Cal. Civ. Code § 1578....................................................................................................11

Cal. Civ. Code § 1689................................................................................7, 10, 13, 14

Cal. Civ. Code § 1689(b) ................................................................................................7

Cal. Civ. Code § 1691(b) ................................................................4

Cal. Corp. Code § 31304 ..............................................................23

**Treatises**

Corbin on Contracts § 1104, p. 464 ..............................................15

Restatement 2d of Contracts, § 261, comment d ...........................17

Restatement 2d of Contracts, § 265, comment a ...........................16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Century 21 Real Estate LLC ("Century 21") is a franchisor of one of the world's largest residential real estate sales organizations.  Century 21 franchises more than 8,000 independently owned and operated real estate offices that have more than 142,000 sales professionals in 56 countries and territories.  There are over a dozen current Century 21 franchises besides Plaintiffs in Santa Clara County and the greater Silicon Valley alone.  Out of such a large franchise system, Plaintiffs' Amended Complaint focuses on the alleged misconduct of only <u>two</u> former franchisees.

Plaintiffs Alpha Factors, Inc. dba Century 21 Alpha Factors ("Alpha") and Edward V. Zimbrick (collectively "Plaintiffs") assert 11 causes of action against Century 21 based on Century 21's alleged failure to enforce standards set forth in franchise agreements, to which Plaintiffs were not a party, between Century 21 and two other franchisees.  On May 6, 2008, after Plaintiffs failed to file any opposition or other response, this Court granted Century 21's motion to dismiss the original complaint with leave to amend.  Plaintiffs then filed their First Amended Complaint ("FAC").  The FAC includes very minor changes from the original complaint, and it largely ignores and fails to cure the deficiencies identified in Century 21's original motion to dismiss.

Accordingly, Century 21 is constrained to file yet another motion to dismiss. Plaintiffs still have not alleged any contractual obligation, nor can they cite any legal authority, that imposes a duty owed by Century 21 to Plaintiffs with respect to how Century 21 chooses to handle its relationships with other franchisees.

Based on this non-existent duty, Plaintiffs seek to rescind their relationship with Century 21, which they allege goes back 15 years and actually goes back more than 30 years.  It is simply not possible to "unwind" a 15-year relationship, especially where Plaintiffs have reaped the benefit of the Century 21 marks and franchise

1   system for such a long time. Moreover, Plaintiffs knew about the issues of which

2   they now complain since at least July 2006, and their rescission claims are barred

3   because they did not give notice of rescission promptly, as required by Cal. Civ. Code

4   § 1691.

5       Plaintiffs' allegation that Century 21 promised to terminate defaulting

6   franchisees is expressly contradicted by their own pleading. In the FAC, Plaintiffs

7   admit that the Century 21 Policy and Procedure Manual ("Policy Manual") states

8   that, when a franchisee breaches the Policy Manual, the franchise agreement may be

9   terminated "at Franchisor's <u>option</u>." (FAC, ¶ 24.) This admission that Century 21 has

10  the option to choose whether or not to terminate a defaulting franchisee destroys the

11  fundamental premise underlying each of Plaintiffs' causes of action.

12      All of these defects require that this Court dismiss each of the causes of action

13  of Plaintiffs' Amended Complaint, without leave to amend.

14

15  **II.    ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

16      Plaintiffs allege that Alpha first became a Century 21 franchisee pursuant to a

17  contract dated September 8, 1993, and then renewed the franchise agreement on

18  September 8, 2002. (FAC, ¶¶ 17, 19.)[1] Plaintiffs do not attach to the FAC any of the

19  pertinent agreements, and without citing to any particular contractual provision,

20  allege that Plaintiffs believed that Century 21 promised "that all of its franchisees

21  were required to adhere to [its] stringent standards," and that it "required all of its

22  franchisees to [maintain minimum standards]." (FAC, ¶¶ 16, 20.) Plaintiffs then

23  ─────────────────────

24  [1] While the court is obligated to accept as true Plaintiffs' allegations on this motion to
    dismiss, these allegations have no resemblance to reality. Alpha first became a
25  Century 21 franchisee in 1977. There is no franchise agreement dated September 8,
26  2002. Alpha is a party to <u>five separate franchise agreements</u> with Century 21, signed
    at different times, and each agreement relates to a different franchise location. As
27  discussed below, it is impossible to tell from the FAC precisely which agreement or
28  agreements Plaintiffs intend to place at issue by the FAC.

SUSSMAN
SHANK
LLP

1  seek to contort these vague assertions into an obligation to Plaintiffs that Century 21

2  must terminate other franchisees who allegedly breached franchise agreements to

3  which Plaintiffs were not a party.  (FAC, ¶¶ 3, 34, 37.)  Yet Plaintiffs also allege that

4  Century 21 expressly advised them that, if a franchisee fails to comply with the

5  requirements of Century 21's Policy Manual, such failure is grounds to terminate the

6  franchise agreement "at Franchisor's option."  (FAC, ¶ 24.)

