1  **RONALD R. ROSSI (SBN 43067)**
   **SUSAN R. REISCHL (SBN 94307)**
2  **ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
   **1960 The Alameda, Suite 200**
3  **San Jose, CA  95126-1493**
   **Tel:  (408) 261-4252**
4  **Fax:  (408) 261-4292**

5  Attorneys for Plaintiffs, ALPHA FACTORS, INC., a California Corporation dba CENTURY 21
   ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually

6

7

8                        IN THE UNTIED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12  ALPHA FACTORS, INC., a California          | Case No.: C0801408 RS
    Corporation dba CENTURY 21 ALPHA           |
13  FACTORS, INC.; EDWARD V. ZIMBRICK,         | **PLAINTIFFS' MEMORANDUM OF**
    individually,                              | **POINTS AND AUTHORITIES IN**
14                                             | **OPPOSITION TO DEFENDANT'S**
                Plaintiffs,                    | **MOTION TO DISMISS FIRST**
15                                             | **AMENDED COMPLAINT FOR FAILURE**
         vs.                                   | **TO STATE A CLAIM FOR RELIEF**
16                                             | **(FRCP 12(b)(6))**
    CENTURY 21 REAL ESTATE, LLC., a            |
17  Delaware Limited Liability Company, and DOES | **Complaint Filed: 2/13/08**
    1 through 10 inclusive,                     | **1st Amended Complaint Filed:  5/6/08**
18                                             | **Trial Date:  None Set**
                Defendants.                     | **Judge: Magistrate Judge Richard Seeborg**
19                                             | *(Assigned for all purposes)*

20                                             | **Hearing Date:  July 9, 2008**
                                               | **Time:  9:30 a.m.**
21                                             | **Place:  Courtroom 4**

22

23

24

25

26

27

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6))       CASE NO. C0801408 RS

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

   A.   PROCEDURAL HISTORY ................................................................................ 1

   B.   SUMMARY OF ALLEGATIONS APPLICABLE TO EACH OF PLAINTIFFS'
       CLAIMS ............................................................................................................ 1

   C.   RESPONSE TO DEFENDANTS' ALLEGED "DEFECTS" APPLICABLE TO
       EACH OF PLAINTIFFS' RESCISSION CLAIMS ............................................ 6

      1.   Plaintiff Is Entitled To Rescind The Five Franchise Agreements Executed In
         September, 2002 .......................................................................................... 6

      2.   Plaintiffs Gave Prompt Notice of Rescission Of The Five Franchise
         Agreements ................................................................................................. 7

      3.   Plaintiffs' Complaint Describes With Specificity The Five Franchise
         Agreements And Accompanying Guarantees They Seek To Rescind .............. 8

II.  LEGAL ARGUMENT ................................................................................................. 9

   A.   STANDARDS ON A MOTION TO DISMISS PURSUANT TO FEDERAL RULE
       OF CIVIL PROCEDURE 12(b) ......................................................................... 9

   B.   THE FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES ALL
       ELEMENTS NECESSARY TO SUPPORT PLAINTIFFS' CLAIM FOR
       RESCISSION BASED ON FRAUD .................................................................. 10

   C.   PLAINTIFFS SUFFICENTLY PLEAD THE EXISTENCE OF A MUTUAL
       MISTAKE AS TO DEFENDANT'S OBLIGATION TO ENFORCE CENTURY 21
       REAL ESTATE, LLC'S STANDARDS IN ORDER TO PROTECT ITS MARK FOR
       THE BENEFIT OF ITS FRANCHISEES ........................................................ 13

   D.   IN THE ABSENCE OF A MUTUAL MISTAKE, PLAINTIFFS HAVE
       SUFFICENTLY PLEAD THE EXISTENCE OF A UNILATERL MISTAKE AS TO
       DEFENDANT'S OBLIGATION TO PROTECT CENTURY 21 REAL ESTATE,
       LLC'S MARK ................................................................................................. 15

   E.   PLAINTIFFS HAVE ALLEGED ALL OF THE NECESSARY ELEMENTS OF
       RESCISSION BASED ON FAILURE OF CONSIDERATION ................................ 16

   F.   PLAINTIFFS' FIRST AMENDED COMPLAINT ASSERTS ALL OF THE
       ELEMENTS FOR RESCISSION BASED ON COMMERCIAL FRUSTRATION ... 18

   G.   THE PLEADING ALLEGES ALL OF THE NECESSARY ELEMENTS FOR
       RESCISSION BASED ON IMPRACTICABILITY OF PERFORMANCE ............... 19

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1495
Ph (408) 261-4252
Fax (408) 261-4292

**TABLE OF CONTENTS (Cont'd)**

H.  THE FIRST AMENDED COMPLAINT ALLEGES ALL NECESSARY ELEMENTS TO MAINTAIN A CLAIM FOR BREACH OF THE IMPLIED COVENANT.........20

I.  PLAINTIFFS' FRAUD CAUSE OF ACTION IS SUFFICIENT FOR ALL OF THE REASONS SET FORTH IN SUPPORT OF ITS RESCISSION BASED ON FRAUD CLAIM ...........................................................................................................21

J.  PLAINTIFFS' PROPERLY ALLEGE THAT DEFENDANT'S NEGLIGENT MISREPRESENTATIONS MADE IN ORDER TO INDUCE PLAINTIFFS TO EXECUTE THE 2002 FRANCHISE AGREEMENTS AND GUARANTEES..........21

K.  PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM PURSUANT TO CALIFORNIA BUSINESS & PROFESSIONS CODE § 1700 *ET SEQ.* IS SUFFICIENT FOR ALL OF THE REASONS SET FORTH IN SUPPORT OF ITS RESCISSION BASED ON FRAUD CLAIM ............................................................22

L.  PLAINTIFF'S ELEVENTH CAUSE OF ACTION FOR VIOLATION OF CORPORATIONS CODE § 31201 *ET SEQ.* SETS FORTH A VIABLE CLAIM.....24

1.  Plaintiff's Cause Of Action Pleads The Fraudulent Misrepresentations Forming The Basis Of This Claim With The Requisite Specificity ...............................24

2.  The Statute Of Limitations Does Not Preclude This Claim .............................24

III.  CONCLUSION ...........................................................................................................24

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

# TABLE OF AUTHORITIES

## Cases

*Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal.App.3d 432 ...........................................23

*Bell Atlantic Corp. v. Twonbly* (2007) 127 S.Ct. 1955 ............................................................10

*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370 .....................................................................21

*Carma Developers (California), Inc. v. Marathon Development California, Inc.*

    (1992) 2 Cal.4th 342........................................................................................................20

*Christin v. Superior Court* (1937) 9 Cal.2d 526.........................................................................19

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197 ... 11, 22, 23

*Crocker-Angle National Bank v. Kuchman* (1964) 224 Cal.App.2d 490 ...................................13, 14

*Crofoot Lumber, Inc. v. Thompson* (1958) 163 Cal.App.2d 324 ...............................................16

*Donovan v. RRL Corp.* (2001) 26 Cal.4th 261 ......................................................................15, 16

*Federal Leasing Consultants, Inc. v. Mitchell Co.* (1978) 85 Cal.App.3d Supp. 44 .......................18

*Federal Leasing Consultants, Inc. v. Mitchell Lipsett* (1978) 85 Cal.App.3d Sup. 44.....................18

*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654 ..............................................................20

*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367...............................................18

*Gagne v. Beartran* (1954) 43 Cal.2d 481 ...............................................................................21

*Glenn R. Sewell Sheet Metal, Inc. v. Loverde* 70 Cal.2d 666 ......................................................18

*In re: Marriage of Benjamins* (1994) 26 Cal.App.4th 423 ..........................................................19

*Lloyd v. Murphy* (1944) 25 Cal.2d 48 ...................................................................................18

*M.F. Kemper Construction Co. v. City of Los Angeles* (1951) 37 Cal.2d 696,.................................15

*McCalden v. California Library Ass'n* (9th Cir. 1999) 955 F.2d 1214 ...........................................19

*Mineral Park Land Co. v. Howard* (1916) 172 Cal. 289 ............................................................19

*Nelson v. Sperling* (1969) 270 Cal.App.2d 194 .......................................................................16

