John A. Schwimmer (State Bar No. 109861)
johns@sussmanshank.com
Laurie R. Hager, (State Bar No. 212162)
laurie@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone   (503) 227-1111
Facsimile    (503) 248-0130

Attorneys for Defendant Century 21 Real Estate LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALPHA FACTORS, INC., a California corporation dba CENTURY 21 ALPHA FACTORS, INC.; EDWARD V. ZIMBRICK, individually,<br><br>          Plaintiff,<br><br>     v.<br><br>CENTURY 21 REAL ESTATE LLC, a Delaware limited liability company, and DOES 1 through 10 inclusive,<br><br>          Defendant. | **CASE NO. C0801408 RS**<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF (FRCP 12(b)(6))**<br><br>**Date:   July 9, 2008**<br>**Time:   9:30 a.m.**<br>**Place:   Courtroom 4** |

-i-

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ..................................................................................................**iii**

**INTRODUCTION** ......................................................................................................................**1**

  **Requests for Rescission**..........................................................................................**2**

  **Fraud** ........................................................................................................................**5**

  **Mistake** ....................................................................................................................**8**

  **Failure of Consideration/Frustration/Impracticability** .......................................**9**

  **Breach of Contract/Implied Covenant**................................................................**11**

  **Negligent Misrepresentation** ................................................................................**12**

  **Unfair Business Practices** .....................................................................................**12**

  **California Franchise Statute**................................................................................**13**

# TABLE OF AUTHORITIES

**Cases**

ACA Financial Guarantee Corp. v Advest, Inc., 512 F3d 46, 58 (1st Cir. 2008) ....... 11

Bancroft v. Woodward, 183 Cal. 99, 108 (1920) ........................................................ 4

Bank of America v. Pendergrass, 4 Cal.2d 258 (1935) ............................................ 7, 8

Bell Atlantic Corp. v. Twombly, 127 SCT 1955, 1965 (2007) ............................. 11, 14

Burger King v. Agad, 941 F.Supp. 1217, 1222 (N.D. Ga. 1996) ................................ 12

Carma Developers (California), Inc. v. Marathon Development California,
   2 Cal.4th 342, 374 (1992) ...................................................................................... 13

Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297-99 (5th Cir. 1997) ...... 12

Crocker-Angle National Bank v. Kuchman, 224 Cal.App.2d 490 (1964) .................... 9

Cutler v. Bowen, 10 Cal.App.2d 31, 34-35 (1935) ....................................................... 6

Donovan v. RRC Corp., 26 Cal.4th 261 (2001) .......................................................... 10

Estrada v. Alvaraz, 38 Cal.2d 386, 391 (1952) ............................................................ 4

Gestad v. Ellichman, 124 Cal.App.2d 831, 834-35 (1954) .......................................... 4

Goldstein v. Enoch, 248 Cal.App.2d 891, 959 (1967) ................................................. 6

Hedging Concepts v. First Alliance Mortgage Corp., 41 Cal.App.4th 1410,
   1421-22 (1996) ........................................................................................................ 9

In re Sizzler Restaurants International, Inc., 225 BR 466 (Bktcy. C.D. Cal. 1998) ... 12

Joshua Tree Townsite Co. v. Joshua Tree Land Co., 100 Cal.App.2d 590, 596
   (1950) ....................................................................................................................... 2

Leeper v. Beltrami, 53 Cal.2d 195, 211-12 (1959) ....................................................... 4

M.F. Kemper Kemper Construction Co. v. City of Los Angeles, 37 Cal.2d 696
   (1951) ..................................................................................................................... 10

Marketing West, Inc. v. Sanyo Fisher (USA), Corp., 6 Cal.App.4th 603, 612
   (1992) ....................................................................................................................... 8

Marvin v. Adams, 224 Cal.App.3d 956, 960 (1990) ..................................................... 6

SUSSMAN SHANK LLP

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

McKesson v. HBOC, Inc. v. New York State, etc., 339 F.3d 1087, 1096 (9th Cir. 2003) ............................................................................................................................. 3