7       Plaintiffs allege that two other Century 21 franchisees ("Other Franchisees")

8  engaged in bad conduct.  (FAC, ¶ 2.)  Plaintiffs admit that Century 21 sued these

9  Other Franchisees.  (FAC, ¶ 4.)  But Plaintiffs allege they are entitled to rescind their

10  franchise agreement and recover damages simply because Century 21 did not

11  terminate the Other Franchisees sooner than Plaintiffs would have liked.  (FAC, ¶ 4.)[2]

12       By this lawsuit, Plaintiffs seek to second guess Century 21's business decisions

13  about how to handle alleged problems with the Other Franchisees.  Plaintiffs claim

14  that Century 21's business decision not to terminate the Other Franchisees earlier

15  tarnished the Century 21 mark.  (FAC, ¶¶ 2-4.)  Yet, Plaintiffs have continued to use

16  and profit from the Century 21 marks, which is likely why Plaintiffs fail to allege any

17  specific damages caused by Century 21's conduct.  Instead, Plaintiffs merely allege

18  unsupported, speculative future harm.  (FAC, ¶ 42.)[3]

19

20         **III.    STANDARD ON MOTION TO DISMISS**

21       To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a

22  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

23  ———————————————

24  [2] Plaintiffs allege that Century 21 did not terminate the Other Franchisees because it

25  was collecting significant fees from them (FAC, ¶ 2), but then Plaintiffs admit that
   Century 21 sued the Other Franchisees for failure to pay such fees.  (FAC, ¶ 4.)

26

27  [3] Plaintiffs also fail to inform the Court that, as recently as February 6, 2007, eight
   months after Century 21 had sued the Other Franchisees, Plaintiffs signed a broad

28  release of all known and unknown claims they might have against Century 21.

1    more than labels and conclusions, and a formulaic recitation of the elements of a

2    cause of action will not do.  Factual allegations must be enough to raise a right to

3    relief above the speculative level, on the assumption that all the allegations in the

4    amended complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v.*

5    *Twombly*, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  On claims governed by

6    the heightened pleading standard of Federal Rule of Civil Procedure 9(b), claims

7    based on misrepresentation or mistake must be alleged with specificity to avoid an

8    FRCP 12(b)(6) dismissal.

9

10   **IV.    DEFECTS APPLICABLE TO EACH OF PLAINTIFFS' RESCISSION**

11   **CLAIMS**

12

13   **A.    The Parties' Long Standing Business Relationship Cannot be "Rescinded"**

14           Rescission is only permitted if Plaintiffs can promptly restore the value they

15   received under their agreements with Century 21.  Cal. Civ. Code § 1691(b).

16   Plaintiffs  allege they entered into agreements with Century 21 in 1993 and 2002 (and

17   the relationship actually dates back to 1977).  (FAC, ¶¶ 17 and 19.)  That means for at

18   least 15 years, Plaintiffs have received the value of the use of the Century 21 mark

19   and franchise system.  (FAC, ¶¶ 1, 2, 13-16, 18, and 32.)  It is simply not possible to

20   unwind a business relationship that has been ongoing for 15 years.

21           For instance, Plaintiffs allege they received from Century 21 "instant

22   credibility…with the public" by being "associated with a strong, nationally known

23   franchisor."  (FAC, ¶ 13.)  Plaintiffs received from Century 21 training in "policies,

24   procedures and techniques designed to enable [Plaintiffs] to compete more effectively

25   in the real estate market," as well as "selling and promotional merchandizing methods

26   and techniques."  (FAC, ¶ 18.)  Plaintiffs received "unparalleled broker services in

27   support…world-class marketing programs that stimulate preference and generate

28   leads for the system members…one of the largest referral networks in the world."

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   (FAC, ¶ 32.)  Plaintiffs have no conceivable way to restore to Century 21 the value

2   they received from Century 21 for so many years.  See *McKesson HBOC, Inc. v. New*

3   *York State Common Ret. Fund, Inc*., 339 F.3d 1087, 1096 (9th Cir. 2003) (court

4   refused to allow claimant to bring a claim for rescission of a merger agreement,

5   explaining, "It is nearly impossible to imagine that the Merger Agreement could be

6   rescinded at this late stage, four years after it was signed, and after thousands of

7   McKesson and HBOC shareholders have traded their stock in various ways;

8   unscrambling this particular egg is virtually impossible."); *Joshua Tree Townsite Co.*

9   *v. Joshua Tree Land Co.*, 100 Cal.App.2d 590, 596 (1950) ("Rescission is not

10  allowable where the party demanding it cannot or does not restore the other party to

11  the condition he would have been in but for the contract.");  *Papenfus v. Webb*

12  *Products Co.*, 24 Cal.App.2d 559, 563-64 (1938) (rescission not permitted when it

13  would be a practical impossibility to restore either of the parties to the positions they

14  previously occupied).

15      This major defect was described in Century 21's motion to dismiss the original

16  complaint, yet the FAC does not reflect any changes that even attempt to address this

17  insurmountable obstacle to rescission.  Because Plaintiffs cannot unwind a 15-year

18  relationship and restore to Century 21 the value they received under their agreements,

19  Plaintiffs are not entitled to rescission under any legal theory.  Accordingly,  all of

20  their claims seeking rescission (first, second, third, fourth, fifth, and sixth causes of

21  action) should be dismissed for failure to state a claim.

22

23  **B.    Plaintiffs Failed to Promptly Give Notice of Rescission**

24      To be entitled to rescission, a claimant must give notice of rescission

25  "promptly upon discovering the facts which entitle him to rescind…"  Cal. Civ. Code

26  § 1691 (emphasis added).   Otherwise, the claim for rescission is barred.  *Leeper v.*

27  *Beltrami*, 53 Cal. 2d 195, 211-212 (1959) (demurrer can be sustained where there has

28  been a two-year delay before plaintiffs attempted to rescind, resulting in a waiver of

the right to rescind); *Cutter Laboratories, Inc. v. Twining*, 221 Cal. App. 2d 302, 317 (1963) (promptness is a condition of rescission, and failure to take prompt action constitutes a waiver of any right to rescind).