*Nieman v. Peterson* (1978) 86 Cal.App.3d Sup. 14 ..................................................................18

*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632...................................................23

*Scheuer v. Rhodes* (1974) 416 U.S. 232..................................................................................10

*Stoner v. Williams* (1996) 46 Cal.App.4th 986.........................................................................11

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

### TABLE OF AUTHORITIES (Cont'd)

**Statutes**

B&P § 17200 *et seq* ...................................................................................................23

Civil Code § 1568...........................................................................................................13

Civil Code § 1572(c) .......................................................................................................21

Civil Code § 1577...........................................................................................................13

Civil Code § 1689(b)(2 ...................................................................................................16

Civil Code § 1689(b)(3) ...................................................................................................16

Civil Code § 1689(b)(4) .............................................................................................16, 17

Corporations Code § 31201 *et seq*..................................................................................24

**Other Authorities**

*1 Witkin, Summary of California Law(10th Ed.)* ...................................................13, 14, 15

*Restatement, 2d* ......................................................................................................13, 20

Rossi, Hauersleugh,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1    Plaintiffs ALPHA FACTORS, INC., a California Corporation doing business as CENTURY

2 21 ALPHA FACTORS, INC. and EDWARD V. ZIMBRICK, individually (collectively "Plaintiffs")

3 hereby respectfully submit their Memorandum Of Points And Authorities In Opposition To

4 Defendant CENTURY 21 REAL ESTATE, LLC., a Delaware Limited Liability Company

5 ("Defendant") Motion To Dismiss First Amended Complaint For Failure To State A Claim For

6 Relief (FRCP 12(b)(6).

## I.    INTRODUCTION

### A.    PROCEDURAL HISTORY

9    Plaintiffs filed this action on February 13, 2008, in the Superior Court of the State of

10 California in and for the County of Santa Clara, Case No. 1-08-CV-105709.  On March 12, 2008,

11 Defendant filed a Notice of Removal of Action Under 28 U.S.C. §1441(b) on the grounds that there

12 exists complete diversity of the Parties.  Specifically, Defendant contends that Plaintiffs are all

13 citizens of the State of California, and Defendant is a citizen of the states of Delaware, its state of

14 incorporation, and New Jersey, its principal place of business.

15    On March 26, 2008, Defendant filed a Motion to Dismiss for Failure to State a Claim for

16 Relief (FRCP 12(b)(6)), or, in the Alternative, to Make More Definite and Certain (FRCP 12(e).  In

17 response, Plaintiff filed a First Amended Complaint in the United States District Court for the

18 Northern District of California, San Jose Division on or about May 6, 2008.  Defendant filed the

19 instant Motion to Dismiss the First Amended Complaint on May 16, 2008.

### B.    SUMMARY OF ALLEGATIONS APPLICABLE TO EACH OF PLAINTIFFS' CLAIMS

22    As set forth in the First Amended Complaint, Defendant Century 21 has actively contributed

23 to the local decline of the real estate industry, the subprime loan crisis, and the local public's

24 disenchantment with real estate agents and brokers affiliated with its brand name as a result of its

25 complicity with local real estate franchisees whose conduct amounted to unethical, fraudulent and

26 criminal activity, breaching Century 21's alleged high standards for its franchisees.  (1st Amend

27 Compl. (hereinafter "FAC"), ¶1, pg. 2:3-15, pg. 2:15-17.)  Defendant Century 21 knew that two local

28 franchisees, Century 21 Su Casa and Century 21 Ruby, were engaging in conduct that was ruining

Rossi, Hamerslough, Reischl & Chuck
1050 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1   the reputation of all affiliated Century 21 franchisees such as Plaintiff Alpha Factors in the Santa

2   Clara Valley and the greater Silicon Valley area. (FAC ¶ 2, pg. 2:17-25.) Because Century 21 chose

3   to ignore the fraudulent and criminal conduct of these two local franchisees, Plaintiff Alpha Factors'

4   reputation was impugned resulting in damages through loss of real estate agents, loss of buyers and

5   sellers, and resultant loss of income. (FAC, ¶ 2, pgs. 2:15-3:1, ¶ 3, pg. 3:2-12.)

6           Contrary to Defendant Century 21's mantra in its Motion to Dismiss, the First Amended

7   Complaint makes specific allegations of the representations made by Century 21 which induced

8   Plaintiff Alpha Factors to initially become affiliated with Defendant Century 21 franchisor and to

9   continue that affiliation in 2002 when it executed five new Franchise Agreements.

10          Paragraph 13 of the First Amended Complaint alleges that, prior to September, 1993, Century

11  21 was seeking to become affiliated with a strong, nationally and locally well-known reputable

12  franchisor in order to enhance its business opportunities and attract top real estate agents as well as

13  buyers and sellers to its business. (FAC ¶ 13, pg. 5:8-20.) At that time, Century 21 both touted itself

14  as being and was in fact known to be such a nationally and locally recognized franchisor with

15  tremendous name recognition with the public. (FAC ¶ 14, pg. 5:21-25.) As pled in the First

16  Amended Complaint, Century 21 was aware that many members of the public do not understand that

17  franchise offices are not all owned by one company but are, instead, separate franchisees. When the

18  credibility of any one franchisee in a national chain becomes impaired, so does the credibility of its

19  other franchisees. (FAC, ¶ 13, pg. 5:15-18.) As a result, it was critical to Alpha Factors that

20  whatever franchisor it became associated with maintained and enforced its ethical and other

21  standards among its franchisees. (FAC, ¶ 13, pg. 5:18-20.)

22          In order to induce Plaintiff Alpha to sign up as a franchisee, Defendant Century 21's

23  employees and representatives represented, both orally and through written marketing materials, that

24  Defendant required all franchisees to adhere to minimum standards to enhance the reputation and

25  goodwill associated with the Century 21 mark, that its franchisees were all obligated to carryout

26  certain obligations for the benefit of all other franchisees, that it offered extensive agent training to

27  ensure that its franchisees maintained and adhered to these mandatory standards, and that it

28  aggressively and diligently monitored all franchisees to ensure their adherence to Century 21's

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  standards in order to maintain and increase the value of the Century 21 name for all current or

2  prospective franchisees.  (FAC, ¶ 14, pgs: 5:21-6-7.)

3      The Complaint alleges that Century 21's representatives, both orally and in written materials,

4  assured Plaintiff that if it became a franchisee, it too would enjoy the protection and security

5  measures imposed by Defendant Century 21 upon all of its franchisees.  (FAC, ¶ 16, pg. 6:12-19.)  In

6  its prior Motion to Dismiss, Century 21 claimed that Plaintiff Alpha Factors failed to name, with

7  specificity, who at Century 21 made such representations.  The First Amended Complaint has added,

8  in paragraph 16, pg. 6:19-25, the following specific allegations which cure any such deficiency:

9        "Dr. Richard McKenna, a Century 21 representative, stated to
      plaintiff and other individuals in attendance at a Century 21

10        Management Academy session that franchisees that did not adhere
      to Century 21's policies and procedures would be terminated.

11        While conducting Century 21's management development course,
      Michael Devlin and Dave Wellbeloved, both Century 21

12        instructors for the Century 21 Northern California Region, advised
      plaintiff and other franchisees that failure to follow Century 21's

13        Policy and Procedure manual would result in termination of the
      franchisee."

14
    Based on these representations and assurances, Plaintiff Alpha was induced to become a

15  franchisee, and, in September, 1993, executed a written Franchise Agreement with Defendant

16  Century 21.  (FAC ¶ 17, pgs. 6:26-7:1.)  Plaintiff Edward Zimbrick was also induced to execute a

17  written guarantee of same.  (FAC ¶ 17, pgs. 6:26-7:1.)

18
    Paragraph 18 of the First Amended Complaint alleges the terms and conditions of the

19  September, 1993 Franchise Agreement which re-enforced and contractually required Defendant

20  Century 21 to, in fact, adhere to all of these representations and assurances.  (FAC, ¶ 18, pg. 7:15-

21  17.)