O'Mary v. Mitsubishi Electronics America, 59 Cal.App.4th 563, 579 (1997) ............. 6

Papenfus v. Webb Products Co., 24 Cal.App.2d 599, 564-64 (1938) .......................... 3

People ex rel. Department of Corporations v. Speedee Oil Change Systems, 95 Cal.App.4th 709, 724 (2002) ..................................................................................... 15

Tarmann v. State Farm, 2 Cal.App.4th 153, 158 (1991) ............................................ 13

Universal By-Products, Inc. v. City of Modesto, 43 Cal.App.3d 145, 151 (1974) ....... 5

Vasco v. Mobil Oil Corp., 698 F.Supp. 102, 104 (D. Md. 1988) ............................... 12

Vaughn v. General Foods Corp., 797 F.2d 1403, 1413 (7th Cir. 1986) ..................... 13

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................ 12

Cal. Civ. Code § 1691 ................................................................................................. 3

Cal. Civil Code § 1691(b) ........................................................................................... 2

Cal. Code of Civ. Proc. § 1856(a) ........................................................................... 2, 6

Cal. Corp. Code § 31304 ........................................................................................... 13

-iv-

# INTRODUCTION

After this Court granted the motion of defendant Century 21 Real Estate, LLC ("Century 21") to dismiss the original complaint, plaintiffs Alpha Factors, Inc. ("Alpha") and Edward Zimbrick (collectively "Plaintiffs") filed the First Amended Complaint ("FAC"), which largely ignored and failed to cure many of the deficiencies identified in Century 21's original motion to dismiss. Now, in opposition to Century 21's motion to dismiss the FAC, Plaintiffs still ignore most of the defects identified in the moving papers. Instead, they primarily summarize the inadequate allegations of the FAC. That is not enough to defeat the motion to dismiss.

One of the fundamental defects of the FAC is Plaintiff's failure to adequately allege fraud. Plaintiffs merely allege that Century 21 made representations and then, many years later, acted contrary to those alleged representations. The FAC does not contain any allegation that the representations by Century 21 were false <u>at the time they were made</u> and that, at the time they were made, Century 21 intended for them to be false. Thus, the fraud claims fail. Such an allegation cannot plausibly be made where Plaintiffs contend that Century 21 initially made the representations at issue in 1993 and did not act contrary to those representations until more than ten years later.

Plaintiffs also fail to explain their wholly implausible contention that they are entitled to unwind a 15 year relationship, or even only six years of that relationship going back to 2002, because only two franchisees ("Other Franchisees"), out of the thousands of franchisees associated with Century 21, engaged in misconduct and were not terminated as quickly as Plaintiffs would have liked.[1]  Plaintiffs also wholly

---

[1] In the Opposition, Plaintiffs accuse Century 21 of "complicity" with the Other Franchisees. But the FAC contains no such allegation. Plaintiffs allege that the Other Franchisees engaged in substantial misconduct, but the only accusation made against Century 21 is that it failed to terminate the Other Franchisees sooner than Plaintiffs would have liked. And while the FAC does not expressly allege it,

-1-

fail to address the crucial provision in the Policy Manual that states unambiguously that Century 21 had the "option" to decide whether to terminate a franchisee in default. Plaintiffs have not alleged any facts or cited any legal authorities that permit them to assert claims that are entirely contradicted by this provision of the written agreements. Indeed, such claims are not permitted. (Cal. Code of Civ. Proc. § 1856(a).) Moreover, established case authority holds that Plaintiffs could not reasonably rely on alleged oral representations that contradicted the terms of the written agreement.

Plaintiffs have already had one opportunity to amend their complaint after evaluating Century 21's arguments. They have not corrected and cannot correct the numerous defects in the FAC. Therefore, this Court should grant Century 21's motion to dismiss without leave to amend.