"[D]iligence is mandatory and a condition of the right to rescind, and if it appears that there has been inaction which, if unexcused, would amount in law to plaintiff's sleeping on his rights, the complaint must state sufficient facts to show that notwithstanding the elapse of time there was diligence under the facts pleaded." *Clanton v. Clanton*, 52 Cal. App. 2d 550, 556 (1942); *Estrada v. Alvarez*, 38 Cal. 2d 386, 391 (1952) (diligence is a condition of the right to rescind, and many cases have held that delays of less than a year are fatal to the right to rescind).

Here, Plaintiffs allege that they were informed about criminal investigations, civil lawsuits, and numerous lawsuits filed in federal and state court against the Other Franchisees within the past <u>three years</u>. (FAC, ¶ 3.)  Plaintiffs further allege that Century 21 brought a lawsuit against the Other Franchisees in July 2006. (FAC, ¶ 4.) Plaintiffs also allege that Century 21 "ignored" complaints about the Other Franchisees and yet failed to terminate them in connection with the July 2006 lawsuit. (FAC, ¶¶ 2, 4.)

Plaintiffs thus admit they knew or should have known as long as 3 years ago of the facts on which they base their rescission claims and, at the very latest, by July 2006, which is 18 months before they gave notice of rescission in February 2008. (FAC, ¶¶ 2-4 and 40.)  Plaintiffs' allegations reflect on the face of the FAC that Plaintiffs did not promptly give notice of rescission, and therefore all of their rescission claims are barred.

## C.    Plaintiffs Fail to Identify with Specificity What Contract or Contracts They Seek to Rescind

Plaintiffs allege that their franchise relationship with Century 21 began in 1993 and refer to other franchise agreements entered into on September 8, 2002. (FAC,

¶17, 19, and 21.)  In fact, Plaintiffs entered into five different franchise agreements for five different locations, none of which Plaintiffs signed on September 8, 2002. Moreover, Alpha's first contract with Century 21 dates back to 1977!  Plaintiffs have not specifically identified which agreement or agreements they seek to rescind. Therefore, each of the claims for rescission should be dismissed.

## V.    PLAINTIFFS' FIRST CAUSE OF ACTION FOR RESCISSION BASED ON "FRAUD"

### A.    Plaintiffs Fail to Plead the Necessary Elements of Fraud

In order to obtain rescission, Plaintiffs must sufficiently state a claim against Century 21 for the underlying fraud.  See Cal. Civ. Code § 1689(b); *Contra Costa County Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65 (1960) (no right to rescind without proving all the elements of the underlying fraud claim).

To state a claim for fraud, Plaintiffs must allege with particularity each of the following elements: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.  *Lazar v. Superior Court of Los Angeles County*, 12 Cal. 4th 631, 638 (1996).

#### 1.    Plaintiffs Fail to Plead a Misrepresentation or Justifiable Reliance

Plaintiffs have not alleged that Century 21 made any false statement or misrepresentation.  They allege only that Century 21 made certain promises and failed to keep the promises.  (FAC, ¶¶34, 38.)  Mere non-performance of a contract does not give rise to a fraud claim.  *Fanucchi & Limi Farms v. United Agri Products*, 414 F.3d 1075, 1088 (9th Cir. 2005).

A claim for breach of a promise can support a fraud claim only if Plaintiffs allege that, at the time the promise was made, Century 21 had no intention to

1   perform. *Fanucchi, supra,* at 1088. The FAC contains no such allegation, even

2   though this defect was identified in Century 21's motion to dismiss the original

3   complaint. The FAC simply states, "Century 21 has failed and refused to hold other

4   franchisees in Santa Clara County and the greater Silicon Valley to the high standards

5   it allegedly claimed that it required…" (FAC, ¶ 34.) Thus, Plaintiffs have not

6   alleged any actionable misrepresentation.

7       Moreover, Plaintiffs have not alleged any "misrepresentation" at all.

8   Statements that a franchisee who did not adhere to Century 21's policies would be

9   terminated can reasonably be construed only as a warning about the consequences a

10  franchisee might face if that franchisee violated the standards, not a promise that any

11  other franchisee that violates such standards will be automatically terminated. (See

12  FAC, ¶ 16.) Moreover, Plaintiffs could not have relied on any such alleged

13  "misrepresentation," as Plaintiffs concede that the Policy Manual states that a

14  violation is "grounds" for termination "at Franchisor's <u>option</u>." (FAC, ¶ 24.)

15

16      **2.    Plaintiffs Fail to Plead Proximate Cause**

17      Plaintiffs make conclusory allegations that Century 21's failure to enforce its

18  standards against the Other Franchisees was the proximate cause of Plaintiffs'

19  damage. (FAC, ¶ 36.) These allegations are insufficient. "Mere conclusory

20  allegations of fraud are insufficient" to state a claim for fraud. *Moore v. Kayport*

21  *Package Express*, 885 F.2d 531, 540 (9th Cir. 1989).

22      In fact, Plaintiffs admit that they have been harmed <u>by the misconduct of the</u>

23  <u>Other Franchisees</u>. (FAC, ¶¶ 2, 3, 34, and 36.) To adequately plead proximate cause,

24  Plaintiffs must, but cannot, allege facts that show that Century 21 could have

25  <u>prevented</u> the harm allegedly caused by the misconduct of the Other Franchisees.