22
    After the original term of the 1993 Franchise Agreement was due to expire, Plaintiff Alpha

23  Factors was considering its options:  Should it continue as a Century 21 franchisee or seek to become

24  affiliated with another franchisor?  The First Amended Complaint now names a specific individual

25  who made the same representations and assurances previously set forth in order to induce Plaintiff

26  Alpha Factors to execute new franchise agreements and Edward Zimbrick to guarantee same:

27        "On or before September 8, 2002, in order to induce Century 21
      Alpha to execute a new Franchise Agreement and to induce

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1          Edward Zimbrick to execute a new Guaranty, defendant Century
21's representative, Richard Bromley once again made the same

2          representations and assurances previously set forth.  Said
representations and assurances were also made through defendant

3          Century 21's marketing materials that were provided to
prospective franchisees." (FAC, ¶19, pg.7:20-24, see also ¶ 20,

4          pg. 7:25-8:1.)

5       As a direct result of these renewed assurances and representations and the ratification of its

6  previous assurances, on September 8, 2002, Century 21 Alpha executed the five new written

7  Franchise Agreements and personal guarantees of same which are the subject of this action.  (FAC, ¶

8  20, pg. 8:2-6.)

9       Paragraph 24 of the First Amended Complaint sets forth the following language from the

10  Century 21 policy and procedure manual whose terms and conditions all franchisees are

11  contractually bound to follow.  The policy and procedural manual requires that:

12          "Franchisees shall abide by the terms of this Policy and Procedure
Manual, and supervise their employees and sales associates to

13          assure compliance with its terms. For this reason, CENTURY 21
Franchisees are contractually bound by the mandatory provisions

14          of the Manual… their failure to comply with these provisions is
grounds for termination of the Franchise Agreement, at

15          Franchisor's option."

16    The manual also represents that:

17          "The CENTURY 21® System currently enjoys tremendous name
recognition with the public. The information in this Franchise

18          Identity System section is part of your Franchise Agreement
requirements. Often referred to as "The Logo Book," the Franchise

19          Identity System is used to continue to project a uniform
identification system for CENTURY 21 Franchisees that is

20          instantly recognized by the consumer. **Deviations from these
standards and formats weaken our collective image. Therefore,**

21          **changes may not be made without the written consent of**

22          **Franchisor."** (emphasis added.)

23    The First Amended Complaint also quotes from another provision of the policy and

24  procedure manual where Defendant Century 21 imposed upon all of its franchisees "certain

25  **mandatory provisions which must be followed** in order to protect and enhance the CENTURY 21

26  trade name and image. Compliance with these mandatory provisions will assure that consumers

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1   continue to receive the high quality of service associated with the Service Mark 'CENTURY 21.'"

2   (emphasis added.) (FAC, ¶ 26, pg. 9:10-14.)

3       The First Amended Complaint goes on to allege that after execution of the September, 2002,

4   Franchise Agreements, Defendant Century 21 provided Plaintiff Alpha Factors with written

5   promotional, marketing and other materials reiterating Defendant Century 21's national reputation

6   and its high standards which rendered its franchisees as "professional champions."  (FAC ¶ 32, pg.

7   10:7-20.)

8       The First Amended Complaint alleges that the representations made by Century 21 were, in

9   fact, false. (FAC, ¶ 34, pgs. 10:25-11:2.)  Paragraph 34 provides that within the last 3 years,

10  Defendant Century 21 became aware of problems associated with franchisees Century 21 Su Casa

11  and Ruby, knew that these franchisees were not adhering to the Century 21 standards, knew that they

12  were engaging in fraudulent activities which Century 21 failed to discover, monitor or remedy, and

13  failed to force these two franchisees to adhere to its standards or to sever its business relationship

14  with these franchisees and instead allowed them to continue to utilize the Century 21 brand name to

15  the detriment of Plaintiff.  (FAC ¶ 34, pg. 11:2-14.)  Paragraph 35 lists eight alleged

16  fraudulent/criminal activities that Su Casa and/or Ruby were engaged in of which Century 21 was

17  aware.  (FAC, ¶ 35, pgs. 11:15-12:4.)

18      Paragraph 36 alleges, with great detail, how Plaintiffs have been damaged as a result of

19  Defendants' failure to enforce its franchise standards.  In its Motion to Dismiss, Century 21 contends

20  that these allegations are simply "conclusory" and that all Plaintiffs have alleged is that they have

21  been harmed by the misconduct of **other franchisees**, not Century 21.  Untrue.  All of the paragraphs

22  previously set forth allege in great detail what Century 21 promised Plaintiff Alpha Factors with

23  respect to monitoring and enforcing its standards among all franchisees, its knowledge that Su Casa

24  and Ruby were failing to meet those standards, and its knowledge that Su Casa and Ruby were

25  engaged in fraudulent and criminal activities which Defendant chose to ignore.

26      Paragraph 36 alleges resultant damage to Plaintiffs with great specificity.  It states that as a

27  result of Century 21's failure to enforce its standards against these two local franchisees, that

28  Plaintiff Alpha Factor's name and recognition within the County of Santa Clara and the greater

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  Silicon Valley area has been impugned, that the local Century 21 brand name has become

2  stigmatized, that its name has lost credibility among members of the public and within the local real

3  estate industry, that real estate agents have severed their affiliation with Plaintiff as a result, that

4  Plaintiff Alpha has failed to attract new real estate agents as a result, and that Plaintiff Alpha has

5  suffered loss of income both through the loss of its agents and through the loss of buyers and sellers

6  who would have used the services of Plaintiffs' five local franchisees if the brand name had not been

7  besmirched.    (FAC, ¶ 36, pg. 12:4-22, ¶ 37:23-26.)

8    **C.  RESPONSE TO DEFENDANTS' ALLEGED "DEFECTS" APPLICABLE TO EACH OF PLAINTIFFS' RESCISSION CLAIMS**

9

10    **1.  Plaintiff Is Entitled To Rescind The Five Franchise Agreements Executed In September, 2002**

11  Defendant Century 21 makes a blanket, legally unsubstantiated argument that Plaintiffs

12  cannot rescind a business relationship that has been ongoing for 15 years.  Defendant deliberately

13  mischaracterizes Plaintiffs' rescission claims.  Plaintiffs are not seeking rescission back to 1993

14  when their business relationship with Defendant Century 21 was first established.  Instead, they seek

15  to rescind only the five 2002 Franchise Agreements, and supporting guarantees, which were executed

16  based on Defendant's 2002 fraudulent representations which induced Plaintiff Alpha Factors to

17  continue its franchise affiliation with Century 21.

18  Rescission of the five agreements will likely necessitate an accounting between Plaintiffs and

19  Defendants for the last few years of their relationship.  This will not, however, pose any

20  insurmountable challenge to effectuating a rescission of the five Franchise Agreements and

21  Guarantees as Defendant argues.  Defendant's reliance on *McKesson HBOC, Inc. v. New York State*

22  *Common Retirement Fund, Inc.* (9th Cir. 2003) 339 F.3d 1087, to support its contention that it is

23  impossible to unwind the Parties "15 year relationship" is misplaced.  The *McKesson HBOC, Inc.*

24  case involved a novel securities fraud claim brought under state law.  Specifically, McKesson, a

25  large drug and health supply company, acquired HBOC, a large healthcare software company

26  through a complex merger agreement wherein HBOC would survive as a wholly owned subsidiary of

27  McKesson, and HBOC shareholders would have their stock cancelled and converted into the right to

28  receive .37 shares of McKesson stock for each share of HBOC stock.

1    "McKesson's final claim on appeal is that it should be permitted to amend its complaint to

2    state a claim forperhaps [sic] among other things – rescission of the Merger Agreement."

3    (*McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.* (9th Cir. 2003) 339

4    F.3d 1087, 1096.) In declining to permit McKesson to amend its complaint, the Court stated, "It is

5    nearly impossible to imagine that the Merger Agreement could be rescinded at this late date, four

6    years after it was signed, and after thousands of McKesson and HBOC shareholders have traded their

7    stock in various ways; unscrambling this egg is virtually impossible." (*Id.*) Simply put, the

8    *McKesson* case involved a complex Merger Agreement that included provisions for converting and

9    transferring publicly traded stocks to a fluid population of shareholders thereby making it nearly

10   impossible to restore the parties to the position they were in prior to the merger. No such

11   circumstances exist in this case.