**Requests for Rescission**

Plaintiffs contend they are seeking to unwind their relationship with Century 21 going back to 2002, not the inception of the relationship in 1993. This argument does not address the underlying problem that Plaintiffs have not demonstrated and cannot demonstrate how they could possibly restore to Century 21 all of the consideration that they received from the franchise relationship in the last six years. Restoration of such consideration is a condition to obtaining rescission. Cal. Civil Code § 1691(b); Joshua Tree Townsite Co. v. Joshua Tree Land Co., 100 Cal.App.2d 590, 596 (1950); Papenfus v. Webb Products Co., 24 Cal.App.2d 599, 564-64 (1938).

Plaintiffs' off-hand reference to an "accounting" cannot serve to restore to Century 21 the numerous intangible benefits that Plaintiffs concede they received from Century 21 under the franchise agreements, including training, marketing,

---

Plaintiffs cannot deny, consistent with FRCP 11, that Century 21 terminated the Other Franchisees nearly one year before Plaintiffs filed their complaint.

-2-

1  referral networks, and the value of the "Century 21" marks and goodwill.  (FAC, ¶¶
2  13, 18, 32.)  Where Plaintiffs have had a long-standing franchise relationship with
3  Century 21 that involved multiple transactions over a lengthy period of time, there is
4  as great or greater problems with "unscrambling the egg" as those faced in McKesson
5  v. HBOC, Inc. v. New York State, etc., 339 F.3d 1087, 1096 (9th Cir. 2003).

6       Plaintiffs argue that the value of consideration provided by Century 21 is the
7  royalties and other fees that they have paid.  (Opposition, 7:17-19.)  Plaintiffs fail to
8  mention that they have not paid royalties they owe under the Franchise Agreements
9  for nearly a year, and they have failed even to report their gross revenues as required
10 by the Franchise Agreements for many months.  In any event, if the value of
11 consideration to which Century 21 is entitled is the royalties and fees required by the
12 Franchise Agreements, it is entirely unclear what Plaintiffs believe they are entitled to
13 achieve by seeking rescission.

14      Plaintiffs also fail entirely even to attempt to address the legal authority that
15 establishes that they failed promptly to seek rescission.  Civ. Code § 1691.  Plaintiffs
16 admit that they were aware of the alleged issues of which they now complain "within
17 the last three years" and that Century 21 filed a lawsuit against the Other Franchisees
18 in July 2006, more than a year and a half before Plaintiffs filed this complaint.
19 California case law has held that rescission claims can be dismissed at the pleading
20 stage as a result of such unreasonable delays.  Leeper v. Beltrami, 53 Cal.2d 195,
21 211-12 (1959) (demurrer sustained where there was two year delay); Estrada v.
22 Alvaraz, 38 Cal.2d 386, 391 (1952) ("There have been many cases in which delays
23 for much shorter periods than a year have been held to be fatal to the right to
24 rescind."); Gestad v. Ellichman, 124 Cal.App.2d 831, 834-35 (1954) ("Absence of
25 explanation of delay may even cause a complaint for rescission to be demurrable.  A
26 delay of more than one month in serving notice of rescission requires explanation.
27 The diligence is required throughout and it applies as well to the time a person will be
28

-3-

1  held aware of his right to rescind as to the time he will be held to have discovered the
2  facts on which that right is based.") (citations omitted).

3      Plaintiffs cannot avoid dismissal of the rescission claims simply by contending
4  that they had not discovered their alleged grounds for rescission.  With respect to the
5  timeliness of a request for rescission, the California Supreme Court has held:

6      "It is well settled that where a party has knowledge of facts of a
7      character which would reasonably put him upon inquiry, and such
8      inquiry, if pursued, would have led to a discovery of the fraud or other
9      ground for rescission, he will be charged with having discovered the
10     fraud or other ground as of the time he should have discovered it, that is,
11     as of the time when he would have discovered it if he had with
12     reasonable diligence pursued the inquiry when he should have done so."
13 Bancroft v. Woodward, 183 Cal. 99, 108 (1920).