26  This is another defect identified in the original notice to dismiss that Plaintiffs have

27  not even attempted to address.

28

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

**B.      Plaintiffs Fail to Plead Fraud with Sufficient Particularity**

FRCP 9(b) states, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  One district court explained this requirement:  "To satisfy this heightened pleading requirement, the complaint must 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.' The Ninth Circuit has stated that 'allegations of fraud [must be] specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997) (citations omitted); *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993); *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106-08 (9th Cir. 2003) (failure to allege fraud with sufficient specificity is grounds for dismissal: "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.")

While Plaintiffs have now identified a few individuals they allege made "misrepresentations," Plaintiffs still fail to allege when the alleged misrepresentations were made.  Thus, Plaintiffs fail to specify whether the alleged representations were made before the agreements they seek to rescind.  (FAC, ¶ 16.)  Additionally, Plaintiffs fail to specify the specific contents of Richard Bromley's alleged misrepresentations, other than alleging he made "the same representations and assurances previously set forth."  (FAC, ¶ 19.)  Given the FAC's redundancies and wordiness, it is impossible to decipher which representations and assurances Plaintiffs attribute to Mr. Bromley.  Plaintiffs' allegations do not satisfy the heightened requirements for pleading fraud against Century 21.

//

//

//

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## VI.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR RESCISSION BASED ON "MUTUAL MISTAKE"

### A.    The Purported "Mistake" was not Mutual

"By mutual mistake is meant a situation where both parties share the same misconception …." *Sutter Youth Organization, Inc. v. Borsen*, 214 Cal. App. 2d 676, 680 (1963).  To be entitled to rescission based on mutual mistake, Plaintiffs here must allege with specificity facts showing that Century 21 <u>shared</u> Plaintiffs' unreasonable, purported mistaken belief that Century 21 had an obligation to terminate franchisees who failed to adhere to Century 21's standards.  Cal. Civ. Code § 1689(b).

Instead, Plaintiffs allege that Century 21 had a <u>different</u> belief about its obligations under the franchise agreement.  (FAC, ¶ 46.)  These allegations remain unchanged from the original Complaint, even though this defect was identified in the original motion to dismiss.  Where Plaintiffs allege that the parties had different "beliefs," there is obviously no mutual mistake here.

### B.    Plaintiffs' Own Allegations Foreclose Any Possible Mistake

When Plaintiffs entered into the franchise agreement with Century 21, Plaintiffs knew what Century 21 could do if any franchisee, including the Other Franchisees, breached a franchise agreement.  Plaintiffs expressly allege that Century 21's Policy Manual made clear that, in such instance, Century 21 has the <u>option</u> to terminate or not terminate such a franchisee.   (FAC, ¶ 24.) Like the original Complaint, the FAC includes the following excerpt from the Policy Manual:

> "Franchisees shall abide by the terms of the Policy and Procedure Manual … For this reason, CENTURY 21 Franchisees are contractually bound by the mandatory provisions of the Manual … their failure to comply with these provisions is grounds for termination <u>at Franchisor's option</u>."

1  (FAC, ¶ 24; emphasis added.)

2      Plaintiffs thus were fully aware that Century 21 had the option, not the

3  obligation, to terminate the Other Franchisees for violating Century 21's standards.

4  This knowledge expressly belies Plaintiffs' allegations that it believed Century 21

5  was required to terminate defaulting franchisees.  (FAC, ¶¶ 24, 46.)

6

7  **C.    The Alleged "Mistake" Does Not Support Rescission**

8      The purported "mistake" on which Plaintiffs base their rescission claim is that,

9  when they entered into the franchise agreement, they believed that Century 21 had a

10  contractual obligation to Plaintiffs to terminate the Other Franchisees for breaches of

11  franchise agreements to which Plaintiffs were not a party.   (FAC, ¶ 46.)   This

12  purported "mistake" cannot support rescission.

13      A mistake that can give rise to a right to rescind an agreement is either a

14  mistake of law or a mistake of fact.  Cal. Civ. Code § 1576.

15      A mistake of law is "1. A misapprehension of the law by all parties, all

16  supposing that they knew and understood it, and all making substantially the same

17  mistake as to the law; or, 2. A misapprehension of the law by one party, of which the

18  others are aware at the time of contracting, but which they do not rectify."  Cal. Civ.

19  Code § 1578.  Plaintiffs do not even attempt to allege a mistake of law.

20      Plaintiffs do not allege a cognizable mistake of fact either.  "A mistake of fact

21  is a mistake, not caused by the neglect of a legal duty on the part of the person

22  making the mistake, and consisting in: 1. An unconscious ignorance or forgetfulness

23  of a fact past or present, material to the contract; or 2. Belief in the present existence

24  of a thing material to the contract, which does not exist, or in the past existence of

25  such a thing, which has not existed."   Cal. Civ. Code § 1577 (emphasis added).

26  Plaintiffs only allege that they misunderstood what Century 21 would do in the future

27  if another franchisee breached a franchise agreement.  (FAC, ¶ 46.)  This allegation

28

1   does not involve a mistake about any fact or thing that occurred prior to or at the time

2   of entering into the contract.  (FAC, ¶ 46.)