12       Rather, the Parties' five Franchise Agreements and Guarantees call for Defendant's

13   authorization for Plaintiffs' use of the Century 21 Service Mark in conducting its business, and

14   providing marketing materials and certain training opportunities for Plaintiffs' agents and brokers in

15   exchange for Plaintiffs' payment of significant franchise fees and royalties. Unwinding this

16   "relationship" will likely require an accounting going back to approximately 2002, but not much

17   more. Further, Defendant's assertion that "Plaintiffs have no conceivable way to restore to Century

18   21 the value they received form Century 21 for so many years" is simply untrue. The value received

19   can be measured by the franchise fees and royalties Plaintiffs paid Defendant.

20       This transaction is nothing like the complex issues presented by in the *McKesson* case and,

21   therefore, Defendant's repeated assertions that the Parties' "relationship" cannot be unwound are

22   unavailing.

23       **2.    Plaintiffs Gave Prompt Notice of Rescission Of The Five Franchise Agreements**

24       Plaintiffs properly alleged prompt notice to Defendant of the rescission of the five Franchise

25   Agreements and Guarantees Plaintiff executed in or around September 2002. Specifically, Plaintiffs

26   allege in the First Amended Complaint that within the last 3 years, Defendant Century 21 became

27   aware of problems associated with franchisees Century 21 Su Casa and Ruby, knew that these

28

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  franchisees were not adhering to the Century 21 standards, knew that they were engaging in

2  fraudulent activities which Century 21 failed to discover, monitor or remedy, and failed to force

3  these two franchisees to adhere to its standards or to sever its business relationship with these

4  franchisees and instead allowed them to continue to utilize the Century 21 brand name to the

5  detriment of Plaintiff.  (FAC ¶ 34, pg. 11:2-14.)  Plaintiffs further allege that it became aware of the

6  actions Century 21 Real Estate, LLC filed against Su Casa and Ruby within the last three years.

7  (FAC ¶4, pg. 3.)  It was within the last three years that Plaintiffs learned that Defendant had not sued

8  Su Casa or Ruby to rescind their respective franchise agreements, rather Defendant only sought to

9  collect outstanding fees and royalties these two franchisees failed to pay Defendant.

10       The First Amended Complaint also alleges that "said defendant's conduct, in failing to

11  terminate the disreputable franchisees as part of its legal action, demonstrates Century 21 Real

12  Estate, LLC's intent to avoid its obligation to enforce the standards of conduct it sets for its

13  franchisees.  (FAC ¶4, pg. 3-4.)  Said conduct by Century 21 Real Estate, LLC constitutes a breach

14  of its obligations to maintain and increase the value of the Century 21 mark so that Alpha Factors,

15  Inc., and other Century 21 Real Estate, LLC franchisees could realize the full benefit of the Century

16  21 brand name.  (FAC ¶4, pg. 4.)

17       Defendant's assertion that Plaintiffs' notice of rescission was untimely lacks merit.  Plaintiffs,

18  upon discovering that Defendant failed to take corrective action with respect to Su Casa and Ruby in

19  order to protect the Century 21 mark in Santa Clara County and the greater Silicon Valley, began to

20  evaluate their legal rights and promptly notified Defendant of the rescission after determining that

21  Defendant had no intention of fulfilling its obligations to Plaintiffs.  Accordingly, Plaintiffs have

22  acted diligently in protecting their legal rights in this matter and Defendant's Motion to Dismiss on

23  the grounds that Plaintiffs' failed to give prompt notice of rescission should be denied.

### 3.  Plaintiffs' Complaint Describes With Specificity The Five Franchise Agreements And Accompanying Guarantees They Seek To Rescind

25       Century 21 contends it cannot determine what contracts Plaintiffs seek to rescind simply

26  because the Complaint, in explaining the background of the parties' business relationship, sets forth a

27  prior 1993 Agreement.  The language of the First Amended Complaint is clear and unambiguous.

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1    Paragraph 40 specifically states that Plaintiffs gave notice they "were rescinding the 2002

2    franchise agreements and the 2002 guarantees." (FAC pg. 13:10-12.) Paragraph 41 alleges that

3    Plaintiffs intend service of the summons and complaint as further notice rescission of the 2002

4    Franchise Agreements and 2002 guarantees. (FAC, ¶ 41, pg. 13:13-17.) The subsequent causes of

5    action for rescission also refer specifically to rescission of the 2002 Franchise Agreements and 2002

6    guarantees. (FAC, ¶ 46 pgs. 14::8-19, ¶ 49, pg. 14:26-28, ¶ 54, pg 15:6-18, ¶ 56, pgs. 15:24-16:1, ¶

7    63, pgs. 16:24-17:2, ¶ 64, pg. 17:3-7, ¶ 68, pg. 17:19-26, ¶ 69, pgs. 17:27-18:1, ¶ 70, pg. 18:2-8, ¶

8    71, pg. 18:9-13, ¶ 75, pgs. 18:26-19-1, ¶ 77, pg. 19:8-14, ¶ 78, pg. 19:15-19.)

9    Since the First Amended Complaint states, with specificity, what contracts are being

10   rescinded, Defendant's motion to dismiss on these grounds should be overruled.

11   ## II.    LEGAL ARGUMENT

12   ### A.    STANDARDS ON A MOTION TO DISMISS PURSUANT TO FEDERAL
         RULE OF CIVIL PROCEDURE 12(b)

13   Federal Rules of Civil Procedure Rule 12(B) states, "Every defense to a claim for relief in

14   any pleading must be asserted in the responsive pleading if one was required." Rule 12(B) further

15   states,

16       "A party may assert the following defenses by motion:

17       (6) Failure to state a claim upon which relief can be granted..."

18   Federal Rules of Procedure Rule 8(a) states as follows:

19       "(a) Claim for relief. A pleading that states a claim for relief must
20       contain:

21       (1) A short and plain statement of the grounds for the court's
         jurisdiction, unless the court already has jurisdiction the claim
22       needs no new jurisdictional support;

23       (2) A short plain statement of the claim showing that the pleader
         is entitled to relief; and

24       (3) A demand for relief sought, which may include relief in the
25       alternative or different types of relief."

26   Federal Rule of Civil Procedure Rule 8(a)(2) requires only "A short and plain statement of

27   the claims showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

28   what the...claim is and the grounds upon which it rests." (*Bell Atlantic Corp. v. Twonbly* (2007)

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  127 S.Ct. 1955, 1964.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

2  need detailed factual allegations (citation omitted), a Plaintiff's obligation to provide the "grounds"

3  of his "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

4  the elements of a cause of action will not do." (*Id.* at 1964-1965.) "A well-pleaded Complaint,

5  however, may proceed even if it appears that a recovery is very remote and unlikely. (*Id.* citing to

6  *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236.)

7      "In deciding a motion to dismiss for failure to state a claim, the court's review is limited to

8  the contents of the complaint." (*Neilson, et al. v. Union Bank of California, N.A.* (C.D. Cal. 2003)

9  290 f.Supp.2d 1101, 1111.) "A court may not dismiss a complaint for failure to state a claim "unless

10  it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

11  would entitle him to relief. (*Id.*)

12  **B.    THE FIRST AMENDED COMPLAINT SUFFICIENTLY ALLEGES ALL**
       **ELEMENTS NECESSARY TO SUPPORT PLAINTIFFS' CLAIM FOR**
13     **RESCISSION BASED ON FRAUD**

14      As set forth above, the First Amended Complaint alleges, in great detail, the fraudulent

15  misrepresentations of Defendant Century 21 that induced Alpha Factors to enter into the 1993

16  Franchise Agreement and to continue the franchise relationship in 2002 when new agreements were

17  executed. Paragraph 16 alleges that Century 21's agents, employees, representatives and marketing

18  materials all represented to Alpha Factors that all of its franchisees were required to adhere to

19  Century 21's stringent standards and that those standards would be enforced by Defendant Century

20  21. (FAC ¶ 16.) Paragraph 16 of the First Amended Complaint now names a specific representative,

21  Dr. Richard McKenna, who, among others, represented to Alpha Factors at a Century 21

22  Management Academy Session that franchisees that did not adhere to Century 21's policies and

23  procedures would be terminated. The same paragraph also alleges that two of Century 21's

24  management instructors, Michael Devlin and Dave Wellbeloved also represented that franchisees

25  who failed to follow Century 21's policy and procedure manual would be terminated. Paragraph 17

26  alleges that based on these representations and assurances, Alpha Factors executed the 1993 written

27  Franchise Agreement. Paragraph 18 alleges in detail the terms and conditions of the Franchise

28  Agreement which reinforced these representations made by Century 21.

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1          Paragraph 19 sets forth that Century 21's representative, Richard Bromley, made the same

2    representations and assurances before September, 2002, in order to induce Century 21 to execute five

3    new Franchise Agreements.  Paragraph 21 then alleges that based on these renewed assurances and

4    representations including the ratification of representations previously made, and in reliance on

5    same, in September, 2002, Century 21 Alpha executed five new written Franchise Agreements for its

6    local branch offices.