14     Plaintiffs admit that Century 21 filed suit against the Other Franchisees in July
15 2006, which is a public record, and that, prior to the lawsuit, complaints had been
16 made about the Other Franchisees.  (FAC, ¶¶ 2, 4.)  They also claim that the alleged
17 conduct of the Other Franchisees wholly destroyed the value of the Century 21
18 trademarks.  Such devastating impact from the alleged misconduct of the Other
19 Franchisees must have been known to Plaintiffs at least by the time Century 21 filed
20 suit in July 2006.  By any reasonable standard, Plaintiffs failed promptly to seek
21 rescission, and therefore each of their claims seeking rescission should be dismissed.

22     Plaintiffs contend they have adequately identified the agreements they want to
23 rescind by virtue of their allegation that, on or about September 8, 2002, they signed
24 five new written franchise agreements.  (FAC, ¶ 21.)  But there is no franchise
25 agreement dated September 8, 2002, and no agreement that Alpha signed on that date.
26 Century 21 never entered into five separate contracts with Plaintiffs on the same date.
27 To the contrary, contracts for the five different franchise locations operated by
28

-4-

Plaintiffs were entered into in different years, for different terms. Therefore, Plaintiffs' rescission claims are uncertain, and they should be dismissed.

**Fraud**

Plaintiffs' claims for rescission and damages based on fraud suffer from a fundamental defect - - Plaintiffs have not alleged an actionable misrepresentation. A fraudulent misrepresentation is not the same thing as a representation that, several years later, turns out not to be true. Plaintiffs' allegations that Century 21 made representations about its intent to enforce ethical standards and that, many years later, Century 21 did not immediately terminate the other Franchisees do not constitute a fraudulent misrepresentation.

To state a claim for fraud, Plaintiffs must allege that Century 21 made statements that were false <u>at the time they were made</u> and that Century 21 knew they were false when they were made. <u>Universal By-Products, Inc. v. City of Modesto</u>, 43 Cal.App.3d 145, 151 (1974) (essential allegation for fraud is that "representation or promise was false and that the defendant knew it to be false at the time it was made"); <u>Marvin v. Adams</u>, 224 Cal.App.3d 956, 960 (1990); <u>Goldstein v. Enoch</u>, 248 Cal.App.2d 891, 959 (1967). Because the alleged misrepresentations relate to Century 21's purported intent to terminate all defaulting franchisees, Plaintiffs must allege that, at the time Century 21 made the representations, it had no intention to terminate all defaulting franchisees. <u>Cutler v. Bowen</u>, 10 Cal.App.2d 31, 34-35 (1935) ("Ordinarily promises to be performed in the future, even though false, are not actionable. But if made with no intention of performing them the rule is different. In such cases, fraudulent intent at the time the promise is made is the gist of the action.") (citations omitted); <u>O'Mary v. Mitsubishi Electronics America</u>, 59 Cal.App.4th 563, 579 (1997).

-5-

The FAC contains no such allegation. Instead, it simply alleges in conclusory fashion that Century 21's representations were "false," <u>without specifying what was false about them</u>. (FAC, ¶ 34.) An allegation that Century 21 did not in fact hold the Other Franchisees to its high standards (¶ 34) is not the same thing as Century 21 never intending to do so when it allegedly made the promise.

The alleged misrepresentation that Century 21 would terminate all franchisees who violated the Policy Manual (FAC, ¶ 16; Opposition, 6:20-25) cannot support a fraud claim because those statements are inadmissible under the parol evidence rule. California Code of Civil Procedure Section 1856(a) states: "Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Thus, Plaintiffs may not introduce evidence of a representation that all defaulting franchisees would be terminated when the written agreements expressly provide that Century 21 had the option to decide whether it would terminate a defaulting franchisee.

Plaintiffs' allegations of fraud do not overcome this substantive rule of law. The California Supreme Court has held, "Our conception of the rule which permits parol evidence of fraud to establish the invalidity of the instrument is that it must tend to establish some independent fact or representation, some fraud in the procurement of the instrument or some breach of confidence concerning its use, <u>and not a promise directly at variance with the promise of the writing</u>." <u>Bank of America v. Pendergrass</u>, 4 Cal.2d 258 (1935) (emphasis added). The alleged representation that Century 21 would terminate all defaulting franchisees is directly at variance with the statement in the Policy Manual that defaulting franchisees could be terminated at Century 21's option.