3        There is simply no authority that supports Plaintiffs' assertion that a mistake

4   about the interpretation of a party's future contractual obligation is grounds for

5   rescission.  If that were the case, every breach of contract claim involving a dispute

6   about the interpretation of a contract provision would support rescission.  In *Hedging*

7   *Concepts v. First Alliance Mortgage Corp.*, 41 Cal. App. 4th 1410, 1421-22 (1996),

8   the California Court of Appeal held that a party's misinterpretation of a contract does

9   not constitute a mistake that will support rescission, explaining:

10        "There are two reasons courts will not set aside contracts for mere

11        subjective misinterpretation.  First, to declare rescission based upon

12        mistaken undisclosed subjective interpretation would conflict with the

13        objective theory of enforceable contracts.  If this were the law, the

14        objective theory of contracts would give with one hand, while the

15        subjective misunderstanding theory of rescission would take away with

16        the other.  This is not the law.  Second, a unilateral misinterpretation of

17        contractual terms, without knowledge by the other party at the time of

18        contract, does not constitute a mistake under either Civil Code Section

19        1577 or 1578."

20  Because Plaintiffs have not pleaded a "mistake" that falls within the meaning of Civil

21  Code Sections 1577 or 1578, this cause of action should be dismissed.

22

23  **D.    Plaintiffs Fail to Plead Mistake With Sufficient Particularity**

24       A claim of "mistake" must meet the heightened pleading standard of FRCP

25  9(b), which requires that Plaintiffs "state with particularity the circumstances

26  constituting fraud or mistake."  FRCP 9(b).

27       Plaintiffs plead the mutual mistake based on information and belief, without

28  providing any factual support to the allegations.  (FAC, ¶ 46.)  These types of

conclusory allegations are insufficient. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (to satisfy the heightened pleading standard of Federal Rule of Procedure 9(b), "a plaintiff who makes allegations on information and belief must state the factual basis for the belief."); *Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141* (C. D. Cal. 2003); *Wenger v. Lumisys, Inc*., 2 F. Supp. 2d 1231, 1239 (N. D. Cal. 1998). As with their fraud claim, Plaintiffs' general and conclusory allegations concerning the circumstances constituting mistake are insufficient, and the second cause of action should be dismissed.

## VII.    PLAINTIFFS' THIRD CAUSE OF ACTION FOR RESCISSION BASED ON "UNILATERAL MISTAKE"

### A.    Plaintiffs Fail to Plead the Required Elements of Unilateral Mistake

To be entitled to rescission under California law for a unilateral mistake, the party seeking rescission must allege with specificity both that the unilateral mistake is known to the other contracting party <u>and</u> is encouraged or fostered by that party. Cal. Civ. Code § 1689(b); *Merced County Mutual Fire Insurance Company v. The State of California,* 233 Cal. App. 3d 765, 772 (1991).

Plaintiffs allege that their purported belief that Century 21 would terminate other franchisees that failed to adhere to the Century 21 standards is a "unilateral mistake" that supports rescission. (FAC, ¶ 54.) Plaintiffs do not allege, however, that Century 21 knew that Plaintiffs had such a mistaken belief. Further, Plaintiffs only allege on information and belief that Century 21 encouraged or fostered such mistaken belief, without pleading any factual support for these allegations, which must be done with specificity under Federal Rule of Civil Procedure 9(b). (FAC, ¶ 55.) Accordingly, Plaintiffs fail to state any claim of unilateral mistake that could justify rescission.

**B.    Plaintiffs' Own Allegations Foreclose Any Possible Mistake**

Plaintiffs admit they knew that Century 21 had the option (and not the obligation) to terminate the Other Franchisees for violation of the Policy Manual. (FAC, ¶ 24.)  This admission forecloses Plaintiffs' allegation that it reasonably believed Century 21 was required to terminate defaulting franchisees.  (FAC, ¶¶ 24, 54.)  Accordingly, there is no possible "mistake" to support rescission.

**C.    There is No Rescindable "Mistake"**

As discussed above in Section VI(D), Plaintiffs do not allege a cognizable "mistake" that would permit rescission of the franchise agreement and guaranty.  Cal. Civ. Code §§ 1577, 1578, and 1689; *Hedging Concepts*, *supra*; *see* Amended Complaint ¶¶ 54, 55.

**D.    Plaintiffs Fail to Plead Mistake With Sufficient Particularity**

Plaintiffs are not entitled to rescission based on unilateral mistake because they fail to plead the circumstances constituting the purported mistake with sufficient particularity to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  (FAC, ¶¶ 54, 55); *Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141* (C. D. Cal. 2003); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1239 (N. D. Cal. 1998); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

## VIII.  PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "FAILURE OF CONSIDERATION"

California Civil Code § 1689(b) states that a party to a contract, may rescind the contract "(2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. (3) If the consideration for the obligation of the rescinding party <u>becomes entirely void</u> from

1    any cause. (4) If the consideration for the obligation of the rescinding party, before it

2    is rendered to him, <u>fails in a material respect</u> from any cause." (Emphasis added.)