7          Since the First Amended Complaint is replete with alleged misrepresentations, including **who**

8    made the representations **what was said, where they were made,** and **when they were made,**

9    Defendant's argument that plaintiffs have failed to plead "a misrepresentation" has no merit.

10   California law is well-settled that the rule as to pleading facts does not require a minute detail of all

11   of the conversations during which the fraudulent representations were made; it is sufficient to allege

12   the fraud in substance and legal effect.  (***Stoner v. Williams*** (1996) 46 Cal.App.4[th] 986, 1005;

13   ***Committee on Children's Television, Inc. v. General Foods Corp.*** (1983) 35 Cal.3d 197, 217-218.)

14   Less specificity is required when "it appears from the nature of the allegations that the defendant

15   must necessarily possess full information concerning the facts the controversy."  (***Id.*** at 217.)

16   Because plaintiffs have clearly alleged the requisite elements of fraud including who, what, where,

17   and when the fraudulent representations were made, and Defendant is clearly in a position to know

18   what assertions it has made in its own marketing materials and through its representatives, Plaintiffs

19   have met the requirements of heightened specificity for pleading rescission based on fraud.

20         Further, the representations alleged are pled as fraudulent inducements to enter into the 2002

21   Franchise Agreement, not mere non-performance of the Franchise Agreements as Defendants

22   contend.  (See Mtn to Dismiss, P&As, pg. 7:24-26.)

23         Plaintiffs have also alleged that when the misrepresentations were made, Defendant Century

24   21 had no intention to perform same, contrary to Defendant's characterization of the First Amended

25   Complaint.  (***Id.*** 7:27-8:6.)  Paragraph 38 alleges that the representations were false; paragraph 39

26   alleges that they were made by Defendant Century 21 knowingly and with the intent to induce

27   plaintiff to rely on same and execute the 2002 Franchise Agreements and the guarantees.

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1    Defendant Century 21 argues that Plaintiffs could not have relied on any representations that

2  non-conforming franchisees would be disciplined and/or terminated since the policy manual states

3  that a violation is grounds for termination at franchisor's option. (*Id.* pg. 8:7-14.) The rescission

4  based on fraud cause of action does not arise out of breach of contract and/or breach of the Procedure

5  and Policy Manual. It is a rescission claim based on fraudulent inducement to execute the Franchise

6  Agreements and the guarantees. The First Amended Complaint alleges not only that non-conforming

7  franchisees would be terminated but that they would be disciplined and that measures would be

8  imposed to ensure compliance with their various franchise agreements and the high disciplinary and

9  quality control standards of Century 21. (FAC ¶ 16.) The essence of the claim is fraudulent in

10  inducement, not breach of contract.

11    Defendant next argues that Plaintiffs have failed to pled proximate cause resulting in

12  damages. Plaintiffs have pled damages with specificity as set forth in Section I C, *supra*, meeting the

13  requisite proximate cause element of its claim for rescission based on fraud.

14    Lastly, Plaintiffs have pled fraud with sufficient particularity to state a cause of action.

15  Paragraph 16 alleges three different individuals who made representations about discipline and

16  termination "…prior to entering into the September, 1993 Franchise Agreement." This sufficiently

17  identifies who, what, where, when and what was said to satisfy the requisite fraud pleading.

18    Paragraph 19 alleges that Century 21's representative, Richard Bromley, "once again made

19  the same representations and assurances previously set forth" before Alpha Factors executed the five

20  new Franchise Agreements and Edward Zimbrick executed the new guarantees. There is no legal

21  requirement that Alpha Factors again allege each and every word spoken by Bromley. A statement

22  that he reiterated the representations and assurances already set forth with specificity meets the

23  requisite pleading requirements.

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

**C.** **PLAINTIFFS SUFFICENTLY PLEAD THE EXISTENCE OF A MUTUAL MISTAKE AS TO DEFENDANT'S OBLIGATION TO ENFORCE CENTURY 21 REAL ESTATE, LLC'S STANDARDS IN ORDER TO PROTECT ITS MARK FOR THE BENEFIT OF ITS FRANCHISEES**

When a contract is formed, that contract can be voidable and subject to rescission due to mutual mistake when there is a harmful mistake as to some basic or material fact which induced the plaintiff to enter into it. (*1 Witkin, Summary of California Law(10th Ed.), § 260.*)

Under California Civil Code § 1577, a mistake of fact includes a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in (1) an unconscious ignorance of a fact past or present, material to the contract; or (2) belief in the present existence of a thing material to the contract which does not exist. That mistake must effect in some material way one of the essential elements of the contract, such as the parties, subject matter, offer or acceptance, so that it clearly appears that the complaining party would not have entered into it except for his mistaken belief. (Civil Code § 1568; *1 Witkin Summary (10th Ed.), § 260.*)

> "Generally a mistake of fact occurs when a person understands the facts to be other than they are... (*Crocker-Angle National Bank v. Kuchman* (1964) 224 Cal.App.2d 490, 496.) "When both parties understand the facts other than they are, the mistake necessarily and is mutual and thus becomes a basis for rescission. (*Id.*; *1 Witkin, Summary of Cal. Law, Contracts,* § 127, pg. 135; *Restatement, Contracts* § 502.)

An innocent misrepresentation of material fact by one contracting party to another on which the other relies in good faith can compromise the basis of a mutual mistake. (*Crocker-Angle National Bank, supra* at 496-497.) In *Crocker-Angle*, plaintiffs purchased stock from defendants, with the understanding, based on defendant's representations, that the stock was worth $30,000. When plaintiff learned the stock was worthless, they sued on various theories, including the common count of money had and received. When the Trial Court refused plaintiffs' request to amend their opening statement to discuss innocent misrepresentation as a basis for showing mistake, plaintiffs rested and defendant's non-suit was granted. The Appellate Court reversed the Court's refusal to allow the discussion of innocent misrepresentation.

> "Innocent misrepresentation is not specifically enumerated [in Civil Code § 1689] as a ground for rescission; but it is a type of 'mistake' ... and hence supports rescission. [¶] ... When both

Reusi, Hannerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1   parties understand the facts other than they are, the mistake
necessarily is *mutual* and thus becomes a basis for rescission.
2   [citation omitted.] [¶] ...Because of respondents' representations
appellants were mistaken as to the stock's value. Therefore,
3   appellants' consent to the contract of purchase 'was given by
mistake,' and they have a cause of action for rescission under
4   subdivision (b)(1) of § 1689 of the Civil Code. [¶] ... In a civil
action the good faith of a party who procures the assent of another
5   by material misrepresentations is of no moment.' [¶] ... This
[holding that innocent misrepresentation is a ground for rescission]
6   is a rule founded in justice; for '... *it would be unjust to allow one
who has made false representations, even innocently, to retain the*
7   *fruits of a bargain induced by such representations"* (***Crocker-
Angle, supra*** at 495-497.) (emphasis added.)

8       Contrary to Defendant Century 21's mantra in its Motion to Dismiss, the First Amended

9   Complaint makes specific allegations of the representations made by Century 21 which induced

10  Plaintiff Alpha Factors to initially become affiliated with Defendant Century 21 franchisor and to

11  continue that affiliation in 2002 when it executed five new Franchise Agreements. As a direct result

12  of these renewed assurances and representations and the ratification of its previous assurances, on

13  September 8, 2002, Century 21 Alpha executed the five new written Franchise Agreements and

14  personal guarantees of same which are the subject of this action. (FAC, ¶ 20, pg. 8:2-6.)