Plaintiffs also have not alleged and cannot allege justifiable reliance. They concede that the Policy Manual states that Century 21 has the "option," not the

-6-

obligation, to terminate defaulting franchisees. Under those circumstances, Plaintiffs could not rely on the alleged representations that were contrary to the written agreements. The California Court of Appeal has held:

> "The court's ruling that appellants could not reasonably rely on these representations is correct <u>since the representations are contradicted by the existence of the integrated written agreements</u> providing that appellants could be terminated without cause. Respondent's alleged statements, which in essence are promises that the agreements were without meaning, are similar to a promise not to enforce a note made contemporaneous with the execution of a note containing a promise to pay the note on demand. The Supreme Court concluded testimony of such a promise could not be permitted because it would nullify the parol evidence rule. (<u>Bank of America, etc. Association v. Pendergrass</u>, supra, 4 Cal.2d 258, 263.)"

<u>Marketing West, Inc. v. Sanyo Fisher (USA), Corp.</u>, 6 Cal.App.4th 603, 612 (1992) (emphasis added).

Plaintiffs also ignore the defects in their allegations of proximate cause. The FAC simply recites proximate causation, without <u>any</u> supporting allegations. (FAC, ¶ 36.) Plaintiffs allege they have been damaged because the "Century 21" name became "stigmatized," but it is manifest that any such "stigma" was caused by the alleged misconduct of the Other Franchisees, not anything done by Century 21. (See FAC, ¶ 38.)

Plaintiffs have also failed to demonstrate that they have pleaded fraud with the necessary particularity. Plaintiffs allege great detail about purported representations made in 1993, but contend in the opposition that their lawsuit <u>is not based on these 1993 representations</u>. (FAC, ¶¶ 14-20; Opposition, 6:14-17.) With respect to the alleged misrepresentations on which the fraud claim is actually based, Plaintiffs

-7-

simply allege, "On or before September 8, 2002, in order to induce Century 21 Alpha to execute a new Franchise Agreement and to induce Edward Zimbrick to execute a new Guaranty, defendant Century 21's representative, Richard Bromley once again made the same representations and assurances previously set forth." (FAC, ¶ 19.) This general reference to multiple alleged representations made nine years earlier is insufficiently vague and imprecise to inform Century 21 of exactly what representations are the basis of the Plaintiffs' claim to rescind the 2002 agreements and when they were made.

Each of the arguments set forth above is independently sufficient to defeat Plaintiffs' fraud claims. The motion to dismiss should be granted.

**Mistake**

With respect to the claims based on mutual mistake and unilateral mistake, Plaintiffs entirely ignore the legal authorities and arguments set forth in the moving papers. Plaintiffs refuse to acknowledge that their own pleadings reveal that there was no mutual mistake because Plaintiffs contend that Century 21 had a <u>different</u> understanding than Plaintiff did. (FAC, ¶ 46) ("Defendant Century 21 was under the different belief that ….").

Plaintiffs never address that the written documents foreclosed the possibility of any reasonable mistake because those documents state expressly that Century 21 had the "option" to decide whether to terminate a defaulting franchisee. Plaintiffs cannot use the concept of "mistake" to try to change the terms of the written agreement or to rescind a contract based on conduct that conforms entirely to the terms of the written agreement.