3         "Read together, these provisions are interpreted to mean that <u>a contract may be</u>

4    <u>rescinded if there is either a total failure of consideration or a partial but material</u>

5    <u>failure of consideration</u>." *Flagship West, LLC v. Excel Realty Partners, L.P.*, 2005

6    U.S. Dist. LEXIS 29623, *8 (E. D. Cal. 2005) (citations omitted; emphasis added).

7         Rescission is only warranted for breaches that are material. *Flagship West,*

8    *supra*, at *8. A breach resulting in a partial failure of consideration is material if the

9    breach goes to the essence of the contract. *Federal Deposit Ins. Corp. v. Air Florida*

10   *System, Inc.*, 822 F.2d 833, 840 (9th Cir. 1987) ("[A] partial failure of consideration

11   justifies rescission only if the failure is material, or goes to the essence of the

12   contract."); *Wyler v. Feuer*, 85 Cal. App. 3d 392, 403-4 (1978) ("Case law has

13   uniformly held that a failure of consideration must be material, 'or go to the essence'

14   of the contract before rescission is appropriate."); *Crofoot Lumber*, 163 Cal. App. 2d

15   324, 333 (1958) ("The injured party . . . can not maintain an action for restitution of

16   what he has given the defendant unless the defendant's non-performance is so

17   material that it is held to go to the essence. . . .") (quoting Corbin on Contracts §

18   1104, p. 464).

19        Here, Plaintiffs do not and cannot allege that Century 21's failure to terminate

20   franchise agreements with the two Other Franchisees, agreements to which Plaintiffs

21   were not even parties, is a material breach that goes to the essence of Plaintiffs'

22   franchise agreement. To do so, Plaintiffs would have to allege facts showing that, as

23   a result of a breach by Century 21, Plaintiffs received no value under their

24   agreements with Century 21. Plaintiffs cannot show there was a breach at all, as they

25   concede that the Policy Manual gives Century 21 the option of terminating a

26   defaulting franchisee. (FAC, ¶ 24.) In any event, Plaintiffs' conclusory allegation

27   that Century 21's conduct "rendered useless the value of the Century 21 brand name"

28   (FAC, ¶ 61) is absurd given the breadth of the Century 21 franchise system and

1 Plaintiffs' extensive use of the Century 21 marks and system.  Century 21's alleged

2 failure to terminate the two Other Franchisees simply cannot, as a matter of law and

3 common sense, destroy the essence of a contractual relationship Plaintiffs admit has

4 been ongoing for at least 15 years.

5

6   IX.   **PLAINTIFFS' FIFTH CAUSE OF ACTION FOR RESCISSION**

7   **BASED ON "COMMERCIAL FRUSTRATION"**

8   "Commercial frustration" or "frustration of purpose" applies if "performance

9 remains possible, but the *fundamental reason of both parties* for entering into the

10 contract has been frustrated by an unanticipated supervening circumstance, thus

11 destroying substantially the value of performance by the party standing on the

12 contract."  *Cutter Laboratories, Inc., v. Charles M. Twining*, 221 Cal. App. 2d 302,

13 314-15 (1963) (emphasis in original).

14   Frustration of purpose arises "when a change in circumstances makes one

15 party's performance virtually worthless to the other, frustrating his purpose in making

16 the contract.… First, the purpose that is frustrated must have been a principal purpose

17 of that party in making the contract. It is not enough that he had in mind some

18 specific object without which he would not have made the contract. The object must

19 be so completely the basis of the contract that, as both parties understand, without it

20 the transaction would make little sense. Second, the frustration must be substantial.  It

21 is not enough that the transaction has become less profitable for the affected party or

22 even that he will sustain a loss. The frustration must be so severe that it is not fairly to

23 be regarded as within the risks that he assumed under the contract. Third, the non-

24 occurrence of the frustrating event must have been a basic assumption on which the

25 contract was made."  Restatement 2d of Contracts, § 265, comment a.

26   For the same reason Plaintiffs cannot allege a claim for failure of

27 consideration, the facts do not support a claim for commercial frustration.  There has

28 been no unanticipated supervening circumstance, as Plaintiffs have always known

1    that Century 21 had the option whether to terminate a defaulting franchisee.  The

2    misconduct of two Other Franchisees is simply insufficient, as a matter of law, to

3    destroy the value and purpose of the alleged 15-year contractual relationship.

4

5    **X. PLAINTIFFS' SIXTH CAUSE OF ACTION FOR RESCISSION BASED**

6    **ON "IMPRACTICABILITY"**

7        For performance under a contract to be impracticable, the claimant must show

8    that "extreme and unreasonable difficulty, expense, injury, or loss to one of the

9    parties will be involved… However, 'impracticability' means more than

10   'impracticality.' A mere change in the degree of difficulty or expense due to such

11   causes as increased wages, prices of raw materials, or costs of construction, unless

12   well beyond the normal range, does not amount to impracticability since it is this sort

13   of risk that a fixed-price contract is intended to cover. Furthermore, a party is

14   expected to use reasonable efforts to surmount obstacles to performance, and a

15   performance is impracticable only if it is so in spite of such efforts." Restatement 2d

16   of Contracts, § 261, comment d (citation omitted); *McCalden v. California Library*

17   *Ass'n*, 919 F.2d 538, 542 (9th Cir. 1990) (a party invoking impracticability, also

18   known as impossibility, must show that he used reasonable efforts to surmount the

19   obstacles which prevented performance).

20       For the same reason Plaintiffs cannot allege a claim for failure of consideration

21   or frustration of purpose, the facts do not support a claim for impracticability.

22   Plaintiffs have not alleged, and cannot allege, that the cost of Plaintiffs' performance

23   under the franchise agreement (and guaranty) are substantially and unreasonably

24   higher than the benefits Plaintiffs received under the franchise agreement (and

25   guaranty) simply because Century 21 did not terminate the franchise agreements of

26   the two Other Franchisees sooner than they did.  This cause of action should be

27   dismissed.

28

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

## XI.    PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT

### A.    Plaintiffs Have Not Alleged a Contractual Obligation

In order to state a claim for breach of contract, Plaintiffs must allege a contractual duty.  *Walsh v. W. Valley Mission Cmty. College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998) (elements for a breach of contract claim are (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff).