15
16      Defendant's representations regarding its efforts to protect the integrity and value of its mark

17  for the benefit of all of its franchisees were in fact false. (FAC, ¶ 14, pgs: 5:21-6-7.) Simply stated,

18  Defendant made representations and assurances to Plaintiffs to induce them into executing the 2002

19  Franchise Agreements and Guarantees, while not actually adhering to the strict enforcement

20  requirements it touted to sell its mark to potential franchisees such as Plaintiffs. Further, Defendant

21  understood that it had unfettered discretion in enforcing its standards whereas Plaintiffs understood,

22  based on Defendant's representations and assurances, that Defendant would take all necessary steps,

23  including terminating a breaching franchisee, in order to protect the Century 21 mark.

24      Plaintiffs have clearly and specifically alleged the Parties' mutual mistake regarding

25  Defendant's obligation to protect its mark for the benefit of all of its franchisees, thereby entitling

26  Plaintiff to rescind the 2002 Franchise Agreements and Guarantees. (*1 Witkin, Summary of

27  California Law(10th Ed.),* § 260.) Accordingly, this Court should deny Defendant's motion to

28  dismiss because Plaintiff have sufficiently plead a claim for rescission based on mutual mistake.

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

**D.    IN THE ABSENCE OF A MUTUAL MISTAKE, PLAINTIFFS HAVE SUFFICENTLY PLEAD THE EXISTENCE OF A UNILATERL MISTAKE AS TO DEFENDANT'S OBLIGATION TO PROTECT CENTURY 21 REAL ESTATE, LLC'S MARK**

A mistake is unilateral if only one party understands the facts to be other than as they really are. (*1 Witkin, Summary of Cal. Law, Contracts (10ᵗʰ Ed.)* § 262.)  Relief may be granted for unilateral mistake of fact if:

(1)  The non-mistaken party knew of the mistake;

(2)  The non-mistaken party caused the mistake;

(3)  Enforcement of the contract would be unconscionable under the circumstances where (a) the party made a mistake regarding a basic assumption upon which defendant made the contract; (b) the mistake has a material effect upon the agreed exchange of performances adverse to that party; (c) that party did not bear the risk of the mistake; and (d) the effect of the mistake is such that enforcement of the contract would be unconscionable. (*Donovan v. RRL Corp.* (2001) 26 Cal.4ᵗʰ 261, 281; *1 Witkin, Summary of Cal. Law (10ᵗʰ Ed.),* § 264.)

In *M.F. Kemper Construction Co. v. City of Los Angeles* (1951) 37 Cal.2d 696, plaintiff submitted a bid for a public works job which, due to plaintiffs' unilateral mistake inadvertently was 30% lower than what plaintiff intended to bid.  After bids were open, plaintiff discovered its mistake and attempted to cancel its bid.  Defendant treated the bid as an irrevocable option, accepted it, and tried to hold plaintiff to the contract.  Plaintiff sued for rescission for unilateral mistake and was granted judgment.  That judgment was affirmed on appeal.  Relief from mistake is allowed when one party knows or has reason to know of the other party's error when the requirements for rescission are fulfilled. (*M.F. Kemper, supra,* at 701.)

In *Donovan v. RRL Corp., supra,* an advertisement placed by an automobile dealer inadvertently listed the price of the used jaguar at about $26,000 where the dealer had intended to offer it for about $38,000.  Plaintiff "accepted" the "offer" to sell and then sued the dealer when it refused to transfer title.  The California Supreme Court ruled that the dealer's unilateral mistake justified rescission of the contract because it was made in good faith, the dealer did not bear the risk

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  of the mistake, and the enforcement of the contract with a mistake in price would be unconscionable.

2  (*Donovan, supra* at 281.)

3       In this case, Defendant knew or should have known that it had unfettered discretion in

4  disciplinary matters pertaining to its franchisees when it represented otherwise to Plaintiffs prior to

5  executing the 2002 Franchise Agreements.  For the same reasons articulated in Section II, C above,

6  this Court should deny Defendant's Motion to Dismiss Plaintiffs' third cause of action for rescission

7  based on unilateral mistake because Plaintiffs' First Amended Complaint clearly alleges that

8  Plaintiffs' mistaken understanding of Defendant's obligation to protect Century 21 Real Estate,

9  LLC's mark was the result of misrepresentations Defendant made in order to induce Plaintiffs into

10  executing the 2002 Franchise Agreements and Guarantees.

11       **E.    PLAINTIFFS HAVE ALLEGED ALL OF THE NECESSARY ELEMENTS OF
             RESCISSION BASED ON FAILURE OF CONSIDERATION**

12       A party to a contract may rescind the contract if the consideration for the obligation:

13   - Fails, in whole or in part, through the fault of the party against whom he or she
14     rescinds.  (Civil Code § 1689(b)(2);

15   - Becomes entirely void from any cause. (Civil Code § 1689(b)(3)); or

16   - Before it is rendered to him or her, fails in material respect from any cause. (Civil
17     Code § 1689(b)(4).

18       Failure of consideration is material if it will render it impossible for the rescinding party to

19  perform or will frustrate the whole purpose of the contract.  (*Crofoot Lumber, Inc. v. Thompson*

20  (1958) 163 Cal.App.2d 324, 332-333.)

21       The party against whom the contract is rescinded need not have been the cause of the failure

22  of consideration contemplated by Civil Code § 1689(b)(4) in order for rescission to be available.

23  Failure of consideration from any cause includes failure of consideration on account of acts of third

24  parties. (*Nelson v. Sperling* (1969) 270 Cal.App.2d 194, 195.)

25       Failure of consideration may be partial or total.  (Defendant's Ps&As, pg. 15:3-6.)

26       Incredibly, Century 21 argues that Alpha Factors has not alleged that Defendant's failure to

27  terminate the Su Casa and Ruby franchise agreements was a material breach going to the essence of

28  Plaintiffs' Franchise Agreement.  If you accept Defendant's argument, according to them, the

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  "minor" misconduct of two local franchisees, and Defendant's failure to subject those franchisees to

2  disciplinary action or termination of their franchise agreements, is insufficient, as a matter of law, to

3  constitute a material breach of the five Franchise Agreements constituting a failure of consideration

4  warranting rescission.

5  **This is an issue of fact**, not an issue of law to be decided on a Motion to Dismiss.  Plaintiffs'

6  pleading alleges that the essence of the Franchise Agreements, and the fundamental and principal

7  purpose for entering into same with Century 21, was for Alpha Factors to be associated with a strong

8  nationally and locally recognized real estate brand – the Century 21 mark – where maximum

9  standards of performance and ethics would be maintained and enforced so as to enhance the

10  reputation and draw of all franchisees.  Alpha Factors knew that association with a locally and

11  nationally known franchisor would attract talented real estate agents who would, in turn, bring in

12  buyers and sellers to the five local Alpha Factors' branches.  When Century 21 stopped maintaining

13  its high standards by allowing two local Santa Clara County franchisees to besmirch the Century 21

14  name through fraudulent and criminal conduct, the fundamental consideration on Alpha Factor's part

15  for entering into the contract was destroyed.  As pled in the First Amended Complaint, local real

16  estate agents fled Alpha Factors' five local branches followed by the buyers and sellers they

17  attracted, diminishing revenue beyond recovery and rendering useless the value of the Century 21

18  brand name to Plaintiff.  (FAC, ¶¶ 61-63.)

19  Under Civil Code § 1689(b)(4), the conduct of the two local franchisees, Su Casa and Ruby is

20  sufficient to warrant rescission based on failure of consideration.  The conduct need not have been

21  that of Defendant Century 21.  However, certainly Alpha Factors has pled that Century 21 itself, by

22  failing to enforce its standards through disciplinary or termination procedures, rendered

23  consideration for the contracts, entered into in 2002, valueless.[1]  Since Alpha Factors has alleged all

24  of the necessary elements of rescission based on failure of consideration, this Court should not find

25  that, as a matter of law, its claim is precluded.