Plaintiffs also fail even to attempt to address the legal authority holding that a "misunderstanding" concerning the meaning or interpretation of a contract cannot be the basis of rescission for "mistake." <u>Hedging Concepts v. First Alliance Mortgage</u>

-8-

Corp., 41 Cal.App.4th 1410, 1421-22 (1996). Plaintiffs do not dispute that, if their theory of "mistake" were accepted, any disagreement over the meaning of a contract would provide the basis for seeking rescission on the grounds of "mistake." There is no such law. The authorities that Plaintiffs do cite are irrelevant, as they involve mistakes about objective facts, such as the value of stock being purchased (Crocker-Angle National Bank v. Kuchman, 224 Cal.App.2d 490 (1964)), the calculation of an amount to bid for a contract (M.F. Kemper Kemper Construction Co. v. City of Los Angeles, 37 Cal.2d 696 (1951)), or an erroneous listing of an incorrect price (Donovan v. RRC Corp., 26 Cal.4th 261 (2001)). None of them involve a mistake about what actions a party intends to take in the future pursuant to an executory written contract, which is precisely the basis of Plaintiffs' claims of mistake here. (Opposition 19:17-20.) Plaintiffs' claims for rescission based on any type of "mistake" should be dismissed.

**Failure of Consideration/Frustration/Impracticability**

Plaintiffs concede that a contract can be rescinded for failure of consideration only if conduct renders performance of the contract impossible or frustrates the entire purpose of the contract. (Opposition, 16:18-19.) Yet Plaintiffs contend that the alleged misconduct of only two Other Franchisees, out of thousands of franchisees in the United States and more than a dozen in Plaintiffs' specific market, wholly destroyed the value of its franchise agreements with Century 21. They further contend that simply because they have alleged this conclusion, an issue of fact arises that requires denial of the motion.

This argument is fundamentally flawed because Plaintiffs have not alleged any failure of consideration. Plaintiffs do not dispute that Century 21 acted entirely consistent with the written agreement between the parties, which specified that Century 21 had the option to decide whether or not to terminate defaulting

-9-

franchisees. Behavior of a party that is entirely in accordance with the written contract cannot possibly support rescission based on failure of consideration, impossibility, or impracticability, as the parties already anticipated and accounted for the contingencies upon which Plaintiffs base their claim (namely, that Century 21 might choose not to terminate franchisees who otherwise defaulted under their separate franchise agreements).

Plaintiffs' claim also ignores that the Supreme Court recently revised the standard for motions to dismiss under FRCP 12 (b)(6). In <u>Bell Atlantic Corp. v. Twombly</u>, 127 SCT 1955, 1965 (2007), the Supreme Court held, "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." (Internal quotations and citations omitted). The First Circuit recently summarized that, under <u>Bell Atlantic</u>, to survive a motion to dismiss, a complaint must allege a "plausible entitlement to relief." <u>ACA Financial Guarantee Corp. v Advest, Inc.</u>, 512 F3d 46, 58 (1st Cir. 2008).

Plaintiffs' incantation of conclusory allegations is not sufficient to state a claim for relief. As a matter of common sense, it is simply not plausible and purely speculative that issues arising with respect to only two Other Franchisees could entirely destroy the value of the Century 21 mark. Plaintiffs' own conduct demonstrates the absurdity of this proposition, as Plaintiffs continued to operate as a Century 21 franchisee for more than eighteen months after Century 21 filed suit against the Other Franchisees before purporting to give notice of rescission. If Plaintiffs' theory were accepted, then any time a franchise system suffered from a single "bad" franchisee, then all other franchisees could allege that the value of the franchise had been destroyed and rescind their franchise agreements. This absurd conclusion is not the law and not plausible. Therefore, Plaintiffs' claims for

-10-

rescission based on failure of consideration, impossibility and impracticability should be dismissed.

**Breach of Contract/Implied Covenant**

Again, Plaintiffs do not even attempt to address the relevant authorities cited in the moving papers. Plaintiffs have not identified and cannot identify any contractual duty owed to them under their franchise agreements with respect to Century 21's exercise of business judgment in dealing with the Other Franchisees pursuant to contracts to which Plaintiffs were not a party.