Plaintiffs allege that Century 21's failure to terminate the Other Franchisees caused harm to Plaintiffs.  (FAC, ¶ 18.)  Yet, Plaintiffs conspicuously fail to allege that Century 21 owed Plaintiffs any express contractual obligation to terminate the Other Franchisees.

To the contrary, Plaintiffs allege that the Policy Manual made clear that Century 21 had the <u>option</u> to terminate a defaulting franchisee.  (FAC, ¶ 24.)  Thus, Plaintiffs have  not alleged a cognizable contractual duty, and their claim for breach of contract should be dismissed.

### B.    The Implied Covenant Cannot Contradict the Express Contract Provision

The implied covenant of good faith and fair dealing cannot prevail over the express terms of a contract.  As the California Supreme Court has held:

"[A]s a general matter, implied terms should never be read to vary express terms. 'The general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may, by express provisions of the contract, grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing. … [¶] This is in accord with the general principle that, in interpreting a contract "an implication …

1      should not be made when the contrary is indicated in clear and express

2      words." … [¶] <u>As to acts and conduct authorized by the express</u>

3      <u>provisions of the contract, no covenant of good faith and fair dealing can</u>

4      <u>be implied which forbids such acts and conduct</u>. And if defendants were

5      given the right to do what they did by the express provisions of the

6      contract there can be no breach.'"

7  *Carma Developers (California), Inc. v. Marathon Dev. Cal.*, 2 Cal. 4th 342, 374

8  (1992) (emphasis added).

9      Here, the express provisions of the Policy Manual state that Century 21 has the

10 "option" to terminate a franchisee who defaults.  (FAC, ¶ 24.)  Accordingly, Plaintiffs

11 cannot allege that Century 21 had an implied obligation to terminate the Other

12 Franchisees, as that allegation <u>contradicts</u> the express contractual provision that gives

13 Century 21 the option.  (FAC, ¶¶ 4, 82.)  Since an obligation cannot be implied to

14 contradict an express provision, Plaintiffs' claim for breach of the implied covenant

15 of good faith and fair dealing should be dismissed.

16

17 **C.**     **The Implied Covenant Does Not Permit Plaintiffs to Second-Guess**

18         **Century 21's Business Decisions**

19     The root of Plaintiffs' claim is that they disagree with Century 21's business

20 decisions about how to handle the defaults of the Other Franchisees.  Plaintiffs cannot

21 assert a breach of contract claim based on this type of second-guessing of Century

22 21's business judgment.

23     The implied covenant of good faith and fair dealing cannot be used to "second-

24 guess" a franchisor's decision-making process if made in good faith.  *In re Sizzler*

25 *Restaurants International, Inc.*, 225 B.R. 466 (Bktcy. C. D. Cal. 1998); *Burger King*

26 *v. Agad,* 941 F. Supp. 1217, 1222 (N.D. Ga. 1996) (implied covenant of good faith

27 and fair dealing cannot be used to second-guess franchisor's legitimate business

28 decisions); *Vasco v. Mobil Oil Corp.,* 698 F. Supp. 102, 104 (D.Md. 1988) ("'Good

1  faith' has been uniformly interpreted as meaning subjective good faith, that is,

2  an honest evaluation of the franchisor's economic decisions.")

3    Even if these decisions have a detrimental effect on the franchisees' businesses,

4  a court should not second-guess the franchisor's good faith business decisions.

5  *Sizzler, supra*, at 474; s*ee also Clark v. America's Favorite Chicken Co.,* 110 F.3d

6  295, 297-99 (5th Cir. 1997) (no breach of the implied covenant of good faith and fair

7  dealing despite the fact that franchisor's national marketing strategy and concept

8  made individual franchisee less competitive and resulted in loss of business); *Vaughn*

9  *v. General Foods Corp.,* 797 F.2d 1403, 1413 (7th Cir. 1986) (no protection against

10  dissatisfaction of franchisee with the degree of success it achieved as a result of

11  franchisor's attempts to create a viable franchise system).

12

13  **D. Plaintiffs Fail to Plead Proximate Cause**

14    Plaintiffs allege that they have been harmed by the misconduct of the Other

15  Franchisees.  (FAC, ¶ 4.)  Plaintiffs must, but cannot, allege facts that show that

16  Century 21's enforcement of the franchise standards would have prevented the harm

17  allegedly already caused by the Other Franchisees.  Plaintiffs' failure to sufficiently

18  allege proximate cause is fatal to their breach of contract claim.

19

20    **XII. PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "FRAUD"**

21    For all the same reasons Plaintiffs are not entitled to rescission based on fraud

22  under their first cause of action, Plaintiffs' claim for damages for fraud fails as well.

23  See Section V, above.

24  //

25  //

26  //

27  //

28  //

1

2

### XIII.    PLAINTIFFS' NINTH CAUSE OF ACTION FOR "NEGLIGENT MISREPRESENTATION"

3   Plaintiffs claim that Century 21 negligently promised what it would do in

4   performance of the franchise agreement.  (FAC, ¶ 92.)  As pointed out in the original

5   motion to dismiss, there is no such thing as a negligent misrepresentation claim based

6   on a false promise.  The California Court of Appeal has held "[t]o be actionable, a

7   negligent misrepresentation must ordinarily be as to past or existing material facts.