26

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

27  [1]  As always, Century 21 reiterates its mantra that as a matter of law and common sense, its conduct
     could not destroy the essence of a 15 year contractual relationship.  The entire contractual

28

### F.    PLAINTIFFS' FIRST AMENDED COMPLAINT ASSERTS ALL OF THE ELEMENTS FOR RESCISSION BASED ON COMMERCIAL FRUSTRATION

The doctrine of commercial frustration is a species of failure of consideration.  It operates when a not reasonably foreseeable supervening event totally or nearly destroys the value of counterperformance in a contract.  (*Lloyd v. Murphy* (1944) 25 Cal.2d 48, 53-54; *Federal Leasing Consultants, Inc. v. Mitchell Lipsett* (1978) 85 Cal.App.3d Sup. 44, 47-49.)  The frustration must be so severe that it is not fairly regarded as within the risks assumed by the rescinding party under the contract.  (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 399; *Nieman v. Peterson* (1978) 86 Cal.App.3d Sup. 14, 19.)

Rescission may be granted in appropriate cases under the doctrine of commercial frustration. (See generally *Glenn R. Sewell Sheet Metal, Inc. v. Loverde* 70 Cal.2d 666, 676-677, note 13 (giving history and sources of doctrine of frustration and collection of cases).)

The broad issue presented in commercial frustration cases is whether, in the light of public policy, the equities of the case require placing the risk of disruption or destruction of the contract on one or the other party, and the answer depends on whether an unanticipated circumstance, the risk of which should not fairly be thrown on the promissor, has made performance "vitally different from what was reasonably to be expected."  (*Lloyd, supra* at 54 followed in *Federal Leasing Consultants, supra* at 47-48.)

As Defendant notes in its moving papers, commercial frustration arises when the "fundamental reason" of both parties for entering into the contract has been frustrated.

Century 21 argues that the misconduct of only two other franchisees is insufficient, as a matter of law, to destroy the value of the 2002 Franchise Agreements to Plaintiffs.  (Defendant's Mtn to Dismiss, Ps&As, pg. 17:1-3.)  Like the failure of consideration argument, this is an issue of fact, not an issue of law.  Plaintiffs' pleading sufficiently alleges that the fundamental and principal purpose for entering into the Franchise Agreement with Century 21 was for Alpha Factors to be associated with a strong nationally and locally recognized real estate brand – the Century 21 mark –

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

relationship is not at-issue.  Only Century 21's conduct after entering into the 2002 agreements is under scrutiny.

1   where maximum standards of performance and ethics would be maintained and enforced so as to

2   enhance the reputation and draw of all franchisees. As previously set forth, Alpha Factors knew that

3   association with a locally and nationally known franchisor would attract talented real estate agents

4   who would in turn bring in buyers and sellers of the five local Alpha Factors' branches. When

5   Century 21 stopped maintaining its high standards by allowing two local Santa Clara County

6   franchisees to besmirch the Century 21 name through fraudulent and criminal conduct, the

7   fundamental reasons on Alpha Factor's part for entering into the contract were destroyed.

8         Since all of the elements of commercial frustration have been pled, Defendant's Motion to

9   Dismiss should be denied.

10   **G.   THE PLEADING ALLEGES ALL OF THE NECESSARY ELEMENTS FOR RESCISSION BASED ON IMPRACTICABILITY OF PERFORMANCE**

11

12         Modern cases recognize something as legally impossible when it is impracticable, that is,

13   when it can be done only at an excessive and unreasonable cost. (*Mineral Park Land Co. v. Howard*

14   (1916) 172 Cal. 289, 293.) Impossibility may be based on impracticability when it is due to

15   excessive and unreasonable difficulty or expense. (*Christin v. Superior Court* (1937) 9 Cal.2d 526,

16   533; see *In re: Marriage of Benjamins* (1994) 26 Cal.App.4[th] 423, 432, fn 3.)

17         A party invoking impossibility must show that reasonable efforts were used to surmount the

18   obstacles that prevented performance. (*McCalden v. California Library Ass'n* (9th Cir. 1999) 955

19   F.2d 1214, 1219.)

20         Plaintiffs have alleged all of the necessary elements of rescission based on impracticability.

21   They assert, in paragraph 75 of the First Amended Complaint, that Century 21's conduct in

22   selectively enforcing its franchisor standards and ignoring the blatant conduct of local franchisees in

23   violation of same has entirely destroyed the purpose that both Parties had in mind when they

24   executed the 2002 Franchise Agreements and attendant guarantees.

25         Paragraph 76 alleges that reasonable efforts were used by Plaintiffs to surmount the obstacles

26   that prevented performance, and that their performance has been rendered excessive and

27   unreasonable since it is impossible to successfully compete as a real estate broker in the local

28   community while affiliated with a brand name which has acquired such a negative reputation in the

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  real estate industry and among buyers and sellers of real property in Santa Clara County and the

2  greater Silicon Valley.

3  Paragraph 77 alleges the "cost" Plaintiffs have and will continue to suffer in that they have

4  been deprived of the benefit of the bargain in the form of reputation, market share and their ability to

5  attract real estate agents and buyers, and are being forced to conduct business in a local arena where

6  their franchise brand has lost all of its credibility and monetary value.

7  Since Plaintiffs have alleged all of the necessary elements of their claim, the Court should

8  find that the merits of same are a matter of factual determination and not subject to a Motion to

9  Dismiss.

10  **H.    THE FIRST AMENDED COMPLAINT ALLEGES ALL NECESSARY
         ELEMENTS TO MAINTAIN A CLAIM FOR BREACH OF THE IMPLIED
11         COVENANT**

12  Every contract imposes upon each party a duty of good faith and fair dealing in its

13  performance and its enforcement.  (*Restatement, 2d,* Contracts, § 205.)  This duty has been

14  recognized in the majority of American jurisdictions, the  Restatement, and Uniform Commercial

15  Code.  (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 684-684.)  It has been consistently

16  applied in this State to commercial leases.  (*Carma Developers (California), Inc. v. Marathon*

17  *Development California, Inc.* (1992) 2 Cal.4th 342, 372.)

18  The covenant of good faith finds particular application in situations where one party is

19  invested with discretionary power affecting the rights of another.  Such power must be exercised in

20  good faith.  (*Id.*)  Further, breach of a specific provision of a contract is not a necessary prerequisite.

21  (*Id.* at 373.)  Were it otherwise, the covenant would have no practical meaning, for any breach

22  thereof, would necessarily involve breach of some other term of the contract.  (*Id.*)

23  Each of the five Franchise Agreements and Guarantees executed by Plaintiffs in 2002

24  imposed a duty of good faith and fair dealing on Plaintiffs and Defendants in carrying out the

25  obligations under each contract.  Plaintiffs have adequately alleged their performance of the terms of

26  the contracts in good faith, including payment of all required fees and royalties.

27  Defendant has not, however, fulfilled its obligation under each of these contracts in good

28  faith, as alleged in Paragraphs 36-39 of the First Amended Complaint, by failing to enforce the

Rossi, Hauersloogh,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph.(408) 261-4252
Fax (408) 261-4292

standards of conduct imposed on all of its franchisees. Defendant's conduct has diminished the value of Century 21's mark in Santa Clara County in the greater Silicon Valley area to the detriment of Plaintiffs.

Based on the foregoing, Plaintiffs have more than sufficiently alleged facts to support each element of its claim for breach of the implied covenant of good faith and fair dealing. Accordingly, this Court should deny Defendant's Motion to Dismiss Plaintiffs' seventh cause of action.

## I.    PLAINTIFFS' FRAUD CAUSE OF ACTION IS SUFFICIENT FOR ALL OF THE REASONS SET FORTH IN SUPPORT OF ITS RESCISSION BASED ON FRAUD CLAIM

Defendant Century 21's attack on Plaintiffs' fraud cause of action should be denied for the same reasons set forth in response to its Motion to Dismiss the rescission based on fraud claim.

## J.    PLAINTIFFS' PROPERLY ALLEGE THAT DEFENDANT'S NEGLIGENT MISREPRESENTATIONS MADE IN ORDER TO INDUCE PLAINTIFFS TO EXECUTE THE 2002 FRANCHISE AGREEMENTS AND GUARANTEES

"Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit." (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407.) A negligent misrepresentation occurs where a party to a contract makes an unwarranted and untrue assertion, believing the assertion to be true and intending to induce the other party to enter into the contract. (Civil Code § 1572(c).)