Substantial case law holds that a franchisee may not invoke the implied covenant of good faith and fair dealing to second guess these type of business decisions made by a franchisor, even if those decisions have a negative impact on the franchisee's business. In re Sizzler Restaurants International, Inc., 225 BR 466 (Bktcy. C.D. Cal. 1998) ("This court declines to second-guess the result reached, as long as the decision-making process was honest or was within accepted commercial practices. [Citations.] Even if those decisions have a detrimental effect on the franchisees' businesses, a court should not second guess the franchisor's good faith business decisions."); Burger King v. Agad, 941 F.Supp. 1217, 1222 (N.D. Ga. 1996); Vasco v. Mobil Oil Corp., 698 F.Supp. 102, 104 (D. Md. 1988); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297-99 (5th Cir. 1997); Vaughn v. General Foods Corp., 797 F.2d 1403, 1413 (7th Cir. 1986).

A party also cannot resort to the implied covenant to imply an obligation that is addressed directly by the written documents. Carma Developers (California), Inc. v. Marathon Development California, 2 Cal.4th 342, 374 (1992). Plaintiffs cannot contend that the implied covenant imposed on Century 21 the mandatory duty to terminate all defaulting franchisees where the written documents expressly state that Century 21 had the option whether or not to terminate those franchisees.

-11-

**Negligent Misrepresentation**

Rather than addressing the specific controlling authority cited in the moving papers, Plaintiffs simply set forth general principles about negligent misrepresentation in their opposition. They cannot escape that their claim is based on a false promise, as the crux of Plaintiffs' grievance is that they were led to believe that Century 21 <u>in the future</u> would terminate defaulting franchisees and then, many years after making the representations, Century 21 did not do so with respect to the Other Franchisees. As set forth in the moving papers, there is no such thing in California as a claim for "negligent false promise." <u>Tarmann v. State Farm</u>, 2 Cal.App.4th 153, 158 (1991).

To avoid this fatal defect, Plaintiffs try to argue that Century 21 misrepresented in 2002 that it actively enforced its ethical standards, which was a statement related to "present action and conditions" rather than a promise about action in the future. (Opposition, 22:1-5.) But if the alleged misrepresentation related only to Century 21's "present action and conditions" in 2002 when the alleged misrepresentations were made, then Century 21's <u>subsequent</u> conduct with respect to the Other Franchisees several years later has nothing to do with the alleged misrepresentations or whether they were false at the time they were made. And there are no allegations that, in 2002, there was anything false about Century 21's alleged representations. Plaintiffs' efforts to argue inconsistent theories that only go in circles are not sufficient to defeat the motion to dismiss.

**Unfair Business Practices**

Because Plaintiffs' claims for unfair business practices are based on all of the preceding claims, this claim should be dismissed for all of the reasons set forth above.

In addition, while Plaintiffs provide a general explanation of the principles underlying Business & Professions Code Section 17200, they do not address the

-12-

defects in their own pleading. The FAC simply parrots the language of Section 17200, which is not sufficient under Bell Atlantic, supra. It does not specify if Plaintiff's claims are based on the alleged conduct being unlawful, unfair or fraudulent. It does not specify what injunctive relief Plaintiffs seek. Especially in light of the enhanced standard on a motion to dismiss under Bell Atlantic, this claim should be dismissed.

**California Franchise Statute**

On the face of the FAC, the statute of limitations set forth in Corporations Code Section 31304 clearly bars Plaintiffs' claims based on the California franchise statutes. The maximum limitations period for violation of Corporations Code Section 31201 is two years after the alleged violation. See Cal. Corp. Code § 31304. This two year limit is absolute and is not subject to tolling based on delayed discovery. People ex rel. Department of Corporations v. Speedee Oil Change Systems, 95 Cal.App.4th 709, 724 (2002).

Corporations Code Section 31201 forbids the sale of a franchise based on fraudulent misrepresentations or omissions. Plaintiffs allege that Century 21 made the misrepresentations in 2002 in connection with the renewal of the Franchise Agreements. (FAC, ¶ 19.) The original complaint was not filed until February 2008, approximately six years after the alleged misrepresentations were made. As a result, the claim under the California franchise laws was brought many years after the limitations period had expired, and this claim must be dismissed.

SUSSMAN SHANK LLP


By  */s/ John A. Schwimmer*
    John A. Schwimmer
    Laurie R. Hager
    Attorneys for Defendant Century 21 Real Estate, LLC

-13-