8   '[P]redictions as to future events, or statements as to future action by some third

9   party, are deemed opinions, and not actionable fraud.'"  *Tarmann v. State Farm*

10  *Mutual Automobile Insurance Co.*, 2 Cal. App. 4th 153, 158 (1991).

11  The *Tarmann* court explained why there is no such thing as a negligent false

12  promise:

13  "To maintain an action for deceit based on a false promise, one must

14  specifically allege and prove, among other things, that the promisor did

15  not intend to perform at the time he or she made the promise and that it

16  was intended to deceive or induce the promisee to do or not do a

17  particular thing.  Given this requirement, an action based on a false

18  promise is simply a type of *intentional* misrepresentation, i.e., actual

19  fraud. The specific intent requirement also precludes pleading a false

20  promise claim as a negligent misrepresentation, i.e., 'The assertion, as a

21  fact, of that which is not true, by one who has no reasonable ground for

22  believing it to be true.' Simply put, making a promise with an honest but

23  unreasonable intent to perform is wholly different from making one with

24  no intent to perform and, therefore, does not constitute a false promise.

25  Moreover, <u>we decline to establish a new type of actionable deceit: the</u>

26  <u>negligent false promise</u>."

27  *Tarmann, supra*, at 159 (citations omitted) (underline emphasis added; italics in

28  original).

# XIV.  PLAINTIFFS' TENTH CAUSE OF ACTION FOR STATUTORY "UNFAIR BUSINESS PRACTICES"

Plaintiffs include a claim seeking restitution and an injunction for unfair business practices under California Business and Professions Code § 17200, *et. seq.*, which provides, in pertinent part:  "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."  A plaintiff alleging unfair business practices under the unfair competition statutes "must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Silicon Knights, supra*, at 1316.

As this cause of action is based entirely on the preceding causes of action, it is defective for all the reasons set forth above.  *Silicon Knights, supra*, at 1316.

Plaintiffs' allegations are also wholly conclusory.  They do not specify what alleged conduct by Century 21 violates the statute or how.  (FAC, ¶¶ 97, 98.)  Plaintiffs also do not allege what conduct of Century 21 they want the court to enjoin.  Without an allegation of which conduct Plaintiffs seek to enjoin, there is necessarily no allegation of how granting the unspecified injunction would prevent Plaintiffs' harm.

# XV.    PLAINTIFFS' ELEVENTH CAUSE OF ACTION FOR "VIOLATION OF CORPORATIONS CODE § 31201, *ET SEQ.*"

## A.    Plaintiffs' Claim Under the Statute is Barred by the Statute of Limitations

A claim under Cal. Corp. Code § 31201, *et. seq.,* must be brought "before the expiration of two years after the violation upon which it is based, expiration of one year after the discovery by the plaintiff of the facts constituting such violation, or 90 days after delivery to the franchisee of a written notice disclosing any violation of

SUSSMAN SHANK LLP

1    Section 31201 or 31202 which notice shall be approved as to form by the

2    commissioner, <u>whichever shall first expire</u>."  Cal. Corp. Code § 31304.  (Emphasis

3    added.)

4           Here, as Century 21 pointed out in its original motion to dismiss, Plaintiffs

5    allege that they were informed that criminal investigations, civil lawsuits, and

6    numerous lawsuits were filed in federal and state court against the Other Franchisees

7    over the past three years.  (FAC, ¶ 3.)  Plaintiffs further allege that Century 21

8    brought a lawsuit against the Other Franchisees in July 2006.  (FAC, ¶ 4.)

9           Plaintiffs' own pleadings thus reveal that they discovered or reasonably should

10   have discovered the purported violation of Cal. Corp. Code § 31201, *et. seq*. by July

11   2006.  (FAC, ¶¶ 2-4.)  Since Plaintiffs did not bring their action against Century 21

12   for violation of the statute until February 2008, Plaintiffs' claim is barred by the one-

13   year statute of limitations.  Cal. Corp. Code § 31304.

14

15   **B.      Plaintiffs Fail to Plead the Misrepresentations with the Requisite**

16   **         Specificity Required under FRCP 9(b)**

17          "It is unlawful for any person to offer or sell a franchise in this state by means

18   of any written or oral communication not enumerated in Section 31200 which

19   includes an untrue statement of a material fact or omits to state a material fact

20   necessary in order to make the statements made, in the light of the circumstances

21   under which they were made, not misleading."  Cal. Corp. Code § 31201.  A claim

22   under this statute is a statutory claim based on fraudulent misrepresentation.  *Spahn v.*

23   *Guild Industries Corp.*, 94 Cal. App. 3d 143, 158 (1979).

24          Accordingly, the pleading requirements of FRCP 9(b) apply to claims under

25   this statute.  *Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S. Dist. LEXIS 22898,

26   *82 n. 98 (C.D. Cal. 2000) ("plaintiffs' pleading of the § 31200 claim was governed

27   by Federal Rule of Civil Procedure 9(b)'s requirement that 'the circumstances

28   constituting [the] fraud… be stated with particularity'.")  For the same reasons

SUSSMAN
SHANK
LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   Plaintiffs' first and eighth causes of action for fraud fail, their eleventh cause of

2   action also fails.

3

4                          SUSSMAN SHANK LLP

5

6          By  */s/ John A. Schwimmer*
                John A. Schwimmer
7               Laurie R. Hager
                Attorneys for Defendant Century 21 Real Estate LLC
8   F:\CLIENTS\17641\021\P-MOTION TO DISMISS AMENDED COMPLAINT.DOC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28