> "When a party possesses or holds itself out as possessing superior knowledge or special information or expertise regarding the subject matter and plaintiff is so situated that it may reasonably rely on such supposed knowledge, information, or expertise, the defendant's representation may be treated as one of material fact." (*Gagne v. Beartran* (1954) 43 Cal.2d 481, 489.)

In this case, Defendant argues in its Opposition that Plaintiffs' First Amended Complaint alleges only the existence of a promise to take action in the future. (Defendant's Ps&As, pg. 21:3-6.) This argument misconstrues the allegations in the First Amended Complaint. Specifically, the First Amended Complaint alleges that pursuant to the Policy and Procedure Manual Defendant Century 21 represented that it imposed upon all of its franchisees certain mandatory provisions which must be followed in order to protect and enhance the Century 21 trade name and image. Compliance with these mandatory provision will ensure that consumers continue to receive the high quality of service associated with the service mark Century 21. (FAC, ¶ 26; see also ¶¶ 27-32.)

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph.(408) 261-4252
Fax (408) 261-4292

1        Simply put, the First Amended Complaint alleges that at the time Plaintiff and Defendant

2   entered into the 2002 Franchise Agreements and Guarantees, Defendant represented to Plaintiffs that

3   Defendant actively enforced its rigid standards to ensure that the Century 21 mark would be

4   protected and enhanced for the benefit of all of its franchisees.  Defendant's assertions in this regard

5   are statements of present action and conditions.

6        Accordingly, Defendant's assertions in this regard constitute negligent misrepresentations

7   because Plaintiffs were induced to execute the 2002 Franchise Agreements and Guarantees in

8   reliance on Defendant's false representations that it takes all necessary steps to preserve and enhance

9   its marks.  Defendant's Motion to Dismiss this cause of action should, therefore, be denied.

### K.    PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM PURSUANT TO CALIFORNIA BUSINESS & PROFESSIONS CODE § 1700 *ET SEQ.* IS SUFFICIENT FOR ALL OF THE REASONS SET FORTH IN SUPPORT OF ITS RESCISSION BASED ON FRAUD CLAIM

     Allegations of actual deception, reasonable reliance, and damages are unnecessary.  The

Court may order restitution without individualized proof of deception, reliance and injury if it

determines that such a remedy is necessary to prevent the use or employment of the unfair practice.

(*Id.*)

     In ***Committee on Children's Television, supra***, the California Supreme Court held that a

plaintiff seeking injunctive relief and restitution under the cited statute need not described the alleged

deceptive practices with particularity or plead the exact language of every deceptive statement.  It is

sufficient for a plaintiff to describe a scheme that constitutes unfair business practices.  (*Id.* at 211-

213.)

     Here, Plaintiffs have in fact alleged with specificity all of the conduct which constitutes

unfair business practices.  As set forth in ***Committee on Children's Television, supra***, in response to

a Motion to Dismiss (in that case a demurrer) the question of a party's ability to prove these

allegations is not before the Court.  As a result, as in that case, this Court should find the pleadings

sufficient on the 10th cause of action for unfair business practices.

     B&P Code § 17200, *et seq.* prohibits any "unlawful, unfair or fraudulent business act or

practice" and any "unfair, deceptive, untrue or misleading advertising."  Unlawful business activity

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  includes anything that can properly be called a business practice and that at the same time is

2  forbidden by law. (*Committee on Children's Television, supra* at 209-210.)

3      An unfair practice occurs when it offends an established public policy or when the practice is

4  immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. (*Podolsky v.*

5  *First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647-648.) Another test in determining whether a

6  particular business practice is "unfair" involves an examination of its impact on its alleged victim,

7  balanced against the reasons, justifications and motives of the alleged wrongdoer. The Court weighs

8  the utility of Defendant's conduct against the gravity of the harm to the alleged victim. (*Id.*)

9  Violations of section 17200 need not be both fraudulent and unfair; the test under section 17200 is

10  that a practice merely be unfair. (*Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal.App.3d

11  432, 451.)

12      In support of its Motion to Dismiss Plaintiffs' Tenth Cause of Action, Defendant argues that

13  Plaintiffs failed to alleged any conduct by Century 21 that violates section 17200. Defendant further

14  argues that the First Amended Complaint does not specify the conduct Plaintiffs want the Court to

15  enjoin. Both of Defendant's arguments misconstrue the facts alleged in the First Amended

16  Complaint. The First Amended Complaint contains extensive factual contentions illustrating

17  Defendant's unfair or fraudulent business practices as discussed herein in section C above. The First

18  Amended Complaint properly pleads Plaintiffs' entitlement to restitution and injunctive relief.

19  Finally, Plaintiffs properly allege that unless and until enjoined and restrained by order of this Court,

20  Defendant will cause and continue to cause great and irreparable injury to Plaintiffs by failing to

21  fulfill its contractual obligations to safeguard its mark for the benefit of Plaintiffs, and its other

22  franchisees.

23      Based on the foregoing, Plaintiffs have alleged all necessary elements to maintain a claim for

24  unfair business practices under Business & Professions Code § 17200 *et seq.* and, therefore,

25  Defendant's Motion to Dismiss Plaintiffs' Tenth Cause of Action should be denied.

26  ///

27  ///

28

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6))    CASE NO. C0801408 RS**    23

**L.     PLAINTIFF'S ELEVENTH CAUSE OF ACTION FOR VIOLATION OF CORPORATIONS CODE § 31201 *ET SEQ.* SETS FORTH A VIABLE CLAIM**

**1.     Plaintiff's Cause Of Action Pleads The Fraudulent Misrepresentations Forming The Basis Of This Claim With The Requisite Specificity**

For all of the reasons set forth in response to Defendant's attacks on the rescission cause of action based on fraud and the fraud claim, the eleventh cause of action also alleges fraudulent misrepresentations with the necessary specificity.

**2.     The Statute Of Limitations Does Not Preclude This Claim**

In order to support a Motion to Dismiss, all of the facts necessary to establish the defense of statute of limitations must appear on the face of the pleading. Here, Plaintiffs have not alleged any facts showing they discovered Century 21's failure to take action more than one year prior to filing their Complaint on February 13, 2008. All paragraph 4 alleges, upon which Defendant relies, is that Plaintiffs are informed and believe and thereon allege that in or about July, 2006, Century 21 sued Su Casa and Ruby as well as its principals. The pleading does not allege that Plaintiffs were aware of the filing of such action at that time. As a result, the statute of limitations defense does not preclude the 11th cause of action as a matter of law. If the Court disagrees, Plaintiffs ask leave to amend.

**III.     CONCLUSION**

Defendant's arguments in its Motion to Dismiss each of the causes of action in the First Amended Complaint are replete with factual inaccuracies and misstatements of the law. Contrary to Defendant's assertions, Plaintiffs have alleged with the requisite specificity all facts necessary to support each of its causes of action in the First Amended Complaint. Further, "unwinding" the Parties' "relationship" in this matter is possible and not nearly as complex as Defendant implies, and Plaintiff gave prompt notice of rescission of the five Franchise Agreements and Guarantees specifically identified in the First Amended Complaint.

Based on the foregoing, Defendant's Motion to Dismiss should be denied in its entirety. Alternatively, in the event the Court grants Defendant's Motion to Dismiss as to any of the causes of action in the First Amended Complaint, Plaintiff should be permitted leave to amend as Defendants

/ / /

/ / /

Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

1  have not shown that granting leave to amend would be futile in this matter.

2  DATED:   June 18, 2008                    ROSSI, HAMERSLOUGH, REISCHL & CHUCK

3

4                                                      By _____
                                                            SUSAN R. REISCHL
5                                                          Attorneys for PLAINTIFFS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6))    CASE NO. C0801408 RS        25

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1960 The Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the documents described below:

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6))**

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

John Schwimmer, Esq.
Sussman Shank LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
(503) 227-1111
Fax: (503) 248-0130

Attorneys for Defendants

[ ]  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

[X]  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ]  (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s). The transmission was reported as complete and without error. A copy of the Facsimile Transmission Cover Sheet is attached hereto. A copy of the transmission report, which was properly issued by the transmitting facsimile machine, will be attached hereto after transmission.

[ ]  (BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully prepaid to be placed in the Federal Express office at San Jose, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on June 18, 2008 at San Jose, California.

ELENA AMARO

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
Ph (408) 261-4252
Fax (408) 261-4292